# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### Nashville DIVISION

RECEIVED
IN CLERK'S OFFICE

MAR 3 1 2016

U. S. DISTRICT COURT
MID. DIST. TENN.

| | |
|---|---|
| Anant Kumar Tripati ____ )<br>(Name) )<br>102081 ____ , )<br>(Prison Id. No.) )<br> )<br>_____ , )<br>(Name) )<br>_____ )<br>(Prison Id. No.) )<br> )<br>Plaintiff(s) )<br> )<br>v. )<br> )<br>Corizon Inc. ____ , )<br>(Name) c/o General )<br>Dr. Calvin Johnson counsel Corizon )<br>(Name) 103 W. Park Dr. #200 Inc.)<br>Brentwood, TN 37027 )<br>Defendant(s) ) | **(List the names of all the plaintiffs filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.)**<br><br>Civil Action No. 16 — CV — 0076<br>*(To be assigned by the Clerk's Office. Do not write in this space.)*<br><br>JURY TRIAL REQUESTED ✓ YES ___NO<br><br>*(List the names of all defendants against whom you are filing this lawsuit. Do you use "et al." Attach additional sheets if necessary.)*<br>Judge TRAUGER |

First Amended
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS FILED
## PURSUANT TO 42 U.S.C. § 1983

I.   **PARTIES TO THIS LAWSUIT**

    A.   Plaintiff(s) bringing this lawsuit:

        1.   Name of the first plaintiff: Anant Kumar Tripati
        Prison I.D. No. of the first plaintiff: 102081
        Address of the first plaintiff: Aspc Tucson, Manzanita Unit C-14
        P.O. Box 24401 Tucson Arizona 85734-4401

        Status of Plaintiff: CONVICTED (✓)    PRETRIAL DETAINEE (___)

        2.   Name of the second plaintiff: _____
        Prison I.D. No. of the second plaintiff: _____
        Address of the second plaintiff: _____
        _____

        Status of Plaintiff: CONVICTED (___)    PRETRIAL DETAINEE (___)

Revised 11/2014

(A

Policy makers in Brentwood who give directives and who implement directives.

3) B. Anderson Flatt c/o General Counsel, Corizon Inc. 103 W. Park Dr. #200 Brentwood, TN 37027

4) Tracy Nolan (c/o General Counsel) Corizon Inc. 103 W. Park Dr. #200 Brentwood, TN 37027

5) Jonathan Walker (c/o General Counsel) Corizon Inc. 103 W. Park Dr. #200 Brentwood, TN 37027

6) Dr. Woodrow Meyers (c/o General Counsel) Corizon Inc. 103 W. Park Dr. #200 Brentwood, TN. 37027

7) Karey Witty (c/o General Counsel) Corizon Inc. 103 W. Park Dr. #200 Brentwood, TN. 37027

8) Dr. Harold Orr (c/o General Counsel) Corizon Inc. 103 W. Park Dr. #200 Brentwood, TN. 37027

9) Scott Bowers (c/o General Counsel) Corizon Inc. 103 W. Park Dr. #200 Brentwood, TN. 37027

10) Dr. Lucy Burciaga Corizon Inc. Box 24400 Tucson, Az 85734

11) Angela Martinez R.N. Corizon Nursing Supervisor, Corizon Inc. Box 24400 Tucson, Arizona 85734

12) Tamara Porter (R.N. Corizon Facility Administrator) Corizon Inc. Box 24400 Tucson, Arizona 85734

13) Lisa Lyon (R.N. Administrator) Corizon Inc. Box 24400 Tucson, Arizona 85734

Persons who Enforce directives in Arizona

14) Glen Pacheco, Policy maker P.O. Box 24400 Tucson, Az 85734

15) Martena Bedoya Policy maker P.O. Box 24400 Tucson, Az 85734

16) Michelle Frame P.O. Box 24400 Tucson, Az 85734

17) Pahann Days Policymaker P.O. Box 24400 Tucson, Az 85734

18) Anna Jacobs P.O. Box 24400 Tucson, Az 85734

19) Dr. David Robertson 1601 W. Jefferson, Phoenix, Az 85007

20) Charles L. Ryan 1601 W. Jefferson, Phoenix, Az 85007

21) Julia Erwin 1601 W. Jefferson 1601 W. Jefferson, Phoenix, Az 85007

22) Juliette Respicio-Moriarty 1601 W. Jefferson, Phoenix, Az 85007

23) Cheryl Dossett 1601 W. Jefferson, Phoenix, Az 85007

24) Daryl Johnson 1601 W. Jefferson, Phoenix, Az 85007

25) Elizabeth Valencia 1601 W. Jefferson, Phoenix, Az 85007

26) Sylvia Matthews Burwell U.S. Dept. Health Human Services 200 Independence Ave. SW Washington D.C. 20001

27) Does 1-100, employees and agents unknown

28) Defendants, and each of them have also acted under color of state law also;

29) Sued Individually and Officially

30) Debra Han policy maker - ASPC Manzanita P.O. Box 24401 Tucson, Az 85734-2440

31) Insurance companies one to ten that insured Defendants.

*(Include the name of the institution and mailing address with zip code for each plaintiff. If any plaintiff changes his or her address, he or she must notify the Court immediately. If there are more than two plaintiffs, list their names, prison identification numbers, and addresses on a separate sheet of paper.)*

B. Defendant(s) against whom this lawsuit is being brought:

1. Name of the first defendant: Corizon Incorporated

   Place of employment of the first defendant: ADOC 1601 West Jefferson, Phoenix Arizona 85007

   First defendant's address: Corizon Inc., Corp. office, 103 W. Park Drive #200, Brentwood, TN. 37027

   Named in official capacity?    X Yes         ___No
   Named in individual capacity?  X Yes         ___No

2. Name of the second defendant: Dr. Calvin Johnson

   Place of employment of the second defendant: Corizon Inc. 103 W. Park Drive #200 Brentwood, TN 37027

   Second defendant's address: Corizon Inc. 103 W. Park Drive #200 Brentwood, TN, 37027

   Named in official capacity?    X Yes         ___No
   Named in individual capacity?  X Yes         ___No

*(If there are more than two defendants against whom you are bringing this lawsuit, you must list on a separate sheet of paper the name of each additional defendant, his or her place of employment, address, and the capacity in which you are suing that defendant. If you do not provide the names of such additional defendants, they will not be included in your lawsuit. If you do not provide each defendant's proper name, place of employment, and address, the Clerk will be unable to serve that defendant should process issue.)*

## II.    JURISDICTION

A. Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (applies to state prisoners). ADA Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(a)(3). 1) 42 USC 1985 Arizona and Tennessee Constitutions 42 USC 1986, Tennessee Longarm statute.

If you wish to assert jurisdiction under different or additional statutes, you may list them below: 2) Diversity of citizenship, I am a British citizen, the defendants from Arizona and Tennessee. 28 USC 1332. The amount in controversy less costs, penalty and intrest exceeds $250,000. 3) Pursuant to Selby v. Caruso No. 13-1241 (6th Cir, Oct. 31, 2013) As the conduct is continuing the claims are not time barred. 4) most of these events have been directed by Corizon, defendants from Brentwood, Tennessee (Para. 1 to 76, 92, 93, 47) of the 99 acts. 5) Arizona defendants chose to do bussiness with Corizon in Tennessee voluntarily hence, they voluntarily consent to the Jurisdictions of this District.

III. **PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)**

A. Have you or any of the other plaintiffs in this lawsuit filed any other lawsuit(s) in the United States District Court for the Middle District of Tennessee, or in any other federal or state court? ✓Yes ___No

B. If you checked the box marked "Yes" above, provide the following information:

1. Parties to the previous lawsuit:

   Plaintiffs  Anant Kumar Tripati

   Defendants  Corizon Incorporated

2. In what court did you file the previous lawsuit? United States District Court.
   (If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.)

3. What was the case number of the previous lawsuit? CIV 13-0615

4. What was the Judge's name to whom the case was assigned? Judge David Bury

5. What type of case was it (for example, habeas corpus or civil rights action)? Civil Rights

6. When did you file the previous lawsuit? (Provide the year, if you do not know the exact date.) 2013

7. What was the result of the previous lawsuit? For example, was the case dismissed or appealed, or is it still pending? Still Pending For Appeal

8. When was the previous lawsuit decided by the court? (Provide the year, if you do not know the exact date.) 2015

9. Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit? ___Yes X No The Prior Lawsuit involved conduct prior to July 2013.
   *(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)* I have filed more than three cases, my records have been lost by Arizona Dept. of corrections.

## Facts common to All counts

C1: These pages are included by reference in every count.

1. What Dr. Calvin Johnson, B. Anderson Zlatt, Tracy Nolan, Jonathan Walker, Dr. Woodrow Myers, Karey Whitty, Dr. Harold Orr, Scott Bowers DO

C-2) They form policies of corizon and send orders by E-mails that all corizon employee's must look at the bottom line, Deny, Delay, Defer treatment as long as possible.

C-3) It is their defacto policy that the profits made by delaying, denying, defering, health care for serious medical needs, does far out weigh the monies spent defending litigations by prisoners.

C-4) Through prior litigation against corizon, and cancellation of corizon contracts, they are aware that corizon does not provide treatment that meets constitutional standards

C-5) These practices are the motivating factor of this complaint.

### What Burciaga and Porter do;

C-6) Porter is one of corizon's administrators. For none medical reasons she has health care providers change orders.

C-7) Burciaga as medical Director changes Doctors orders for none medical reasons.



## Prior Litigations and Angela Martinez ;

C-11) Joseph L. Scott Conlon, a lawyer for Corizon obtained a criminal investigators report, and that report found that I did not have the ability to forge a memo authored by a Dr. Boulware.

C-12) That memo was given to me by Cristol Shuler, a former Corizon nursing supervisor (see Declaration of Dshonte Johnson, attached). He After being made aware that I had no ability to forge the document, used as evidence. He asked the Judge to find I forged that document.

C-13) Judge David Bury did not make that finding.

C-14) The Judge refused to enter Judgement by default against Corizon.

C-15) Angela Martinez A former Corizon nursing supervisor forged a second document that had my signature.

C-16) Defendants covered this up.

## Charles Ryan And Delegation of Authority ;

C-17) Charles Ryan has delegated his authority to these defendants.

C-18) This Delegation is limited to that provided for in the following technical manuals, health services, grievances, deputy warden, diet, food services, legal access, property, mail, employee discipline, criminal investigations, procurement, classifications, inmate discipline, inmate litigation, legal services, risk management cell phone.

C-19) Valencia, Erwin, Dossett, Respicio-Moriarty, Lyon, Bedoya, Pachecho, Davis, than Jacobs, Robertson, have the duty to see that the delegation in these technical manuals are not exceeded.

C-20) They breached that duty thereby causing the violations in this complaint.

## The Discovery In Tripati V Hale ET, AL

C-21) On        I recieved from the ADOC through counsel for Wexford information reports and other files and they support the facts

4-A3

In paragraphs 77 to 99

C-22 On 3/13/16 Corizon admitted it destroyed my medical records for the
period of April 2014 through December 31, 2015 by Omission See ATT C-23) Paul Edward
Carter, Kelly Jean Morrissey, Susanna Pineda, Michael O'toole, Michael Brodsky,
James Morrow, Lawyers for ADOC defendants concealed Evidence with knowledge and
consent of ADOC defendants. C-24) Each and every action in this complaint violates
the delegations provided for in the technical manuals in C-18.

Violations Of The Duty To Protect For Financial Reasons

C-25 Corizon does not have sufficient Heathcare Providers and nurses and defen
dants know this, thereby Acting with Deliberate Indifference to my serious
medical needs by not timely providing me with the necessary care, treatment,
Followups for my serious medical needs. ADOC and Corizon Defendants are aware
of this and refuse to do anything for Financial Reasons. C-26 Ryan does not
have a sufficient number of Correctional Officers thereby closing the Unit
most of the time, causing Fights, tensions amongest inmates, shutting down
legal access, education, Recreation, As a Direct Result of this failure he
is violating his Duty to protect inmates are being killed, beaten up, bullied,
because of this lack of sufficient staffing. Defendants are acting with
Deliberate Indifference of there Duty to protect by this short staffing.
ADOC Defendants have knowledge of this fact then Refuse to do anything
for Financial Reasons. The number of nurses, nurse practiceners, doctors, who
leave Corizon is overwhelming. This is because Corizon wants them to change
orders that deny treatment for none medical reasons.

C-27) Han not exercising her discretion by engaging in balancing of factors
has refused to process complaints against her supervisors, covering up for them.
Preventing me from viewing discovery, trying to impeding right of access,
HAN REFUSES TO Accept Rule 16 Scheduling
ORDERS AS PROOF OF COURT IMPOSED DEADLINES, DOING
ALL POSSIBLE TO ENSURE THESE DEADLINES ARE NOT MET

2. What was the response of the authorities who run the detention facility?_____

_____

_____

J. If you checked the box marked "No" in question IV.H above, explain why not. _____

_____

_____

_____

## V. CAUSE OF ACTION

Briefly explain which of your constitutional rights were violated: Violation of 42 USC 1983 (Count 1) Arizona Constitution (Count II) Tennessee (count II) Negligence under Arizona, Tennessee laws (Count IV) Affordable care act (Count V) medical malpractice

Arizona and Tennessee Laws (Count VI) 42 USC 1985 (Count VII)

Conspiracy (Count VIII) 42 USC 1986 (IX) declaratory

relief (Count X) ADA (Count XI)

## VI. STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ inch x 11 inch paper. Write on one side only, and leave a 1-inch margin on all 4 sides. THIS COMPLAINT DEALS WITH EVENTS POST JULY 23rd, 2013 BY CORIZON AND EVENTS BY MORE WHICH ARE CONTINUING TO DATE. Policy of deliberate indifference to Serious medical needs. (1) Effective July 23rd 2013 and continuing to date these defendants have engaged in the conduct in the complaint. In Cir 13-0615 I alleged the conduct from April 2013 to May 2013. That action was dismissed with prejudice as a sanction and I have filed a notice of appeal. (2a) Flatt, Nolen, Walker, Myers, Witty, Orr, Bowers, and Does as policymakers of Corizon from Brentwood, designed, established, formed, promulgated, ratified the policies of Corizon. They have been communicated nationwide by Corizon through mail, and E-mail from Brentwood. (2b) Corizon employees inform me that as implemented, Corizon is keen in doing all necessary to deny healthcare for serious medical needs, and they encourage care be delayed, denied, defferred to make a profit. (2c) Corizon has made the analysis that the cost benefit of it's practice as discussed will result in deaths, permanent injury, litigation. The claims awards paid at the end is far less than the profits. This fact is evident by litigation and cancellation of Corizon contracts, all of which assert denial, delay of health care for serious medical needs.

_____



## The Exhibits

(2C1) The following documents are an intergral part of the allegations in this complaint and included by reference as if fully incorporated in the complaint

(2C1A) Soap dated (10·15·15, 10·13·15 10·13·15) These show that Corizon has destroyed my records and defendants covered this up. I have a minimum of three nursing contacts daily. This shows there is no such record. L. Lyons covered this up.

(2C1b) Grievances dated (9·15·09, 12·30·08) showing defendants previously lost my records

(2C1C) Declaration dated (4·30·6) showing Corizon nursing supervisor Cristol Shuler gave me the Boilware Memo.

(2C1D) Refusal dated (4·7·15) showing I signed it at 1405, Martinez at 1440 states she saw me sign that. She did not. She then writes "all medicare" "diet" I did not write this and defendants covered this up

(2C1E) Letter dated (2·23·15) directing me I no longer need to grieve medical appointments, change of medication, Pain medication medical tests and medical diet.



(2C1F) Corizon's chief Clinical Officer on (8.28.14) issued order that on (1.22.15) the ADOC states is being followed. Martinez cancelled the order. She is not a HealthCare Provider. Other defendants refuse to direct it to be followed although corizons Dr Bonnie Goodman, NP Catalino Provider Danp and NP William Holden issued them

(2C1G) (8.18.15) order that I can not get a vegatarian diet that comports to my Hindu Religious tenets as long as I on a medical diet

(2C1H) (2.4.16) order that people who sign documents will not print their names.

(2C1I) (10.29.15) Refusal

(2C1J) Special Needs Order

(2C1K) memos dated (9.2.08), (11.24.98), (1.18.2000) (3.29.06), (10.24.06) (8.3.09) (5.8.06). This is the reason why defendants from four locations destroyed "original records" on me. These original records showed their legal department Employees and members of the Liability management Division of the Attorney General office falsified evidence to prevail in the litigation that is referenced in this memos

(2d) Corizon hires those that are new, those that cannot get a job elsewhere, those that are elderly, those that are in financial situations that they need money, and so they do whatever Corizon wants.

(2e) These policies as implemented do provide for acting with deliberate indifference to serious medical needs, denying, delaying, deferring medical care, denying that medication which is effective, changing providers orders, all for non-medical reasons.

③ During litigations Corizon conceals this evidence, this is in line with what ADOC does in litigation.

④ Ryan, Robertson were aware of these policies of Corizon through public records. However as Corizon's policies are same as Ryan's policies, Ryan entered into a contract with them to provide healthcare for example, Ryan racially segregates prisoners and fought it in Federal court. Finally he stipulated to integration Ryan publicly stated State cannot afford healthcare. Finally he stipulated in Parsons v. Ryan. Though the affordable care act discourages tobacco, Ryan sells them for a profit.

⑤ Washington County jail Oregon cancelled contract with Corizon for these policy reasons

⑥ Heap v. Wortham CV14-00105 USDCT Oregon settled to prevent disclosure of these policies.

⑦ Corizon paid $602,000 to William Bown in Bown v Reinke USDCT Idaho to prevent disclosure of these policies

⑧ New York City cancelled a 400 million contract with Corizon due to these policies.

⑨ Maine, Maryland, Minnesota, Pennsylvania cancelled more

than 2 billion in contracts due to these policies.

⑩ As of August 31, 2015 Allegheny County Jail cancelled a 32 million Corizon contract due to these policies.

⑪ Corizon and ADOC shop for providers and change them at critical times to disrupt continuing of care and issue orders that are adverse to inmates, but save money for Corizon. Instructions from Brentwood; Brentwood by e-mail and phone calls I have been told advised Corizon staff to follow the policy of "Deliberate Indifference to serious medical needs in paragraphs 2 through 4.

## Corizon Staff in Arizona

⑫ Martinez, Burciaga, Porter, Lyon and "Does" aware of their obligations not to delay, deny, defer medical care for serious medical needs, have done so upon directives of those in paragraph 2

## How am I affected

⑬ Beginning July 23rd, 2013 and continuing to date I have been denied treatment for my serious medical needs. I have had High Blood Pressure with a consistency. My Blood Pressure is Very High at night. It is erratic. Very low in the morning.

⑭ I am hypoglycemic, I have been in the hospital 5 times nearly dead and have had 40 prison medical emergencies with low Blood sugar, Low Blood Pressure. As a Hindu I EAT NO meat. Defendants have determined I have allergies to soy, wheat, dairy, beans, nuts, glutten, I have High Blood Pressure, which can only be cured by No salt.

⑮ I have been falling down and having other medical complications.

⑯ I eat only Oatmeal three times a day. Oatmeal has salt as a preservative.

⑰ Because of the policies of Corizon and directives by those in paragraph #2, Martinez, Burciaga, Porter, Lyon, Bedoya, Pacheco, Days, Robertson, Ryan, Respicio-Moriarty, Dossett, and Does have refused to order a "NO SALT" or "NO pre-processed food" diet that conforms to my Religious Beliefs and is free of soy, wheat, dairy, nuts, Glutten, and salt, though they have the authority to. They state they use the SQL food processor Analysis from ESHA Corporation Salem Oregon to make the menus. However this analysis does not take into account situations that are similar to mine.

⑱ They advise me that pursuant to their policies I must eat a "low salt" diet aware that I am on "low salt diet" with the oatmeal.

⑲ Irwin has refused to let me make copies of legal documents regarding this matter. She directed her staff not to allow me to send legal mail or receive legal supplies violating ADOC policy.

⑳ Frame and Jacobs have refused to allow me to receive 3 medical text books in order that I may find out what other course of treatment is available to me. They in violation of STATE law determined Amazon is not an approved vendor, returning my law books.

㉑ Martinez forged a "refusal" bearing my signature and those in 17 covered it up. SEE ATTACHED

㉒ The Nurse Practioners treating me are not specialists. They refuse to have me examined by Neurologists, endocrinologists, pain management, allergists and podiatrists for my medical complications.

㉓ Our curent Nurse Practioner does not know that as I am on Prednisone, My immune system is suppressed and as such my blood sugar readings shall not be accurate

㉔ Tucson has one of the finest medical universities. However Corizon shops for those who are in private practice, those in

Need of money and who will do their bidding.

(25a) I was sent to see a Nephrologist, Dr. Masood in dire need of money. Due to the bussiness he receives from Corizon, he advised me he is not free to enter an order that I get a "No salt" diet for my consistent high blood pressure and related complications.

(25b) On February 16th 2016, After 35 months I finally was sent to see a Neurologist, an elderly very polite gentleman at Valley Neurologists in Casa Grande. He advised me that at his age he does not believe these modern day young doctors know how to diagnose people and that they give to much medication, so he was going to overturn the diagnosis by two specialists at Neurodiagnostics and wanted me to just put up with the pain I am going through. According to him if he personally cannot see anything, he intends taking no action. He refused to do an EMI that other specialists did.

(26) I am in the custody of Ryan who has delegated his authority in accordance with the limitations in what has been called "Technical Manuals". The actions taken by Defendants violate the medical, grievances, legal access, criminal investigations, food services, procurement, property, classifications, inmate discipline, inmate litigation, legal services, employee discipline, risk management cell phone technical manuall.

(27) I went to see a neurologist who ordered I see a Endocrinologist, as my memory issues are possibly sugar related. Corizon failed to process the order. The nurse practioner informed me that she shall not provide me the diet for my allergies that the chief clinical officer of Corizon approved, though I am feeling very sick with the Renal Diet as it has salt in it. One cannot feel or see shakes and tremors until they happen.

28) Beginning July 23rd, 2013 I am being provided medication, gabapentin, senna, zyrtec, plavix, omeraerazole, doxazosin, finnasteri, asperin, flo-nase, clonodine, prednisone, for my neuropathy, urology, and other medical conditions.

29) I am unable to walk without substantial pain, have problems sleeping, problems urinating, have shakes, have tremors, have severe allergies, am falling.

30) The medication that I am being given is ineffective to treat my serious medical needs and my condition is getting worse, I think they need to be changed or their dosages need to be adjusted.

31) For non-medical reasons I am being denied examination by specialists though providers have requested.

32) My condition is so bad that I am being held in a unit that provides home health care.

33) Because of the policies by those in paragraph 2, defendants Martinez, Burciaga, Porter, Lyon, Bedoya, Robertson, Does, Ryan, Respicio-Moriarty, Valencia have refused to have me receive effective medications and be seen by specialists though they have the authority to do so, they refuse due to non-medical reasons.

34) Corizon has a well documented history of not providing care that meets community standards. This is evident by the number of complaints.

35) Erwin, Dossett, and Frame have refused to allow me to recieve the texts so that I know what proper treatment should be.

36) Defendants have acted with and continue to act with deliberate indifference to my serious medical needs.

37) I am in the custody of Charles L. Ryan and he has delegated his authority setting forth how his authority is to be exercised. (Go to page 6)

38) Pacheco, Bedoya, Days, Jacobs, Robertson, Valencia, Respicio — Moristory Dossets, Don Escia of Jason that included Erwin

~~Moriarty~~, ~~Dossett~~, have the duty to make sure the delegation is not exceeded.

(39) Technical manuals provide how this delegation is to be exercised.

(40) Chapter 7 section 1.8.1.1 of the medical technical manual reads "the provider of record may request a clinical staffing by a written request to the FHA."

(41) Neither Tammy Porter nor any defendants named have been my provider of record.

(42) As retaliation for my insisting I receive the care that will manage my condition and the special needs items ordered, Lyons, Porter, Pachecho, Bedoya, Martinez held a clinical staffing.

(43) Porter and Burciaga then in violation of the technical manual cancelled the orders,

(44) Under the technical manual they had no reason to do this because the provider of record made no request. My special needs orders were for duration. (Go to page F)

(45) For my serious medical needs health care providers have with a consistancy issued orders in the form of permanent special needs orders.

(46) I am 62 years old with severe neuropathy and have a bottom bunk order.

(47) For my acid reflux I have a bed wedge and a bed wedge order.

(48) To soak my feet to relieve pain I cannot walk wearing boots or deck shoes due to neuropathy. Providers since 1993 have given me special needs orders for tennis shoes to releive my pain. When I asked Corizon to purchase tennis shoes for me cause of the money

they canceled the order because my tennis shoes have hard plastic sticking out piercing my feet.

(49) I have other similar orders

(50) ADOC lost my mattress for Neuropathy pain. When I asked them to replace it Pacheco, Bedoya, Lyon, Burciaga, Porter, threatened me and refused to replace that mattress. I am in great deal of pain.

(51) As I have substantial pain in my testicles I have an order for cotton boxer briefs. When I asked that I be given more briefs, those in 49 refused to replace it, I am in great deal of pain.

(52) I get foot sores when I wear nylon socks, when I asked for more socks those in 49 refused, I now am wearing cotton socks with holes.

(53) Defendants did this for non-medical reasons due to the money it takes to replace these.

(54) Defendants failed to excercise the necessary skills, learning, experience expected of prudent health care providers in same or similar circumstances in the local community.

(55) They profess to be specialists with the same degree and skill as those who based on their specialized board certification, learning and experience diagnosed and gave me the meds that managed my condition.

(56) As a direct and proximate cause of defendants actions in paragraphs 1 through 17 breach of contract and negligence I have been injured and continue to suffer unwanted pain and suffering.

(57) Johnson, Flatt, Nolan, Walker, Myers, Witty, Day, Bowers, and Corizon receive payment from the affordable Care Act and tax as well as other federal Benefits to provide health care that comports to constitutional standards.

(58) To obtain those benefits they have represented through application returns and corporate documents that they are providing care that comports to constitutional standards.

(59) I paid Corizon money to provide me health care for my serious medical needs in this complaint which I did not receive.

(60) Corizon and defendants, the representations in this complaint which they knew were false and had no reasonable basis for for beleiving they were true, they did so with the intent to induce the executation of the contracts to provide healthcare, which contract became the vehicle to defraud.

(61) Defendants retained the monies they received on the contracts without offering the mandatory.

(62) In every contract or agreement there is an implied promise of goodfaith and fair dealing. This means defendants are to provide the agreed upon service.

(63) Defendants had a meeting of the minds when they put in place the Corizon policies, practices, customs and traditions referred to in this complaint. The scheme provides for denying/delaying medical care to inmates so as to save money for Corizon.

(64) As a shield, Corizon uses other physicians, who are not familiar with inmates medical records, who are not board certified specialists, to deny medical care for serious medical records, thereby recieving bonuses. When sued these physicians give cover to Corizon.

(65) Each and every defendant's individual acts in this complaint and conspiricies were intended to, and did costitute violations of the 8th ammendment.

(66) Each and every defendant acted with deliberate indifference to serious medical needs inflicting upon me unwanted pain and

(5J)

suffering as I describe.

(67) Days in writing approved for me to use library computers for my Phd.

(68) For no valid reason and upon the request of Erwin, as I have demanded, I receive care that is necessary for my serious medical needs Days directed staff not to allow me the use of these computers.

(69) E-mails to and from defendants named in this complaint, show that what defendants tell the court they have done and are doing is in direct contradictions to the contents of those E-mails.

(70) These E-mails show a deliberate agreement to deny treatment for serious medical needs for non-medical reasons.

(71) These E-mails show a deliberate decision to conceal records that show defendants deciding to act with deliberate indifference.

(72) Equitable relief arises in this case from the conduct of these defendants that are reflected in these E-mails, menus, thier written words, positive acts, opinions, declarations, grievance, responses, settlements, adverse court decisions.

(73) The court decisions show Corizon has a policy of deliberate indifference also show ADOC has such a policy.

(74) Each and every defendant intentionally has been deliberatley indifferent to the law and the authority deligated to them by Charles Ryan.

(75) Ryan aware that they have been deliberatley indifferent has refused to do anything to remedy their action in excess of their delegated authority.

(76) Despite my showing that defendants have acted with deliberate indifference to my serious medical needs and religious tenets, defendants refused to take corrective action.

The Disclosure in 2016

(77) In 2016 I received from the ADOC evidence that defendants

and their lawyers Paul Edward Carter, Kelly Joan Morrissen, Michael Brudsky concealed from me in various litigation and evidence that I have always stated existed.

(78) These include "classification records, disciplinary records and reports, shift supervisors serious incident report forms, files and all other related documents."

(79) They do NOT include E-mails.

(80) These documents go back to 1999 and refer to conversations, E-mails and faxes from Carter, Brodsky, Copple, Morrisey with Karyn Klausner, Kelly Dudley and others.

(81) I have been in the custody of Arizona since June 24th, 1992. As I am not a member of any gang, am not involved in drugs etc., and do not "talk" prison employees have the tendency to provide me with confidential information about misconduct. These documents I received speak of this

(82a) As of this date I have only received E-mails to and from Wexford. I have not got E-mails to and from Corizon and to and from ADOC and their employees.

(82b) I have read E-mails from Angela Martinez about me stating as I have complained about Corizon not providing me proper care, Corizon will not comply with the order by Ryan in appeal C14-119 01X. Tammy Porter, Dr. Lucy Burciaga, Marlene Bedoya, Juliet Respicio-Morarity, Cheryl Dossett and others refused to do anything

(82c) Tammy Porter of Corizon sent E-mails that overturned the order of the Chief Clinical office of Corizon about me. Corizon and defendants refused to do anything.

(82D) I have read E-mails by Anna Jacobs, Marlene Bedoya, Daryl Johnson, Julia Erwin by orders of Carter and others about me.

They clearly state in no uncertain terms they do not care what Federal Judges state, what Judge Willian O'Neil stated, or what the policy and law is. They state Paul Carter, Michael Brodsky, Kelly Morrisey, Susanna Pineda have directed them to single me out. They state Prison life is to be made as difficult as possible for me. They state I am not to be given the same privileges as all inmates as provided for by their policies, prevent from sending out legal mail, receiving legal supplies and legal copies. They have done just that. They state their goal is to to shut me out of court by orders of Carter, Brodsky, Cheryl Dossett, and ADOC executive and legal service staff.

82e) I have severe ear ache and the provider gave me anti-biotics with a follow up. Nothing has been done and I fear permanent injury. This has been in accordance with Corizon's practices to delay care until some permanent loss.

82F) I am on Flonase, Corizon has refused to fill it. This happens everytime now, I am having complication.

83) I served subpoenas for Warden Frank Terry to testify in court. Immediatley I was placed in detention for 11 days. These reports show defendants and Morrisey approved my being put in detention for serving trial subpoenas. Carter and defendants concealed this.

84) Corizon appointed nurse Angela Martinez with little or no experience as their nursing supervisor. Once Corizon's Chief Clinical officer issued an order that I receive an allergy|gluten|vegetarian diet, and Dr. Bonnie Goodman reissued the order providing for me to receive the allergy|gluten|hypo diet. Angela Martinez changed that order and defendants upheld that change. The reports show that the change was made inspite of objections by Dr. Goodman and that Martinez would not let Dr. Goodman issue the proper order.

(85) They also show that Michael Linderman and other senior officials in Phoenix, at the urging of Carter, made the determination that no matter what, until the court orders, I should not be given a vegetarian diet that meets my medical needs, though vegetables are plenty.

(86) According to the report Paul Carter counsel for the defendants was told that due to the fact that I am on prednisone, I cannot be tested for allergies, and as such the allergy diet should be issued. However at the urging of Johnson, Klausner, Paul Carter, concealed this fact.

(87) Defendants according to these records at the urging of O'toole, Brodsky, Pineda, Morrissey, Carter, Conlon have as these records show since 1995, tried to have me criminally investigated by ADOC peace officers and prosecuted. These reports show that everytime either the investigation cleared me, or there was not enough to prosecute, or investigation was a sham. This was concealed be defendacts and Carter.

(88) These reports show a Victor Rubyanes ADOC Librarian told inmate that I was a snitch (falsely) to have me hurt. They also show that an SSU unit asked skin heads to beat me up. This was all concealed by Carter and defendants.

(89) "Snitch" and "Protective Custody" Han, Days, Ramos, Jacobs, Pachecho tried to classify me falsely, because I asked them to allow me to view evidence in the Wexford litigation. Our library is "Rarely Open." The librarian advised defendants to acomodate my need to view evidence. Defendants told me to come to the Yard office and view the evidence though CO III's advised them not to as that would endanger my life. CO III's stated I should view this in their office. These defendant's put my life in danger as I requested I be allowed to view evidence, knowing

that my life can be in danger by their actions. When I complained Han allowed me to go and review my evidence in the CO III office. However, she made it impossible to view these. When the classes are open, programs is open, she would direct that I not be allowed in though other inmates were there, until the yard is open she would let others go but single me out.

90) My vision varies and most of the time I am unable to see. This is because of my high blood pressure and meds. The Neuro-opthomologist stated that if my MRI is clear then I may have "Non organic factors" causing my loss of vision. "Non organic" does not mean malingering, it means not related to the organ. Corizon had their regional director Dr. Cynthia Repsin testify falsely that it means malingering. Corizon concealed this evidence. When my blood pressure is not high I can see.

91) I asked Judge Mark Armstrong to hold ADOC in contempt for telling me that they will destroy my property. Not knowing that I had been given a receipt, these reports show Carter and Johnson had CO III Diana Bullock forge the copies. When I complained they stated that they were amending these.

92) They show that Brodsky told Johnson that Ryan may direct Library staff not to make legal copies for me, not to give me legal supplies, not to send legal mail for me in accordance with ADOC policy DO 902 as the Pinal County Superior Court denied me leave to proceed in Forma Pauperis. The reports show this way they will be able to stop me challenging their actions.

93) The reports show on September 2nd, 2008 Johnson wrote a memo stating "If we do not firewall this inmate and otherwise prevent him from gaining further inroads to progress, and if any Judge gives him a hearing, the cost to the department may indeed prove detrimental."

After this report my records from four secure locations with in excess of 3,000 pages of evidence vanished. The evidence that vanished showed defendants and their lawyers Carter, Brodsky, Pinera, Morrow, Morrissey, O'toole falsified evidence in litigation to prevail.

(94a) In 1990 Prison authorities lost my property, 80 pages of documents, a tape, 9 boxes of legal documents. I filed grievances and prevailed. In memos dated 24 November 1999, January 18, 2000, reports November 25th, 1999, June 12th 2002, October 30, 2002 my property loss and the litigation is discussed. I had requested "Copies of all grievances, claims, informal resolutions" where inmates complained that there properties were lost in the state. Morrissey refused to give me this information. The information was necessary to show that the past deprivation remedies are inadequate.

(94b) Ryan has directed his employees not to print their names when making decisions, and by so doing he is able to conceal their identities, and argue respondeat superiors, CO IV's refuse to identify those making decisions.

(95) I had propounded discovery requests on ADOC employees. These requests show how Carter, Brodsky, Susanna Pineda, James Morrow, and Michael Brodsky answered the Questions with the persons to whom these requests were directed not knowing anything about this. Notaries just notarized the verifications with those to whom the requests were directed not knowing anything about these.

(96) These reports show prison employees were directed by higher ups to discipline me for my court filings. The Regional Director ordered them not to consider any evidence I present. Carte and Defendants concealed this.

(97) According to these reports Defendant has been directing Prison

employees to secretively target me. Carter, Brodsky, Morrissey, O'toole, Pineda and Defendants concealed this.

(98) These reports show after discussing with Carter, Morrissey, Brodsky, Johnson had Mary Jennifer Romwebber move me because I was challenging the use of false evidence and concealing of evidence in litigation.

(99) ADOC gives certain senior employees cell phones. The technical manual forbids staff from taking pictures with it. In prison any prison employee has the power and authority to come to any inmate and see what the inmate is doing. At the urging of Defendants Joe Profiri took my picture in the library. He did not take the pictures of those sitting next to me helping me. He did in violation of prison rules. Nothing was done to him by prison authorities.

~~(100)~~

## Count 1
## Violations Under 42 USC 1983

(100) I reallege Paragraphs 1 to 99 and state further.

(101) Each and every Defendant acting under color of state law, deprived and continues to deprive me of due process under the fourteenth Amendment, cruel and unusual punishment under the eighth Amendment, and my state created liberty interests. Defendants actions constitute violations of 42 USC 1983.

(102) Each and every defendant acting under color of state law and with deliberate indifference, inflicted and continue to inflict cruel and unusual punishment, violation of the First and Fourteenth Amendment denial of state created liberty interests and due process. Defendants actions are violations of 42 USC 1983.

(103) Each and every defendant "imposed" atypical and significant hardship on (ME) in relation to the ordinary incidents of prison

life" *Sandin V Conner*, 515 U.S. 472, 484 (1995) No prisoner goes through what defendants put me through. They denied me "Meaningful" review of my appeals. For over 20 years they continued to engage in the deprivation set forth by me and concealed the evidence. Their conduct is cognizable under 42 USC 1983.

(104) Each and every defendant violated the First Amendment, establishment clause and RLUIPA by denying me the right to practice my religion by not giving me a vegetarian diet that comports to my medical needs though they have vegetables available. They favor Christians over non-christians. By doing so they substantially burdened my Hindu religion tenets and their conduct is not the least restrictive means and it does not further a compelling government intrest. Their conduct constitute violations of 42 USC 1983.

(105) The evidence I received shows defendants retaliated against me for filing grievences and lawsuits. They refused to provide me hygiene materials, legal copies, legal supplies, legal mail, calls to my family, continue with my PHD, transferred me, caused me to be labelled a Snitch because I requested I be allowed to view evidence, refused to accomadate my religious beliefs. I engaged in protected conduct, for which I suffered adverse action, the evidence disclosed show defense counsel connection between the protected conduct and Adverse action to deter my exercising my rights of access to the courts. These documents show my protected conduct motivated Defendants actions and the events would have transpired differently without the retaliation. *Thaddeus- X v Blatter*, 175 F. 3D. 378, 394, 398 (6th Cir. 1999) (en banc) This is conduct Cognizable under 42 U.S.C. 1983.

(106) These rights have been clearly established since prior to

these violations and so there is no qualified immunity. Defendants concealed the facts and evidence.

(107) Their conduct relates to no legitimate penal goals

(108) When defendants release E-mails that reference me, they will further show that defendants acted with aforethought premeditation, intentionally and with deliberate indifference to my serious medical needs and rights secured by the Constitution, violated their duty to protect

## Count II
### Deprivation under Arizona Constitution and laws

(109) I reallege Paragraph 1 to 108 and state that.

(110) Defendants violated my rights to due process, practice my religion, petition, access to courts, be free from cruel and unusual punishment equal privileges and immunities under the Constitution and laws.

## Count III
### Deprivation under Tennessee Constitution and Laws

(111) I reallege Paragraph 1 to 110 and assert.

(112) As Corizon defendants have directed their policies and practices from Tennessee defendants violated my rights to practice my religion, due process, petition, access to courts, be free from cruel and unusual punishment, equal privileges and immunities under the laws and Constitution of Tennessee.

## Count IV
### Negligence under Arizona and Tennessee Laws

(113) I reallege Paragraph 1 to 112 and allege.

(114) Each of the defendants owed a duty to me to provide health care that met community standards which carried the force of the law.

(115) Each of the defendants breached their duty to me and were negligent when they refused to, failed to do so.

116. They failed to exercise the necessary skills, learning, experience, expected of prudent health care providers in same or similar circumstances in the local community. They falsely profess to be specialists with the same degree and skills as those who based on their specialized area of practice, board certifiedtion, learning and experiece, diagnosed and gave me the meds that managed my condition.

117. They sent me to a nephrologist who due to his over burdened financial obligations, rubber stamps what Corizon wants. They refuse to send me to an independant nephrologist, neurologist, endocrinologist, podiatry, pain management.

118. As a direct and proximate cause of these actions and negligence, I have been injured and continue to suffer unwanted pain and suffering.

~~119.~~

## Count V
### Fraud under the Affordable Care Act

119. I realleige Paragraphs 1 to 117 and allege that.

120. Defendants are providing Corizon with certifications that they are providing the care that regulations implementing ACA provides for any Federal funds are being disbursed.

121. The fact is Corizon is perpertrating fraud under ACA and not providing the care and getting paid.

122. By employing and having close relationships with former and current ADOC employees Corizon is able to cover this up.

123. Most inmates are released from prison ACA pays for our medical care. Be delaying, denying, deffering care and getting paid for it ACA has to pay twice for the same care. ACA requires proper diets. I my case it requires a diet conforming to my allergy, high blood pressure, high sugar, for my care defendants

are certifying falsley they are complying with ACA to get paid. Burwell should investigate and close Corizon, and look into the judicial decisions that involve Corizon. Though inmates have not prevailed with the higher burden of proof they never the less show a violation of ACA.

### Count VI
#### Medical Mal Practice Under Arizona and Tennessee

(124) I reallege paragraphs 1 to 123 and state that.

(125) Defendants failed to have and use the knowledge, skill and care ordinarily possessed and employed by members of the profession in good standing.

(126) The standard of care is to require independant specialists in my case neurologists, nephrologists, allergists, pain management, endcrinologists, and podiatrists make the diagnosis and treatment. The standard is not to take someone who needs money and will do what defendents want.

### Counts VII
#### Violations Under 42 USC 1985

(127) I reallege paragraphs 1 to 126 and allege further.

(128) Each and every defendant knows that their conduct violates the laws and Constitution of the United States, Arizona and Tennessee.

### Count VIII
#### Conspiracy to violate Arizona and Tennessee Constitution and neglegence, mal practice.

(129) I reallege paragraphs 1 to 128 and allege further.

(130) Defendants acts and conspiracies were intended to, and does constitute violation of Arizona and Tennessee constitutions &

These same actions constitute conspiracies to committ negligence and medical malpractice as I have been harmed and continue to be harmed when each defendant acted in concert with the express purpose of engaging in the misconduct in the complaint.

## Count IX

### Violations of 42 USC 1986

(131) I reallege paragraphs 1 to 130 and allege further.

(132) Each individual defendent knew of the conspiracies to deny me equal protection and privileges under the United States constitution as described in the complaint. These conspiracies violate 42 USC 1986. Each individual defendant had the power to prevent or aid in the prevention of the commision of conspiracies, each individual defendant could have prevented or aided in the prevention of the conspiracies with reasonable dilegence and each individual defendant neglected or refused to prevent the conspiracies.

## Count X          Declaratory Releif

(133) The following evidence in the custody of Corizon, ADOC, and defendants show that they have established the administrative practice of denying, delaying, deffering treatment for serious medical needs for non medical reasons so as to make a profit, and this is why I was denied treatment Karr v Bay, 413 F-Supp 579, 505 (N-D Ohio 1976) and engaging in the violations in this complaint.

(134) Pursuant to 28 USC 2201 I request declaratory judgement that the practice is shown in the decisions in (a) ADOC's and Corizon's unwritten practices; (b) ADOC and Corizon's policies, (c) settlements entered into by ADOC and Corizon (d) Bids submitted by Corizon including memos, E-mails leading to these bids (e) Contracts not renewed and cancelled against Corizon (f) Audits of ADOC and

Corizon (g) minutes of meetings of ADOC executives and the board of directors and executive commitee of Corizon (h) filings by ADOC and Corizon with Federal agencies (i) Responses by ADOC and Corizon to request for discovery in litigation in Federal and State courts (j) Exit interviews by ADOC and Corizon employees see Coleman V American Brand CDS 106 FRD 201, 207-09 (D.DC 1985)

## Count XI
### Violations of ADAAAA

135) Plaintiff realleges paragraphs 1 to 134 and alleges.

136) I am an individual with a Qualified disability under 42 usc 12132 who is otherwise Qualified to participate in or receive the benefit of Corizon's and ADOC's services, programs, activities. Am discriminated against by defendants by reason of my disability I outlined in this complaint violating ADAAAA

## Injury

137) I have increased shakes, tremors, high blood pressure, sugar lows, urinary problems, allergies, problems walking without pain, sleeping problems, punished for protected conduct, and discriminated due to my disabilities.

**VII.    RELIEF REQUESTED:** State exactly what you want the Court to order each defendant to do for you.

Corizon return all monies from any source to provide
Plaintiff demands a trial by jury, damages of $5,000,000 per
defendant, order that defendants provide Tripati the treatment
and such other relief as this court may find fit and proper,
Corizon returns all monies received from any source to
provide inmates healthcare, defendants return all their
earnings.

I request a jury trial. ✓ Yes ____No

**VIII.    CERTIFICATION**

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: _____ Date: 8/16/16

Prison Id. No. 162081

Address (Include the city, state and zip code.): P.O. Box 24401 Tucson, Az 85734

Signature: _____ Date: _____

Prison Id. No._____

Address (Include the city, state and zip code.):_____

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information requested above. If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT AND (1) THE REQUIRED FILING FEE OR (2) COMPLETED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS TOGETHER.** Complaints received without the required filing fee or application to proceed without prepayment of fees will be returned. Filing fees and applications to proceed without prepayment of fees submitted without a complaint will be returned.

*Missing Record Entry No entry 10/14/15*

Gabapentin continued as previously ordered
Random glucose checks
Neurology consult pending approval
Reviewed previously ordered labs
IM to submit HNR for further health needs

MEDICATION DISCONTINUED VIA THIS ENCOUNTER: Medication Name: 'Gabapentin', Order Number: 0547517, Authorized By: Daye, Catalina, NP. Timestamp: 10/16/2015 11:35:06

| E | NOTES: IM provided with plan of care, verbalized understanding |
|---|---|
| H/S | MH Status: No history of MH services |
| | STAFF: Daye, Catalina, NP |

ADC #: 102081F    Inmate Name: TRIPATI, ANANT K.
ENCOUNTER DATE: 10/15/2015    TIME: 05:42:31 AM    DURATION: minutes    TYPE: Nurse - Treatment Call
LOCATION: ASPC-T RESIDENTIAL MED HSG [C44]    SETTING: Clinic

| S | NOTES: Treatment Call Encounter generated by Pending Treatment Order screen. |
|---|---|
| O | CURR: 05:42:31 AM    TEMP: 0.0    PULSE: 0    RP: 0    BP: 0/0    HT: 5 ft. 7 in.    WT: 0    BLOOD SUGAR: 94 |
| | BLOOD SUGAR LEVEL: 94 Finger Stick |
| | NOTES: None |
| A | NOTES: None |
| P | NOTES: None |
| E | NOTES: None |
| H/S | MH Status: No history of MH services |
| | STAFF: Bundza, Christine |
| | NURSE SIGNATURE: |

ADC #: 102081F    Inmate Name: TRIPATI, ANANT K.
ENCOUNTER DATE: 10/13/2015    TIME: 10:23:58 AM    DURATION: minutes    TYPE: Nurse - Treatment Call
LOCATION: ASPC-T RESIDENTIAL MED HSG [C44]    SETTING: Clinic

| S | NOTES: BP check |
|---|---|
| O | CURR: 10:23:58 AM    TEMP: 0.0    PULSE: 0    RP: 0    BP: 130/82    HT: 5 ft. 7 in.    WT: 0    BLOOD SUGAR: NA |
| | NOTES: None |
| A | NOTES: None |
| P | NOTES: BP check |
| E | NOTES: None |
| H/S | MH Status: No history of MH services |
| | STAFF: Rice, Amy |
| | NURSE SIGNATURE: |

ADC #: 102081F    Inmate Name: TRIPATI, ANANT K.
ENCOUNTER DATE: 10/13/2015    TIME: 08:38:59 AM    DURATION: minutes    TYPE: Provider - Medication Renewal
LOCATION: ASPC-T RESIDENTIAL MED HSG [C44]    SETTING: Clinic

| S | NOTES: This encounter was system generated when the prescription drug below was reordered from the Drug Prescription Order screen CHSS037B. |
|---|---|
| O | NOTES: None |
| A | MEDICAL DIAGNOSIS:    Chronic pain syndrome [338.4] |
| | NOTES: None |
| P | DRUG PRESCRIPTION: Gabapentin/300 Mg    VERBAL BY: Daye, Catalina, NP |
| | EFFECTIVE DT: 10/14/2015    RT: PO    DOSE: 3    STRENGTH: 300 MG    METHOD: Watch Swallow |

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

*For distribution: Copy of corresponding Inmate Letter must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Tripati, Anant | 102081 |

| Institution/Unit |
|---|
| ASPC/Tucson/Manzanita |

| From | Location |
|---|---|
| COIV J. Mattos | Programs Grievance Coordinator |

This is in response to your inmate letter concerning issues with Medical and responses received. I have reviewed all your grievances filed for the last 18 months and you have grieved issues on pain medication, change of medication, medical appointments, medical tests and medical diet. These issues have been sent through our grievance process and you no longer need to grieve these issues since they have been grieved previously.

| Staff Signature | Date |
|---|---|
| | 2-23-15 |




# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov

ANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: <u>TRIPATI, ANANT</u>      ADC No.: <u>102081</u>      Case Nos.: <u>C14-119-014</u>

Institution: <u>ASPC-TUCSON/MANZANITA</u>      Date Received: <u>November 5, 2014</u>

I have reviewed your Grievance Appeal in which you state that "ADOC has refused to give me my diet" that was ordered by the Chief Medical Officer of Corizon.

Your grievance appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1. Our review shows that on 8/28/14, you met with Corizon's Medical Director (Dr. S. McQueen) concerning your diet issues. You were subsequently issued a No Gluten Diet/Allergy Diet. We have confirmed that this diet order has been implemented. As to your request for a Hindu Diet/Vegan Diet, this is a religious diet and is under the purview of the Chaplain; therefore, it will not be addressed within this response. You are advised to discuss your request for a religious diet with the Chaplain assigned at your facility.

2. Please submit a Health Needs Request (HNR) if you have additional issues or concerns which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

Charles L. Ryan, Director                                        1/27/15
                                                                  Date

cc:   Facility Health Administrator, ASPC-Tucson
      C.O. Inmate File

# ARIZONA DEPARTMENT OF CORRECTIONS

**Restricted Diet Order**

☐ New ☐ Change ☐ Reissue

Health Care providers and Senior Chaplains ordering restricted diets will complete, sign and date the Restricted Diet Order Form. The nurse or Senior Chaplain will retain their portion of the form and ensure the form is placed in the inmate's records with the remaining portion of the order form forwarded to the

| Inmate Name *(Last, First M.I.)* | ADC Number | |
|---|---|---|
| TRIPATI ANANT | 102081 | |

| Institution/Facility/Unit | Housing Assignment | Start Date | Expiration Date |
|---|---|---|---|
| MAN | 5 B 15 L | 9-2-14 | NONE |

## MEDICAL DIETS

☐ Dental/Mechanical Soft Diet (Easy to chew/swallow)

☐ Clear Liquid Diet

☐ Full Liquid Diet *(Automatically expires in 5 days)*

☐ Liquid Supplements

☐ Controlled Protein Diet

☐ Long-term Full Liquid Diet *(Automatically expires in 8 weeks - supplement required)*

☐ Wasting Syndrome

☐ Chemotherapy Diet

☐ No Gluten Diet

☐ Pregnancy

☐ Renal/Dialysis Diet

☐ Allergy Diet

NO DAIRY, NO WHEAT, NO NUTS (PEANUTS) NO SOY, NO BEAN

ON PREDNISONE

☐ Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers

☐ am snack    ☐ mid-day snack    ☐ am snack

☐ Other: PATIENT DOES NOT REQUIRE RAST Testing I have documentation from prev testing

☐ (Restricted medical diets not defined in the ADC Diet Reference Manual may be ordered only with the approval of the Medical Director of Health Services or designee with the following approving authority Signature.

Approving Authority Signature: _____

## RELIGIOUS DIETS

HINDU

☐ Lacto Vegetarian Diet *(Allows milk and milk products)*

☐ Kosher Diet Plan

Vegan Diet only

**NOTICE TO INMATE** - *Medical Diets take precedence over Religious Diets. If a medical condition exists that is contraindicated by the Religious Diet, the Medical Diet will supersede it. Inmate will be removed from the diet roster for non-compliance when five (5) meals are missed in seven (7) calendar days, or when the inmate requests removal in writing. Inmates are to receive only the prescribed religious/medical diet and each inmate is responsible for his/her restricted diet and compliance to their diet.*

**MEDICAL** - I understand the terms and conditions of this diet.

Inmate's Signature _____    Date _____    Comments Chief Clinical Officer or Correct Recovery and Interim Patient Directly

Approved by: Sylcom McQueen MD    Date 8-18-14

**RELIGIOUS** - I understand that if I miss 5 meals in 7 days I may be removed from this diet for 6 months. Second violation will result in a 12 month suspension.

Inmate's Signature _____    Date _____    Comments _____

Approved by: _____    Date _____

DIET IS BEING DISCONTINUED DUE TO: _____ Date _____

DISTRIBUTION  Initial - Originator - Top portion of form only, Food Service Liaison - Remaining form - Diet Card Only

### ARIZONA DEPARTMENT OF CORRECTIONS
### Restricted Diet Card

| Inmate Name | ADC Number | Expire Date |
|---|---|---|
| | | |

☐ Dental/Mechanical Soft (Easy to chew/swallow)

☐ Clear Liquid

☐ Full Liquid

☐ Liquid supplements

☐ am Snack    ☐ mid-day snack    ☐ bedtime Snack

☐ Prescribed snack consisting of 6 saltine crackers or 3 graham crackers

☐ Other:

☐ Controlled Protein

☐ Long Term Full Liquid

☐ Wasting Syndrome

☐ Chemotherapy

☐ Gluten Free

☐ Pregnancy

☐ Renal Dialysis

☐ Allergy Diet

**Food Service Verification**

☐ Lacto Vegetarian Diet *(Allows milk and milk products)*

☐ Kosher Diet Plan

Medical/Senior Chaplain Signature    Date

WEXFORD001534

# ARIZONA DEPARTMENT OF CORRECTIONS

## Restricted Diet Order

New ⬝ Change ⬝ Reissue

Health Care Providers and Senior Chaplains ordering restricted diets must complete, sign and date the Restricted Diet Order Form. The HCP or Senior Chaplain will retain their portion of the form and ensure the form is placed in the inmate's records with the remaining portion of the order form forwarded to the Food Service Liaison for approval and processing.

| Inmate Name (Last, First M.I.) | | | ADC Number | |
|---|---|---|---|---|
| Tripati, Anat | | | 102081 | |
| Institution/Facility/Unit | Housing Assignment | Start Date | | Expiration Date |
| ASPC-T-Manzanita | HU01/404 | 3/6/15 | | None |

## MEDICAL DIETS

- ⬝ Dental/Mechanical Soft Diet
  *(Easy to chew/swallow)*
- ⬝ Clear Liquid Diet
  *(Expires in 3 days)*
- ⬝ Full Liquid Diet
  *(Automatically expires in 5 days)*
- ⬝ Liquid Supplements
  (_____ 1 per day or _____ 2 per day)
- ⬝ Prescribed snack

- ⬝ Controlled Protein/Hepatic Diet
- ⬝ Long-term Full Liquid Diet
  *(Automatically expires in 8 weeks)*
- ⬝ Wasting Syndrome
  *(No liquid supplement provided)*
- ⬝ Chemotherapy Diet
  *(List days of the week to provide diet _____ _____ _____)*
- ⬝ No Gluten Diet

- ⬝ Pregnancy
- ⬝ Renal/Dialysis Diet
- ✓ Allergy Diet *(Excludes corn, wheat, milk, peanut, tree nuts, soy, and egg)*
  **No Beans**

✓ am snack    ✓ mid-day snack    ✓ Bedtime snack

(Restricted medical diets not listed above may be ordered only with approval of the Medical Director of Health Services or designee with the approving authority signature.)

⬝ Other: _Fruit plus orange Juice between meals_

Approving Authority Signature: _B Goodman_

## RELIGIOUS DIETS

⬝ Vegan Diet          ⬝ Kosher Diet Plan

---

**NOTICE TO INMATE** - *Medical Diets take precedence over Religious Diets. If a medical condition exists that is contraindicated by the Religious Diet, the Medical Diet will supersede it. Inmate will be removed from the diet roster for non-compliance when five (5) meals are missed in seven(7) calendar days, or when the inmate requests removal in writing. Inmates are to receive only the prescribed religious/medical diet and each inmate is responsible for his/her restricted diet and compliance with that diet.*

**MEDICAL** - I understand the terms and conditions of this diet.

Inmate's Signature

X _____          Date _3/6/15_          Comments
                    X _____

Approved by: (Last, First M.I.) (Please print & initial)    Phone Number & Extension    Date _3-6-15_

_Goodman Bonnie_

**RELIGIOUS** - I understand that if I miss 5 meals in 7 days I may be removed from this diet for 6 months. Second violation will result in a 12 month suspension.

Inmate's Signature                    Date          Comments

Approved by: (Last, First M.I.) (Please print & initial)    Phone Number & Extension    Date

                                                            Date

## DIET IS BEING DISCONTINUED DUE TO:

---

### ARIZONA DEPARTMENT OF CORRECTIONS
### Restricted Diet Card

| Inmate Name | ADC Number | Expire Date | |
|---|---|---|---|
| Tripati Anat | 102081 | NONE | Vegan Diet |

- ⬝ Dental/Mechanical Soft *(Easy to chew/swallow)*
- ⬝ Clear Liquid
- ⬝ Full Liquid
- ⬝ Liquid Supplements *(1 or 2 items a day)*
- ✓ am Snack    ✓ mid-day snack    ✓ bedtime Snack

- ⬝ Controlled Protein
- ⬝ Long Term Full Liquid
- ⬝ Wasting Syndrome
- ⬝ Chemotherapy

- ⬝ Gluten Free
- ⬝ Pregnancy
- ⬝ Renal Dialysis
- ✓ Allergy Diet  **No Beans**

Kosher Diet Plan

⬝ Other _Fruit plus orange Juice between Meals_

Physician's or Chaplain's Signature    _B Goodman_    Date _3/6/15_

WEXFORD001531

912-3
8/15/11

# ARIZONA DEPARTMENT OF CORRECTIONS
## Restricted Diet Order

| | New | Change | Reissue |

Health Care providers and Senior Chaplains ordering restricted diets will complete, sign and date the Restricted Diet Order Form. The HAP or Senior Chaplain will retain their portion of the form and ensure the form is placed in the inmate's records with the remaining portion of the order form forwarded to the

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Trapat, Anant K. | 102081 |

| Institution/Facility/Unit | Housing Assignment | Start Date | Expiration Date |
|---|---|---|---|
| ASPCTMonz | SB-15L | 9/12/14 | none |

## MEDICAL DIETS

- [ ] Dental/Mechanical Soft Diet (Easy to chew/swallow)
- [ ] Clear Liquid Diet
- [ ] Full Liquid Diet (Automatically expires in 5 days)
- [ ] Liquid Supplements

- [ ] Controlled Protein Diet
- [ ] Long-term Full Liquid Diet (Automatically expires in 8 weeks - supplement required)
- [ ] Wasting Syndrome
- [ ] Chemotherapy Diet
- [ ] No Gluten Diet

- [ ] Pregnancy
- [ ] Renal/Dialysis Diet
- [ ] Allergy Diet

  No dairy, no soy
  no wheat
  no peanut no beans

  no rost to/shrequired

- [ ] Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers

  [ ] am snack    [ ] mid-day snack    [ ] am snack

- [X] Other: Fruit plus orange juice between meals for hypoglycemia

- [ ] (Restricted medical diets not listed in the ADC Diet Reference Manual may be ordered only with the approval of the Medical Director of Health Services or designee with the following approving authority Signature.

  Approving Authority Signature _____

## RELIGIOUS DIETS

Hindu

| Lacto Vegetarian Diet (Allows milk and milk products) | Kosher Diet Plan | Vegan Diet only |

NOTICE TO INMATE - *Medical Diets take precedence over Religious Diets. If a medical condition exists that is contraindicated by the Religious Diet, the Medical Diet will supersede it. Inmate will be removed from the diet roster for non-compliance when five (5) meals are missed in seven (7) calendar days; or when the inmate requests removal in writing. Inmates are to receive only the prescribed religious/medical diet and each inmate is responsible for his/her restricted diet and compliance to their diet.*

MEDICAL - I understand the terms and conditions of this diet.

| Inmate's Signature | Date 9/11/14 | Comments |

| Approved by _____ | Date 9/12/14 | |

RELIGIOUS - I understand that if I miss 5 meals in 7 days I may be removed from this diet for 6 months. Second violation will result in a 12 month suspension.

| Inmate's Signature | Date | Comments |

| Approved by: | Date | |

| DIET IS BEING DISCONTINUED DUE TO: | | Date |

DISTRIBUTION: Initial - Originator - Top portion of form only. Food Service Liaison - Remaining form - Diet Card Only

---

### ARIZONA DEPARTMENT OF CORRECTIONS
### Restricted Diet Card

| Inmate Name | ADC Number | Expire Date | | Food Service Verification |
|---|---|---|---|---|
| Trapat | 102081 | none | | |

- [ ] Dental/Mechanical Soft (Easy to chew/swallow)
- [ ] Clear Liquid
- [ ] Full Liquid
- [ ] Liquid Supplements

- [ ] Controlled Protein
- [ ] Long Term Full Liquid
- [ ] Wasting Syndrome
- [ ] Chemotherapy

- [X] Gluten Free
- [ ] Pregnancy
- [ ] Renal Dialysis
- [X] Allergy Diet

- [ ] Lacto Vegetarian Diet (Allows milk and milk products)
- [ ] Kosher Diet Plan

  Vegan

- [ ] am snack    [ ] mid-day snack    [ ] bedtime Snack
Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers
Other: _____

WEXFORD001535

# ARIZONA DEPARTMENT OF CORR'[IO]NS

## Restricted Diet Order

☐ New  ☒ [Change]  ☒ Reissue

Health C[are prov]iders and Senior Chaplains ordering restricted diets wi[ll comple]te, sign and date the Restricted Diet Order Form. The HCP or Senior Chaplain will retain a copy of the form and ensure the form is placed in the inmate's records, with a copy of the order form forwarded to the Food Service Liaison for approval and processing.

| Inmate Name *(Last, First M.I.)* | | ADC Number |
|---|---|---|
| Tripati, Anant | | 102081 |
| Institution/Facility/Unit | Housing Assignment | Start Date 1-23-14  2-23-14 | Expiration Date 1-23-15  2-23-14 |
| ASPC-T / MAN | | | |

### MEDICAL DIETS

☐ Dental/Mechanical Soft Diet *(Easy to chew/swallow)*

☐ Clear Liquid Diet *(Expires in 3 days)*

☐ Full Liquid Diet *(Automatically expires in 5 days)*

☐ Liquid Supplements ( ____ 1 per day or ____ 2 per day)

☐ Prescribed snack

☐ am snack   ☐ mid-day snack   ☐ Bedtime snack

☐ Controlled Protein/Hepatic Diet

☐ Long-term Full Liquid Diet *(Automatically expires in 8 weeks)*

☐ Wasting Syndrome *(No liquid supplement provided)*

☐ Chemotherapy Diet *(List days of the week to provide diet)*

☒ No Gluten Diet

☐ Pregnancy

☐ Renal/Dialysis Diet

☒ Allergy Diet *(Excludes corn, wheat, milk, peanuts, tree nuts, soy, egg, tomato, peppers, and onion)*
~~milk~~ milk, soy, wheat, peanuts, shrimp, beans

Restricted medical diets not listed above may be ordered only with approval of the Medical Director of Health Services or designee with the approving authority signature.

☐ Other: _____ William Holder, FNP-C

Approving Authority Signature: _[signature]_   William Holder, FNP-C

### RELIGIOUS DIETS

☐ Vegan Diet   ☐ Kosher Diet Plan

**NOTICE TO INMATE** - Medical Diets take precedence over Religious Diets. If a medical condition exists that is contraindicated by the Religious Diet, the Medical Diet will supersede it. Inmate will be removed from the diet roster for non-compliance when five (5) meals are missed in seven (7) calendar days, or when the inmate requests removal in writing. Inmates are to receive only the prescribed religious/medical diet and each inmate is responsible for his/her restricted diet and compliance to their diet.

**MEDICAL** - I understand the terms and conditions of this diet.

| Inmate's Signature | Date | Comments |
|---|---|---|
| _[signature]_ | 1/24/14 | Unable to complete RAST test |
| Approved by: (Last, First M.I.) (Please print & Initial) | Date | |
| _[signature]_ William Holder, FNP-C | Phone Number & Extension | 1-23-14 |

**[R]ELIGIOUS** - I understand that if I miss 5 meals in 7 days I may be removed from this diet for 6 months. Second violation will result in a 12 month [su]spension.

| [Inm]ate's Signature | Date | Comments |
|---|---|---|
| [App]roved by: (Last, First M.I.) (Please print & Initial) | Date | |
| | Phone Number & Extension | Date |

[DI]ET IS BEING DISCONTINUED DUE TO: _____   Date _____

---

### ARIZONA DEPARTMENT OF CORRECTIONS
#### Restricted Diet Card

| Inmate Name | ADC Number | Expire Date |
|---|---|---|
| Tripati, A | 102081 | 1-23-15 |

☐ Dental/Mechanical Soft *(Easy to chew/swallow)*
☐ Clear Liquid
☐ Full Liquid
☐ Liquid Supplements *(1 or 2 times a day)*
☐ am Snack   ☐ mid-day snack   ☐ bedtime snack
☐ Other:

☐ Controlled Protein
☐ Long Term Full Liquid
☐ Wasting Syndrome
☐ Chemotherapy
☒ Gluten Free
☐ Pregnancy
☐ Renal Dialysis
☒ Allergy Diet
milk, soy, wheat, peanuts, shrimp, Beans

☐ Vegan Diet

☐ Kosher Diet Plan

Food Service Verification

William Holder, FNP-C

[Physician] or Chaplain's Signature   Date 1-23-14
_[signature]_

WEXFORD001537

912-3

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 458 | Tripati | 102081 | 15C14028 | Tucson | Manzanita |

In your grievance filed at Manzanita Unit, you are requesting a policy change that allows you to receive a medical and religious diet at mealtimes.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. You are currently on a medically ordered diet for food allergies. The medical diet cannot coexist with a vegan diet, as the vegan diet contains items to which you claim to be allergic. Therefore, as long as you remain on the medical diet, you cannot receive a vegan diet.

Your request for a policy change is denied.

No further action is warranted in this matter.

CC: Warden, Tucson Complex

H.R.

_____
**Appeals Officer**

_____
**Charles L. Ryan, Director**

$\underline{8|18|15}$
**Date**

*received 8/20/15*
*delivered 8/20/15 com*


# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 32 | Tripati | 102081 | C14097015 | Tucson | Manzanita |

In your grievance filed at Manzanita Unit, you claim staff addressing grievance appeals are not printing their names beneath their signatures, as required by policy. You further assert that it is difficult to identify parties in a lawsuit without the printed name. Your resolution is to have staff print their names underneath their signature.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Pursuant to DEPARTMENT ORDER 802 INMATE GRIEVANCE PROCEDURE
802.01 GENERAL INFORMATION
1.1 The Inmate Grievance Procedure is designed to address inmate complaints related to any aspect of institutional life or condition of confinement which directly and personally affects the inmate grievant including Department Orders, Director's Instructions, Post Orders, Technical Manuals, and written instructions, procedures and the actions of staff.
802.05 APPEALS TO THE DIRECTOR (NON-MEDICAL)
1.5 The Director may delegate signature authority for any and all Grievance Appeal responses.

All department forms are required to have the signature of the person completing the form. However, it is not a requirement that the individual signing the form print their name underneath.
You may submit a request to your assigned COIII for the staff name that you require in regards to legal proceedings.

No further action is warranted in this matter.

CC: Warden, Tucson Complex

H.R.

**Appeals Officer**

**Charles L. Ryan, Director**

02/04/2016
**Date**

# ARIZONA DEPARTMENT OF CORRECTIONS

## Refusal to Submit to Treatment

**I have been advised that it is necessary for me to undergo the following:**

**Evaluation**

- [ ] Dental examination
- [ ] Nursing assessment
- [ ] Mental Health assessment/treatment
- [x] Medical Provider evaluation
- [ ] Emergency assessment for _____

- [ ] Outside medical appointment
- [ ] NPO/PREP for _____
- [x] Other _SNOs_

**Treatment** *(Check box and specify)*

- [ ] Dental procedure _____
- [ ] Nursing procedure _____
- [ ] Medical procedure _____
- [x] ~~Medication~~ *I will agree to be evaluated by independant physician who in no way is affiliated with Corizon and is* ~~radiation~~ *able to ~~experience~~ excersise independant judgement*

- [ ] Emergency treatment _____
- [ ] Lab    [ ] X-ray

**Related to (diagnosis or procedure)** _N/A    In the SNOS_

---

**Consequences of Refusal** *(Check all that might apply)*

- [x] Pain
- [x] Stomach (GI) Distress
- [x] Infection
- [x] Permanent loss of mobility
- [x] Stroke and/or Heart attack
- [x] Irreversible coma
- [x] Death
- [x] Inability to fully evaluate, treat or diagnosis
- [ ] Other _I refuse evaluation by you for the SNOS issued in accordance with Medical Technical Manual chapter 7.1.9 As staffing on 10/29/15 violated MTM 3.2. It was nothing but bullying by a gang of bullyies under color of Arizona law to save Corizon money as corizon did not like the SNO. And staffing was held as retaliation for filing grievances requesting_

- [x] Worsening of this disease
- [x] Permanent loss of control: Bowel and/or Bladder
- [x] Permanent need for life sustaining machinery or equipment *(Dialysis, Ventilator, Oxygen, Tracheotomy)*
- [x] Loss of sense(s): *(please circle)* (hearing) (sight) (touch) (taste) (smell)
- [x] Impaired skin integrity: *(bed sores, scars, etc..)*
- [x] Loss of body part(s) (specify) _____
- [x] Deterioration of Mental Status

- [x] Patient education has been provided by nursing staff at the time of the refusal to ensure the inmate is making an informed refusal.

- [ ] ADC Health Services may seek reimbursement directly from the inmate for any money lost to outside clinics or hospitals for late cancellations as a result of this refusal.

- [x] It has been fully explained to me the effect and nature of this treatment. Although my failure to follow this advice may seriously imperil my life or health, I nevertheless refuse to submit to recommended treatment. I assume full responsibility for the risks and consequences involved in my decision and specifically release the Arizona Department of Corrections from any and all liability for those risks and consequences. I also understand, however, that if at any time I change my mind, I may seek treatment again.

*Corizon comply with the SNOS / see 1 above*

- [x] **REASON FOR REFUSAL:** _____

---

| Inmate Signature | Initials | Date | Time |
|---|---|---|---|
| Witness's Signature *Williams* | Date 10/29/15 | | Time 2000 |
| Witness's Signature *(Needed if inmate refuses to sign)* | Date | | Time |

---

**INSTRUCTIONS:** Make a checkmark in the box or boxes which apply to the refusal. Where there are choices, circle the most appropriate answer. If none of the choices or boxes are appropriate, write in the OTHER the reason which applies. Under the consequences section, check ALL areas which might apply as a consequence of refusing. Consequences not listed can be written in the blank lines marked "OTHER". Complete a SOAP note documenting all education given to the inmate. IF THE CHARGE SECTION DOES NOT APPLY WRITE IN N/A. A single witness is needed unless I/M refuses to sign form, then two witnesses are needed. The second witness may be non-medica ADC staff.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Tripati, Anant Kumar | 102081 |
| Date of Birth 1-16-54 | Facility/Unit MANZANITA |

1101-4
2/6/07




# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov

JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: Tripati, Anant          ADC No.: 102081     Case No.: C02-026-2009

Institution: ASPC-Tucson/Santa Rita          Date Received: July 22, 2009

I have reviewed your Grievance Appeal in which you state your opinion that as retaliation for your filing medical grievances and complaining that religious and medical diets were not being provided, your personal copies of diet cards and Special Needs Orders were seized by security staff.

Your grievance appeal has been investigated and denied. The reasons for this decision are:

1. As the Health Services Division has communicated to you, the medical record documenting health care and services to you is missing.
2. An investigation is underway to develop information needed to determine the whereabouts of the medical record. It should be noted that the medical record is considered the property of the Arizona Department of Corrections.
3. As part of the investigation, the documents that were seized were taken under the authority of Department Order 909.07. Please be advised that under this Department Order a process is established for you to reclaim the items seized if they are not deemed contraband.
4. The primary concern of Health Services is to assure continuity of care and that your medical needs are adequately addressed. For that reason, all documents in your possession pertaining to health care provided prior to the disappearance of your medical record were needed to review and confirm previous treatment plans.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

_____          9-15-09
Charles L. Ryan, Director                    Date

cc:    FHA, ASPC-Tucson
       C.O. Inmate File

# ARIZONA DEPARTMENT OF CORRECTIONS
## Arizona State Prison Complex-Tucson

### MEMORANDUM

To:         Property file

From:       Armando Aguilar, Deputy Warden, ASPC-Tucson/ Cimarron

Date:       December 30, 2008

Subject     Tripati #102081

The following documents have been provided from inmate Tripati's personal paperwork to replace missing items in his property file. This is in resolution to grievance #08-C11-109 and all documents shall be considered valid.

Deputy Warden Aguilar

CC Captain Grewe

    Lt. Johnson
    COIVs'

*[Handwritten notes:]*
17 years original records destroyed and lost

Reconstructed upon request of AG's office charges

RYAN has overturned the reconstruction

Declaration of DShombé Johnson

I, DShombé Johnson #120341 Declare under the penalty of perjury to the following facts as true and correct and I can so testify:

Until recently I was a Mental Health worker.

Carijon Nurse Shuler in my presence gave Tuipati a two page October, 9. 2013 memo by Dr. Barclay which I placed on Tuipati's bed.

Executed under penalty of perjury on April, 30. 2015.

DSHOMBE JOHNSON #120341

DShombé Johnson #1203-11

# Scanned Document/Photo Page

ARIZONA DEPARTMENT OF CORRECTIONS

**Refusal to Submit to Treatment**

**I have been advised that it is necessary for me to undergo the following:**

**Evaluation**
- [ ] Dental examination
- [ ] Nursing assessment
- [ ] Mental Health assessment/treatment
- [ ] Medical Provider evaluation
- [ ] Emergency assessment for

**Treatment** *(Check box and specify)*
- [ ] Dental procedure
- [ ] Nursing procedure
- [ ] Medical procedure
- [ ] Medication

- [ ] Outside medical appointment
- [ ] NPO/PREP for
- [x] Other _going to HU_ "all medical care", diet

- [ ] Injection
- [ ] Emergency treatment
- [ ] Lab [ ] X-ray

*(handwritten right margin)* FORCED Couz RN MARTII

**Related to (diagnosis or procedure)**

**Consequences of Refusal** *(Check all that might apply)*
- [ ] Pain
- [x] Stomach (GI) Distress
- [ ] Infection
- [x] Permanent loss of mobility
- [x] Stroke and/or Heart attack
- [x] Irreversible coma
- [x] Death
- [x] Inability to fully evaluate, treat or diagnosis
- [ ] Other

- [x] Worsening of this disease
- [x] Permanent loss of control: Bowel and/or Bladder
- [x] Permanent need for life sustaining machinery or equipment *(Dialysis, Ventilator, Oxygen, Tracheotomy)*
- [ ] Loss of sense(s): *(please circle)*
       hearing    sight    touch    taste    smell
- [ ] Impaired skin integrity: *(bed sores, scars, etc..)*
- [ ] Loss of body part(s) *(specify)*
- [ ] Deterioration of Mental Status

- [x] Patient education has been provided by nursing staff at the time of the refusal to ensure the inmate is making an informed refusal.

- [x] ADC Health Services may seek reimbursement directly from the inmate for any money lost to outside clinics or hospitals for late cancellations as a result of this refusal.

- [x] It has been fully explained to me the effect and nature of this treatment. Although my failure to follow this advice may seriously imperil my life or health, I nevertheless refuse to submit to recommended treatment. I assume full responsibility for the risks and consequences involved in my decision and specifically release the Arizona Department of Corrections from any and all liability for those risks and consequences. I also understand, however, that if at any time I change my mind, I may seek treatment again.

- [x] REASON FOR REFUSAL: _have been previously evaluated_

| Inmate Signature | Initials | Date 8/7/11 | Time 2:05 PM |
|---|---|---|---|
| Witness's Signature _Sabrina_ | | Date 8/7/15 | Time 1900 |
| Witness's Signature *(Needed if inmate refuse to sign)* _RN Angela Martinez_ | | Date 8-7-15 | Time 1440 |

| INSTRUCTIONS: Make a checkmark in the box or boxes which apply to the refusal. Where there are choices, circle the most appropriate answer. If none of the choices or boxes are appropriate, write in the OTHER the reason which applies. Under the consequences section, check ALL areas which might apply as a consequence of refusing. Consequences not listed can be written in the blank lines marked "OTHER". Complete a SOAP note documenting all education given to the inmate. IF THE CHARGE SECTION DOES NOT APPLY WRITE IN N/A. A single witness is needed unless I/M refuses to sign form, then two witnesses are needed. The second witness may be non-medica ADC staff. | Inmate Name *Last, First M.I.* _Tripati, Anant L_ | ADC Number _102081_ |
|---|---|---|
| | Date of Birth _1/16/_ | Facility/Unit ASPC-TUCSON/MANZANITA |

SECTION 3, CONSENTS/REFUSALS

1101-4
12/19/12

_Tripati, Anant 102081_

**ARIZONA DEPARTMENT OF CORRECTIONS**
Duty/Special Needs Order - Inmate Health

| | |
|---|---|
| Date Issued 9/5/14 | Expiration Date 00a |

**✔ Check the Appropriate Category**

- [✔] Full Duty
- [ ] Limited Duty
- [ ] Non-Duty/No Work
- [ ] Lay In/Confined to living quarters with bathroom privileges

### ENSURE ALL LIMITATIONS ARE COMPATIBLE

**Inmate Limited Duty** (✔ Check only those that apply)

- [ ] No lifting, No pushing, No pulling, No running
- [ ] No lifting over ___10___ ___20___ ___50___ / pounds
- [ ] No repetitive bending/twisting
      Body Part _____
- [ ] No repetitive motion to injured part
      Body Part _____
- [ ] No work reaching above the shoulder
- [ ] No operation of a motor vehicle
- [ ] No climbing _____ ladders _____ stairs
- [ ] No operation of machinery or power tools
- [ ] No off-complex work assignments
- [ ] Exposure to direct sunlight only with hat, sunscreen, long sleeve shirt, etc.
- [ ] No exposure to respiratory irritants (e.g. chemicals, paints, grass cuttings, etc.)

**Other Limitations of Daily Activity** (✔ Check only those that apply)

Yes = Inmate is able to    No = Inmate is unable to

| | | |
|---|---|---|
| [ ] Yes | [✔] No | Meals in Living Quarters |
| [✔] Yes | [ ] No | Attend Schools/Programs |
| [✔] Yes | [ ] No | Field Activities _7_ day(s)/week(s) |
| [✔] Yes | [ ] No | Walk Track |
| [✔] Yes | [ ] No | Sports Activities _____ day(s)/week(s) |
| [✔] Yes | [ ] No | Visitation |
| [✔] Yes | [ ] No | Other 1) 10cc for Personal use |

3 x daily No soap
(2) lower bunk
(3) Mattress wedge
(4) foot basin (Personal)
(5) Knee brace (2)
(6) Long sleeve T-shirt (3)
(7) Orange Hat

**Additional Considerations** (8) Toe Nail clippers (Personal)
(9) Tennis shoes w/ insoles and arch supp
-To Be worn during transport
(10) long nandled tooth brush (or x8)

**Work Capacity, Specify Limitations:** (Circle either hours/day or consecutive hours)

- [ ] Workday Capacity
      Can sit _____ hours/day or consecutive hours
      Can stand _____ hours/day or consecutive hours
      Can walk _____ hours/day or consecutive hours
- [ ] Other Limitations/Considerations (Explain) _____

**Medical Property Issued**
(11) Cotton Blankets (2) Cotton Socks (7)
Cotton Boxer/briefs (7) - Personal
(12) Voice Activated word processor
due to blindness

**Medical Property to be Returned to Clinic by:**
(13) 1 Orthopedic Mattress
Severe neurologic condition
(14) Gold Bond Lotion for Allergies - Personal

| | |
|---|---|
| Provider's Name   Catalina Dupe | Provider's Title   FNP |
| Provider's Signature | Date   9/5/14 |
| Inmate's Signature | Date   9/5/14 |

| | |
|---|---|
| Inmate Name (Last, First M.I.)   Wagati | ADC Number   102081 |
| Date of Birth | Facility/Unit   ASPC T-Man |

ARIZONA DEPARTMENT OF CORRECTIONS

Duty/Special Needs Order - Inmate Health

| | Date Issued | Expiration Date |
|---|---|---|
| | 12/03/07 | NONE |

✓Check the Appropriate Category

| ☐ Full Duty | ☐ Limited Duty | ☐ Non-Duty/No Work | ☐ Lay in/Confined to living quarters with bathroom privileges |
|---|---|---|---|

## ENSURE ALL LIMITATIONS ARE COMPATIBLE

Other Limitations of Daily Activity (✓ Check only those that apply)

Yes = Inmate is able to      No = Inmate is unable to

| | Yes | No | |
|---|---|---|---|
| | ☐ Yes | ☐ No | Meals in Living Quarters |
| | ☐ Yes | ☐ No | Attend Schools/Programs |
| | ☐ Yes | ☐ No | Field Activities _____ day(s)/week(s) |
| | ☐ Yes | ☐ No | Walk Track |
| | ☐ Yes | ☐ No | Sports Activities _____ day(s)/week(s) |
| | ☐ Yes | ☐ No | Visitation No security concern |
| | ☐ Yes | ☑ No | Other on the SNO |

*(handwritten left margin, rotated):* ... for an inmate, these ... where inmate is designated ... "burden" should be valid here ... at Santa Rita

1. On Typewriter in ... / cell
2. Tennis Shoes (Medical Issue
3. Cotton Gloves _____
4. ... T Cell (3
5. Two Handle Toothbrush (a)
6. Bottom Bunk

Additional Considerations
7. Foot Basin   State Issue
8. Daily Shower even during lockdown

Medical Property Issued
9. Ice for Personal Consumption
10. Insoles   Family MD

Medical Property to be Returned to Clinic by: ...
11. Arch Support   Item as needed
See SNO, March 13, 2006 1235

*(left side, partially visible):* pounds ... hrs ... screen, ... als, paints, ... hours/day or ... ive hours

Can stand _____ hours/day or consecutive hours
Can walk _____ hours/day or consecutive hours

☐ Other Limitations/Considerations (Explain)
Per memo from Dep Dir Health Service
in Vol. III. Medical Necessity.

| Provider's Name | Provider's Title |
|---|---|
| Approved by Deputy Director Health | MD   Deputy Director Health |
| Provider's Signature   See Memo Vol. III | Date 12/1/07 |
| Inmate's Signature | Date 12/3/07 |

| Inmate Name (Last, First, M.I.) | ADC Number |
|---|---|
| Tripati, Anant | 103081 |
| Date of Birth 1/10/1954 | Facility/Unit Douglas |

Distribution:
Medical Record, ...

ARIZONA DEPARTMENT OF CORRECTIONS

Duty/Special Needs Order - Inmate Health

| Date Issued | Expiration Date |
|---|---|
| 3/16/2012 | OPEN |

**Check the Appropriate Category**

[✓] Full Duty  [ ] Limited Duty  [ ] Non-Duty/No Work  [ ] Lay in/Confined to living quarters with bathroom privileges

## ENSURE ALL LIMITATIONS ARE COMPATIBLE

### Inmate Limited Duty (✓ Check only those that apply)

[ ] No lifting, No pushing, No pulling, No running

[ ] No lifting over ___10___ 20 ___ 50 ___ pounds

[ ] No repetitive bending/twisting
    Body Part _____

[ ] No repetitive motion to injured part
    Body Part _____

[ ] No work reaching above the shoulder

[ ] No operation of a motor vehicle

[ ] No climbing _____ ladders _____ stairs

[ ] No operation of machinery or power tools

[ ] No off-complex work assignments

[ ] Exposure to direct sunlight only with hat, sunscreen, long sleeve shirt, etc.

[ ] No exposure to respiratory irritants (e.g. chemicals, paints, grass cuttings, etc.)

### Other Limitations of Daily Activity (✓ Check only those that apply)

Yes = Inmate is able to        No = Inmate is unable to

| | | |
|---|---|---|
| [ ] Yes | [✓] No | Meals in Living Quarters |
| [✓] Yes | [ ] No | Attend Schools/Programs |
| [✓] Yes | [ ] No | Field Activities ___7___ day(s)/week(s) |
| [✓] Yes | [ ] No | Walk Track |
| [✓] Yes | [ ] No | Sports Activities ___ day(s)/week(s) |
| [✓] Yes | [ ] No | Visitation |
| [✓] Yes | [ ] No | Other ① ICE FOR PERSONAL USE |

3x DAILY
② LOWER BUNK
③ MATRESS WEDGE
④ FOOT BASIN (PERSONAL)
⑤ KNEE BRACE (2)
⑥ LONG-SLEEVE T-SHIRT (3)
⑦ ORANGE HAT

### Work Capacity, Specify Limitations: (Circle either hours/day or consecutive hours)

[ ] Workday Capacity

Can sit _____ hours/day or consecutive hours

Can stand _____ hours/day or consecutive hours

Can walk _____ hours/day or consecutive hours

[ ] Other Limitations/Considerations (Explain)

_____

Additional Considerations
⑧ TOE-NAIL CLIPPERS (PERSONAL)
⑨ TENNIS SHOES W/ INSOLES and ARCH SUPPORT
— TO BE WORN DURING TRANSPORT AFTER SEARCH

Medical Property Issued
⑩ LONG HANDLED TOOTHBRUSH (ORAL B)
⑪ COTTON BLANKETS (2); COTTON SOCKS (7)
— COTTON BOXER/BRIEFS (7) - PERSONAL

Medical Property to be Returned to Clinic by:
⑫ TYPEWRITER PER NEUROLOGIST
⑬ 4-16oz. GOLD BOND LOTION ANNUALLY
FOR ALLERGIES — PERSONAL

| Provider's Name | Provider's Title |
|---|---|
| Laura S. Brown, M.D. | |

| Provider's Signature | Date |
|---|---|
| *(signature)* | 3/16/2012 |

| Inmate's Signature | Date |
|---|---|
| *(signature)* | 3/16/12 |

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| TRIPATI, ANANT K | 102081 |

| Date of Birth | Facility/Unit |
|---|---|
| 1/16/54 | ASPC-TUCSON, MANZANITA |

Date Issued
8/27/8

✓ Check the Appropriate Category

☐ Full Duty    ☐ Limited Duty    ☐ Non-Duty/N    (CONTINUE)

ENSURE ALL LIMITATION

**Inmate Limited Duty** (✓ Check only those that apply)

☐ No lifting, No pushing, No pulling, No running

☐ No lifting over ___ 10 ___ 20 ___ 50 _____ pounds

☐ No repetitive bending/twisting
Body Part _____

☐ No repetitive motion to injured part
Body Part _____

☐ No work reaching above the shoulder

☐ No operation of a motor vehicle

☐ No climbing _____ ladders _____ stairs

☐ No operation of machinery or power tools

☐ No of/complex work assignments

☐ Exposure to direct sunlight only with hat, sunscreen, long sleeve shirt, etc.

☐ No exposure to respiratory irritants (e.g. chemicals, paints, aerosols, etc.)

| | Yes = Inmate is able to | No = Inmate is unable to |
|---|---|---|
| ☒ Yes | ☐ No | Meals in Living Quarters |
| ☐ Yes | ☒ No | Attend School or activities |
| ☐ Yes | ☒ No | Field Activities |
| ☐ Yes | ☒ No | Walk Track |
| ☐ Yes | ☒ No | Sports Activities |
| ☐ Yes | ☒ No | Visitation |
| ☐ Yes | ☐ No | Other _____ |

**Work Capacity, Specify Limitations:** (Circle either hours/day or consecutive hours)

Workday Capacity

Can sit _____ hours/day or consecutive hours
Can stand _____ hours/day or consecutive hours
Can walk _____ hours/day or consecutive hours

☐ Other Limitations/Considerations (Explain)

Additional Considerations

Medical Property Issued

Medical Property to be Returned to Clinic for

| Provider's Name | Provider's Title |
|---|---|
| | |

| Provider's Signature | Date |
|---|---|
| | 8/27/8 |

| Inmate's Signature | Date |
|---|---|
| | |

Inmate Name (Last, First M.I.)

Date of Birth: 1/16/54    Facility/Unit

Inmate Health

☑ Check the Appropriate Category

☐ Full Duty   ☐ Limited Duty   ☐ Non-Duty/No Work   ☐ Lay in/Confined to living quarters with bathroom privileges

ENSU' ALL LIMITATIONS ARE COMPATIBLE

**Inmate Limited Duty** (✔ Check only those that apply)

☐ No lifting, No pushing, No pulling, No runni'

☐ No lifting over ___ 10 ___ 20 ___ 50 ___ pounds

☐ No repetitive bending/twisting
   Body Part ___

☐ No repetitive motion to injured part
   Body Part ___

☐ No work reaching above the shoulder

☐ No operation of a motor vehicle

☐ No climbing ___ ladders ___ 'tairs

☐ No operation of machinery or power tools

☐ No off-complex work assignments

☐ Exposure to direct sunlight only with hat, s 'screen, long sleeve shirt, etc.

☐ No exposure to respiratory irritants (e.g. ch' 'als, paints, grass cuttings, etc.)

**Other Limitations of Daily Activity** (✔ Check only those that apply)

Yes = Inmate is able to     No = Inmate is unable to

☐ Yes   ☐ No   Meals in Living Quarters

☐ Yes   ☐ No   Attend Schools/Programs

☐ Yes   ☐ No   Field Activities ___ day(s)/week(s)

☐ Yes   ☐ No   Walk Track

☐ Yes   ☐ No   Sports Activities ___ day(s)/week(s)

☐ Yes   ☐ No   Visitation (' Medical Necessity

☐ Yes   ☐ No   Other ') ___ for personal use ___
Shower during lockdown (' (cotton bag)
4) Wedge 5) (not tissue (6) Cotton gowns 7) Long handle
toothbrush 8) Tennis shoes w/ arch support 9) foot b...
9) Typewriter in a (l)cubicle 10) longsleeve t-shirts
* If ___ ADC doesn't ___ provide these items, inmate
may have to 9 ___ sent by his family nee pg 2o ___ 7/1/08

**Work Capacity, Specify Limitations:** (Circle with 'ours/day or 'ecutive hours)

☐ Workday Capacity
   Can sit ___ hours/day or conse 'tive hours
   Can stand ___ hours/day or conse 'tive hours
   Can walk ___ hours/day or conse 'tive hours

☐ Other Limitations/Considerations (Explain)

ider's Name  R. A. White, M.D.
AA1942007-49
ASPC   Tucson
520-57+-000 'ext. 30200

'der's Signature

'e's Signature

**Additional Considerations**

**Medical Property Issued**

**Medical Property to be Returned to Clinic by:**

**Provider's Title**

**Date**

**Date**  2/19/09

**Inmate Name** (Last, First M.I.)   TRIPATI   ADC Number  102081
**Date of Birth**  1-16-54   **Facility/Unit**

'dical Record, Canary - Unit Chief of Security, Pin' - Inmate

2

| | Date issued | Expiration Date |
|---|---|---|
| | 11/28/12 | Permanent |

## ☑ Check the Appropriate Category

| ☐ Full Duty | ☐ Limited Duty | ☐ Non-Duty/No Work | ☐ Lay in/Confined to living quarters with bathroom privileges |
|---|---|---|---|

## ENSURE ALL LIMITATIONS ARE COMPATIBLE

**For the Limited Duty** (✓ Check only those that apply)

☐ No lifting, No pushing, No pulling, No running

☐ No lifting over ___ 10 ___ 20 ___ 50 ___ pounds

☐ No repetitive bending/twisting
Body Part _____

☐ No repetitive motion to injured part
Body Part _____

☐ No work reaching above the shoulder

☐ No operation of a motor vehicle

☐ No climbing ___ ladders ___ stairs

☐ No operation of machinery or power tools

☐ No off-complex work assignments

☐ Exposure to direct sunlight only with hat, sunscreen, long sleeve shirt, etc.

☐ No exposure to respiratory irritants (e.g. chemicals, paints, dust, cuttings, etc.)

**Other Limitations of Daily Activity** (✓ Check only those that apply)

Yes = Inmate is able to        No = Inmate is unable to

| Yes | No | |
|---|---|---|
| ☐ | ☐ | Meals in Living Quarters |
| ☐ | ☐ | Attend Schools/Programs |
| ☐ | ☐ | Field Activities ___ days/week |
| ☐ | ☐ | Walk Track |
| ☐ | ☐ | Sports Activities ___ day(s)/week |
| ☐ | ☐ | Visitation |
| ☐ | ☐ | Other TENS for Personal Use 3x Daily |

① Lower Bunk
② Mattress Wedge
③ Foot Brace (Personal)
④ Knee Brace(s)
⑤ Long Sleeve T-shirt(s)
⑥ Orange Hat
⑦ Toe Nail Clipper/Issued

**Work Capacity, Specify Limitations:** (Circle either hours/day or consecutive hours)

___/day Capacity

☐ Can sit ___ hours/day or consecutive hours

☐ Can stand ___ hours/day or consecutive hours

☐ Can walk ___ hours/day or consecutive hours

☐ Other Limitations/Considerations (Explain)
_____

**Additional Considerations**
① Tennis shoes w/inserts and ankle supports to be worn during transports

**Medical Property Issued**
⑩ Long Handled Tooth Brush (ORAL B)
⑪ Cotton Blankets (2) Cotton towels(1) - Cotton Boxers (Briefs(1) Personal)

**Medical Property to be Returned to Clinic by:**
⑬ Typewriter for Neurologist
⑭ Y-1602 Cold Brace

| Provider's Name | Provider's Title Dimitri Catsaros, MD |
|---|---|
| Dimitri Catsaros MD | MD   DEA #AA1942007-352 |

| Provider's Signature | Date |
|---|---|
| Catsaros | 11/28/12 |

| Inmate's Signature | Date |
|---|---|
| | 11/28/12 |

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| TRIPART ANANE | 1020881 |

| Date of Birth | Facility/Unit |
|---|---|
| | MACAREED |

# ARIZONA DEPARTMENT OF CORRECTIONS
## Duty/Special Needs Order - Inmate Health

| Date Issued | Expiration Date |
|---|---|
| 11-16-06 | OPEN |

### Check the Appropriate Category

- [ ] Full Duty
- [ ] Limited Duty
- [✓] Non-Duty/No Work
- [ ] Lay In/Confined to living quarters with bathroom privileges

## ENSURE ALL LIMITATIONS ARE COMPATIBLE

### Inmate Limited Duty (✓ Check only those that apply)

- [ ] No lifting, No pushing, No pulling, No running
- [ ] No lifting over ____ 10 ____ 20 ____ 50 ____ pounds
- [ ] No repetitive bending/twisting
      Body Part _____
- [ ] No repetitive motion to injured part
      Body Part _____
- [ ] No work reaching above the shoulder
- [ ] No operation of a motor vehicle
- [ ] No climbing ____ ladders ____ stairs
- [ ] No operation of machinery or power tools
- [ ] No off-complex work assignments
- [ ] Exposure to direct sunlight only with hat, sunscreen, long sleeve shirt, etc.
- [ ] No exposure to respiratory irritants (e.g. chemicals, paints, grass cuttings, etc.)

### Other Limitations of Daily Activity (✓ Check only those that apply)

Yes = Inmate is able to    No = Inmate is unable to

| | Yes | No | |
|---|---|---|---|
| | [ ] | [✓] | Meals in Living Quarters |
| | [✓] | [ ] | Attend Schools/Programs |
| | [ ] | [✓] | Field Activities ____ day(s)/week(s) |
| | [ ] | [✓] | Walk Track |
| | [ ] | [✓] | Sports Activities ____ day(s)/week(s) |
| | [✓] | [ ] | Visitation |
| | [ ] | [ ] | Other ① ICE FOR PERSONAL USE 3X DAILY |

② LOWER BUNK
③ MATRESS WEDGE
④ FOOT BASIN (PERSONAL)
⑤ KNEE BRACE (2)
⑥ LONG SLEEVE T-SHIRT
⑦ ORANGE HAT

### Work Capacity, Specify Limitations: (Circle either hours/day or consecutive hours)

- [ ] Workday Capacity
  - Can sit ____ hours/day or consecutive hours
  - Can stand ____ hours/day or consecutive hours
  - Can walk ____ hours/day or consecutive hours
- [ ] Other Limitations/Considerations (Explain)
  _____

### Additional Considerations →
① TOE NAIL CLIPPERS (PERSONAL)
② TENNIS SHOES W/INSOLES AND ARCH SUPPORT
- TO BE WORN DURING TRANSPORT AFTER SEARCH

### Medical Property Issued:
① LONG HANDLE TOOTHBRUSH (ORAL B)
② COTTON BLANKETS (2) COTTON SOCKS (?)
- COTTON BOXERS/BRIEFS (?) MATTRESS (2) (EXTRA BED ROLL TUBES)

### Medical Property to be Returned to Clinic by:
① TYPEWRITER PER NEUROLOGIST
② 4-16oz GOLD BOND ANNUALLY
FOR ALLERGIES - PERSONAL

| Provider's Name Raymundo Villalva, M.D. DEA #BA0249385-98 | Provider's Title |
|---|---|
| Provider's Signature | Date |
| Inmate's Signature | Date 11/16/06 |

| Inmate Name (Last, First M.I.) TRIPATI, ANANT K | ADC Number 102081 |
|---|---|
| Date of Birth 1-16-54 | Facility/Unit ASPC - COOK |

**ARIZONA DEPARTMENT OF CORRECTIONS**
**DIRECTOR'S OFFICE**

**MEMORANDUM**

**TO:**     **DISTRIBUTION**

**FROM:**   **CHARLES L. RYAN**

**DATE:**   JULY 29, 2015

**SUBJECT:**   Director's Instruction #___338___, Housing Criteria for medical and mental health units at ASPC-Phoenix and ASPC- Tucson.

This Director's Instruction is effective immediately and supersedes Department Order #704, Inmate Regulations, Section 704.08 – Inmate Housing Assignments, subsections 1.5.6 through 1.5.6.3, dated July 6, 2013. This Director's Instruction will remain in effect until incorporated into Department Order #704, Inmate Regulations.

## PURPOSE

This Director's Instruction provides the criteria for housing inmates at medical and mental health units located at the ASPC-Phoenix, Baker, King, John, Ida and George Wards and the ASPC-Tucson, Manzanita and Rincon units.

## ASPC-PHOENIX UNITS

1.0   Maximum Custody inmates approved for placement at Flamenco (King, John, Ida and George Wards) shall be classified as a custody override to close. Upon discharge they shall be reclassified back to maximum custody if appropriate.

2.0   Maximum Custody inmates approved for Baker Ward do not require a custody override to close and shall participate in the maximum custody step program.

3.0   Inmates approved for placement at Baker or Flamenco Wards who have Do Not House With conflicts with other inmates at these units shall be reviewed on a case by case basis to determine if the Do Not House With conflict would make them ineligible for placement or if the Do Not House With conflict could be overridden or resolved.

4.0   Mental Health staff shall request all movement in and out of Baker and Flamenco Wards through the Offender Services Bureau Administrator or designee. Only Mental Health staff can recommend movement in or out of Flamenco and Baker Wards.

5.0   Baker Ward:

5.1   Maximum Custody and below.

2.2    No Sex Offenders.

2.3    No inmates approved for Protective Custody.

3.0    Manzanita Housing Unit 6 Special Needs Unit:

    3.1    Minimum and medium custody only.

    3.2    Sex offenders are eligible.

    3.3    No inmates approved for Protective Custody.

4.0    Rincon Housing Unit 8 Able Special Needs Unit:

    4.1    Minimum, Medium, Close and Maximum custody inmates.

    4.2    Sex offenders are eligible.

    4.3    Inmates approved for protective custody are eligible.

5.0    Rincon Housing Unit 9 Inpatient Care:

    5.1    Minimum, Medium, Close and Maximum custody inmates.

    5.2    Sex Offenders are eligible.

    5.3    Inmates approved for Protective Custody are eligible.

6.0    Overrides from maximum to close or close to medium for medical reasons will be considered. The unit CO IV will review on a case-by-case basis and consult with the medical and the unit administrator. The override shall be approved by Central Office Classification prior to placement.

**DEFINITIONS:**

INPATIENT CARE (IPC): Care provided to inmates with an illness or diagnosis that requires daily monitoring, medication and/or therapy, or assistance with activities of daily living at a level needing skilled nursing intervention.

SPECIAL NEEDS UNIT (SNU): Care provided to inmates with an illness or diagnosis that may require monitoring, medication and/or therapy less frequently than in an infirmary setting, or may require assistance with activities of daily living by unlicensed assistive personnel.

RESIDENTIAL CARE: Care provided to inmates whose health needs require a more protective medical environment than that in the general population housing areas. Equivalent to home care for those not confined to an institutional setting.

{Original Signature on File}

5.2     Inmates approved for Protective Custody are eligible.

5.3     Sex Offenders are eligible.

6.0    King Ward:

6.1     Close custody and below. Maximum custody inmates shall be overridden to close custody.

6.2     No inmates approved for Protective Custody.

6.3     Sex Offenders are eligible.

7.0    John Ward:

7.1     Close custody and below. Maximum custody inmates shall be overridden to close custody.

7.2     Protective Custody inmates only.

7.3     Sex offenders approved for protective custody are eligible.

8.0    Ida Ward:

8.1     Close custody and below. Maximum custody inmates shall be overridden to close custody.

8.2     No inmates approved for Protective Custody.

8.3     Sex Offenders are eligible.

9.0    George Ward:

9.1     Close custody below female inmates only. Maximum custody inmates shall be overridden to close custody.

9.2     Protective custody inmates are eligible.

9.3     Sex Offenders are eligible.

## ASPC-TUCSON RINCON AND MANZANITA UNITS:

1.0    Medical shall approve all placements and discharges for the following units and coordinate movement through the Central Office Classification movement officer.

2.0    Manzanita Housing Unit 5 Residential Medical Housing:

2.1     Minimum and medium custody only.

# ARIZONA DEPARTMENT OF CORRECTIONS
Office of Legal / Legislative Services

## MEMORANDUM

TO:      Greg Fizer, Complex Warden, Tucson Complex

FROM:    Daryl Johnson, Monitor, Legal Access

DATE:    September 2nd, 2008

SUBJECT: Inmate Tripati # 102081

After Discussions with assistant Arizona Attorney General Paul Carter, Michael Brodsky and Kelley Morrissey, it is our conclusion that inmate Tripati must be barred from making copies of legal materials and from sending legal mail of any sort, unless he pays for these services in advance. Policies as related to these matters must be over looked entirely.

Inmate Tripati has challenged and consistently seeks to challenge the methods employed by ADOC and the Arizona Attorney General's Office in the matter of prisoner litigation. Neither the particular judges involved, nor the AG's staff for that matter, can tolerate his tactics.

He has established various websites, published books, and to Wit, has gained general public support for his cause. He is even seeking to impose international sanctions!

If we do not firewall this inmate and otherwise prevent him from gaining further inroads to progress, and if any judge gives him a hearing, the cost to the Department may indeed prove detrimental.

Judges in Phoenix and Florence will take no action. Your assistance in this matter will be duly rewarded.

# ARIZONA DEPARTMENT OF CORRECT

## MEMORANDUM

47

TO: Terry L. Stewart, Director

FROM: ~~[signature]~~ ccf

NOV 2 9 1999

ARIZONA STATE PRISON
PERRYVILLE

SUBJECT: Tripati, Anant Kumar #102081

DATE: 24 Nov.

Tripati, Anant Kumar #102081

I have reviewed the claims made by I/m Tripati reviewed documents interviewed staff and inmates in the process. The Dept. did in fact lose th 80 pages 2 boxes interview tape typewriter fan and clothes. I contacted the County Attorneys Office and also the AG's Office regarding this matter. They are concerned as they believe I/m Tripati may be released if the matter is not resolved as soon as possible.

Too many inmates are losing their property/legal materials in the Santa Cruz Unit. Inmates Palomino 120586 / Radley 137770 / Minehart 133002 / Monroe 133337 / Ekmanis 56522 have lost their legal materials/property. This is because responsible staff are not handling legal materials/property in accordance with policy. As the Dept. has lost I/m Tripati's property he should be reimbursed. When I interviewed the inmate I got the distinct impression the inmate would settle the matter if some sort of letter is mailed to the proper courts explaining the loss and replacing the lost items. I think such a letter should be sent by Warden Elliott or CO IV Gabbert as the inmate feels these two people have been very fair towards him and CO III Gilbert tried to coverup. If this is not settled soon it may prove to be very fatal for the Dept.

cc: C. J. Neese ASPc Perryville Business OCC... T/ T ...

ARIZONA DEPARTMENT OF CORRECTIONS

MEMORANDUM

TO:       Terry L. Stewart, Director

FROM:     Frank Johnson, RMI

DATE:     January 18, 2000

SUBJECT:  Anant Kumar Tripati v State Of Arizona (CV#99-20757)


I have concluded after further investigations into the
allegations made by inmate Tripati, ADC # 102081 regarding
the loss of 80 pages, a tape with two witness interviews,
9 boxes, fan, typewriter, and other materials and have made
the determination that this inmate must be compensated for
the loss. The Superior Court denied the Rule 32 filed by the
inmate as he was unable to produce the 80 pages and tape lost
by the Department.

The Attorney General's Office must settle inmate Tripati's
claims ASAP. This case is especially serious because the
evidence lost, prevents the inmate from obtaining his release
from custody and there are no duplicates available.

As the State has lost the tape and 80 pages plus the other
items of property, the Department must do all it can to
ensure the inmate obtains the necessary hearing in his Rule
32 without the 80 pages and tape because the inmate was not
at fault in this matter.



cc: Darla Elliott, Warden, ASPC-Parryville
    Inmate Tripati # 102081



RECEIVED

JAN 2 1 2000

ARIZONA STATE PRISON
PERRYVILLE

48

To (first line supervisor) _Akallei Lynn_   Title _Dep Director_   Unit ____

From (print) _Gary White_   Title _CO II_   Unit _803_

Subject _Mike Gabbert   CO IV_

STAFF NAME (Last, First, MI) _Mike Gabbert_   Title _CO IV_   Badge Number

STAFF NAME (Last, First, MI)   Title   Badge Number

INTELLIGENCE CATEGORY 1:   INTELLIGENCE CATEGORY 2:

SOURCE TYPE:   SOURCE LAST NAME:   SOURCE ADC #

INMATE'S NAME (LAST, FIRST, MI) _Wilhill Austin K_   ADC # _72081_   UNIT _803_   HU/BED _14-240_   INVOLVED AS:

INMATE'S NAME (LAST, FIRST, MI)   ADC #   UNIT   HU/BED   INVOLVED AS:

Time _1830_   Date _10-29-99_   Location _803_

SUMMARY

CO IV Gabbert followed me while on my way called
was 5 all needed to go papers to be destroyed. per CO IV
Duccin will make certain I have not have Account
and there _____ He will speak to officer need
about matter. Advise CO IV He does not to
done because IA has copied and still lost
items CO IV ordered me to change records on
certain Officers. I refuse to obey order

Signature _Gary White_

Comments/Actions Taken

SEE SEPARATE MEMO. SPOKE TO JUDGE RON REINSTEIN, Jonathan Schwartz,
GREGORY MARTIN AND S. CHRISTOPHER COPPLE THEY WANT DOCUMENTS
DESTROYED PER ALL JUDGES. JUDGE SCHNEIDER WILL DISMISS
CIV 99-20757 DEPT. IS PROTECTED.

Signature _____   Date _NOV 25-99_

Distribution: (check all that apply)   Entered Into Data Base

[ ]   BY: _____   Form: 4000002

INMATE NAME  Trinti, Anant K          ADC# 102081
INSTITUTION/UNIT  Rainey Rd 4A2

FROM  John Kmir     LOCATION  Lewis     DATE 6-12-02

I have looked into your inmate letter to Mike Torman and offer the following: (a) I have located the CO who destroyed the two boxes seized 12-12-00. He was directed by legal services to destroy these. (b) I have located the CO who wrote the 10-29-99 I/R and he tells me he does not know why the I/R was not logged. (c) I verified the contents of the 11-15-99 memo to Cim _____ se. The memo is inaccurate. Upon the instructions of Judy Gabbart, the documents were destroyed. (d) I spoke to staff who contacted Judges Ronald Reinstein, Jonathan Schwartz and Gregory Martin and he confirms the truth of the notation in the I/R. (e) I spoke to Robert Tougner about his declaration. He states the facts are not correct and Mike O'Toole Attorney General told him what to say. (f) I spoke to Frank Kmir. He told me that Kelley Attorney General asked him to submit the affidavit and she knew it was false. (g) I found this I/R supplement in your property file, which may help you _____

| Name' | ADC # | Date | Institution/Unit |
|-------|-------|------|------------------|
| Anant Kumar Tripati | 102081 | Nov 21, 2003 | Barchey/6F1 |

SUBJECT: Property Issues

TO INDIVIDUAL: Warden William Gaspar    LOCATION: Complex

PLEASE DESCRIBE YOUR PROBLEM OR QUESTION COMPLETELY: Staff at CDU lost my property and I grievance L06-163-001 which I won. However, the State did not offer me any compensation for lost property because staff wrote the wrong unit. The AG says I was 'offered compensation.' C you check this please. I understand that every mail and property that comes into ADC is che for contraband. The AG says that in every shakedown, you people check, by removing covers, from contraband. I have been here since 1994 and have never seen this done. Why? Can you please review these documents and tell me whether they are the same documents signed by Mr. Woolse and Stewart? If I must contact someone else, please tell me who. Thanks.

Tripati you were denied compensation in 163-001 because staff use the wrong unit. This happens frequently when staff work in other units, but not their assigned units. At intake was advised of this fact. As the issue is no longer at hand do nothing. Every time for mail and prop is inspected for contraband which is not open any time and search them contraband during searches. contraband is found that item is seized and forfeited to the state. My investigation leads me to conclude the document dated April 26, 2002 and notarized April 25th, 2002 in CV 2001-008941 not the same document the Director signed. The documents in CV 2002-14710 sign by DW Woolsey on 15th Jan 2003 and Director Stewart on 10-30-02 c not the same documents signed by Susanna C. Pineda.

Inmate Signature

HAVE YOU DISCUSSED THIS WITH INSTITUTION STAFF?    [ ]YES    [ ]NO

If yes, give the staff member's name _____

# ARIZONA DEPARTMENT OF CORRECTIONS
## LYMAN COMPLEX – COOK UNIT

## MEMORANDUM

To:         Sam Sublett, Deputy Director

From:       Regina Martinez, Associate Deputy Warden

Date:       May 8, 2006

Subject:    Inmate Tripati #102081

ADW Rennvebber of Barchey Unit spoke to D.W. Arnold; CO IV Tucker and CO III Bullock regarding this inmate. She informed them Legal Access Monitor Johnson; Asst. Atty. Gen. Brodsky and Carter want inmate to be denied legal access and Cook Unit would be the ideal place for this.

Upon her request staff seized and destroyed inmate's property. We have also restricted inmate's legal mail, legal calls, legal copies and special visits.

Mr. Johnson and Carter spoke to CO III Bullock and upon their request she altered the property documents. We have shut the inmate out of the grievance process.

Librarian Ruboyianes did not intend to harm the inmate when he made statements to other inmates. He however should have known better.

Legal Access Monitor Johnson and Attorney General Assistants Brodsky and as well as Carter are calling unit staff to take actions against this inmate. Staff act upon requests they make. They do not make similar requests for action against other inmates.

# ARIZONA STATE DEPARTMENT OF CORRECTIONS
## Offender Operations

## MEMORANDUM

TO:      John Ontiveros, Complex Warden, Eyman

FROM:    Sam Sublett, Division Director, Offender Operations

DATE:    March 29, 2006

SUBJECT:  Inmate Tripati # 102081

As discussed you are correct Legal Services: Monitor Legal Access Daryl Johnson and the Attorney General's Staff have personal issues with this inmate. Due to the issues the interest of the Department is compromised.

Inmate Tripati is allowed to keep his typewriter . The Department allows inmates to use typewriters if they have a medical need. Inmates are allowed use of computers for education.

Inmate is allowed to have his family purchase typewriter supplies; a replacement typewriter; ribbons and other legal supplies.

These items may be sent as legal mail.

This approval can only be overturned if the Director or I give a written directive.

The approval is valid for the duration of the inmate's confinement.

ARIZONA DEPARTMENT OF CORRECTIONS

MEMORANDUM

CONFIDENTIAL

To: EYMAN COMPLEX WARDEN / ONTIVEROS

From: SPECIAL ASSIGNMENT / GARCIA

Date: OCTOBER 24 2006

Subject: TRIPATI 102081

HIGH PROFILE I\M, SED 2044, TRUSTED BY MOST STAFF\ INMATE REFUSED INTERVIEW

DEPT. RECOMMENDED PAYMENT FOR PROPERTY, LEGAL MATERIALS, AND EVIDENCE LOST INTENTIONALLY BY STAFF. I/M FILED LAWSUITS, CV 1999-20757; CV 2002-14210; CV 2002-15874. MARICOPA JUDGES REINSTEIN, SCHWARTZ, MARTIN REQUESTED EVIDENCE BE DESTROYED. A.G. OFFICE, LEGAL SERVICES HAD STAFF CREATE/DESTROY EVIDENCE, SUBMIT FALSE AFFIDAVITS.

I/M CHALLENGING USE OF FALSE EVIDENCE AND CREATION/DESTRUCTION. MOVED FROM L06-A14 BY ADW ROMWEBER ON REQUEST OF DARYL JOHNSON. A14 ENGAGED IN MISCONDUCT IN FILED/REJECTED GRIEVANCES. I'M KNOWN TO RESOLVE ISSUES W/O GRIEVANCES.

I/R'S 5/27/99; 10/29/99; 1/20/01; 4/9/01; 3/18/06. I'M LETTER\ RESPONSE 11/21/03; 11/17/03; 4/6/01; 4/25/01; 11/19/97 WRITTEN BY STAFF. CORRECTLY OUTLINE EVENTS. SUPPORTED BY FAXES, E-MAILS, MEMOS, NOTES, AIMS

TO AVOID BEING NAMED IN LAWSUITS STAFF SCRIBBLE I.D'S; DO NOT COMPLETE FORMS IN ANY STANDARD MANNER [SEE DECLARATION OF M. PATRICIA FISHER JUNE 26, 2006]. LEAVE MAIL IN I/M'S HOUSING AREA WHEN I'M NOT IN.

TRIPATI HAS SUBSTANTIAL ASSISTANCE FROM FAMILY, FRIENDS, AND MAINTAINS A WEBSITE.

DOCUMENTATION SHOWS COVERUP BY GROUPS OF MARICOPA JUDGES WITH ASSISTANCE FROM THE A.G. OFFICE, LEGAL SERVICES, CIU. SOMEONE WITH CLOUT BEING PROTECTED. A.G.'S OFFICE WANTS NO HEARING/DISCOVERY



To: Susan Sterling Wahlin / Asst. Atty Gen. Fax (602) 542-7670

From: _(signature)_

Date: August 2nd, 2004

Subject: Our Conversation about Trapati # 102081,
CV99-20757, 01-18744, 02-14210, 02-15574

Affidavits submitted by staff do not include grievances
filed on property loss by inmates as Ms. Monroviey
did not want that information. Responding staff did
not approve or read the discovery responses. All info
requested in the discovery has been destroyed. Staff
destroyed the information as they were informed by
Judge Reinstein, Mooney and Schwartz that they will
not be held liable. Property gets lost very often.
Trapatis property was lost by staff. I believe the
tape and 80 pages were intentionally destroyed.
Documents presented by trapati are authentic. I have
spoken to Judge O'melia today.

Date: December 20th, 2006

TO: John Ontiveros, Warden Eyman Complex

FROM: _[signature]_

SUBJECT: Report and Recommendation — Anant Tripati #102081

At your request, I conducted an investigation. After interviewing a number of staff members and reviewing the documentation listed, I offer the following conclusions and recommendations.

1. The Inmate Letter Responses and other documentation support the contents of the Information Reports. However, there is a gap in continuity because of undocumented oral and informal communications between staff members and the Attorney General's Office and the judicial officers who those staff members consulted. Had the Department required staff members to record such contacts (e.g., a memorandum containing date and substance of conversation) it would not have been possible for anyone to falsify or destroy official records without leaving a trail we could follow to the source.

2. Policy allows inmates to keep a box full of religious articles, including books. Policy also allows inmates to have an unlimited number of books ~~used~~ ~~for education~~ purposes and, as well, ready access to compact disks, computers, printers, vide~~os~~ and such. However, policy restricts the number of law books an inmate may have and absolut~~ely~~ ~~any~~ computer ~~access~~ for doing legal work. Although records show ~~inmate~~ Tripati was granted an exception to this policy for his law books, records also show Deputy Warden Arnold ~~did not~~ honor the agreement at the Cook Unit. This disparity needs ~~to be address~~ed.

3. After inmate T~~ripati was held~~ ~~by~~ the courts for ~~contempt~~ order, CO III Bullock altered his property records ~~and this~~ was done ~~at~~ the direction of Daryl Johnson ~~and Paul Carter.

4. I can see where CO III Tucker and/or Deputy Warden Arnold were responsible for denying inmate Tripati's requests to call his attorney by telephone. However, nowhere in the documentation I reviewed could I find what their reasons were. If the Department is going to deny an inmate contact with his or her attorney, a record must be kept to show that there was a legitimate reason for infringing on the attorney-client privilege (for example, institutional security).

5. Just as detailed records must be kept with regard to legal telephone calls, records must be kept, just as meticulously, to show why an inmate's access to his stored legal materials or to the mails is being restricted. Although inmate Tripati's complaints are numerous, I cannot find any documented reason given why staff would have been ~~legitimately~~ restricting inmate Tripati's legal mail or denying him access to his legal materials. This is a widespread problem. I would suggest that the problem be investigated further as to all inmates at the Cook Unit.

6. It seems to me that inmate Tripati's complaints against Victor Roboyianos were dismissed out of hand, without any investigation whatsoever. Any time a staff member endangers the safety of an inmate by labeling him a "snitch", a full inquiry MUST be made. The incident of which inmate Tripati complains did not happen between only him and Roboyianos, but involved other inmates. The absence of any witness statements from any of these inmates tells me that the matter was not investigated — that inmate Tripati's complaint was dismissed upon Roboyianos' denial of any wrongdoing. Of relevance also would be a statement as to whether

FORM: 80000000
Rev. 02/25/89

# ARIZONA DEPARTMENT OF CORRECTIONS

## M E M O R A N D U M

Date: December 20th 2006

TO: John Ontiveros, Warden Eyman Complex

FROM: _(signature)_

SUBJECT: Report and Recommendation Anant Tripati # 102081

Rubeyianes has a history of harassing or retaliating against inmates; but there was no such information provided. This lack of information suggests a cover-up.

7. I am also persuaded by the evidence (especially that from the handwriting expert) that Rubeyianes lost inmate Tripati's legal documents, why was the investigation terminated after Rubeyianes denied losing them? Again the lack of investigation suggests a cover-up.

8. D.O. 802 says that the Inmate Grievance System is supposed to provide to the Department's inmates a timely administrative remedy to resolve complaints that "might otherwise unnecessarily burden the courts". A review of the grievances filed by inmate Tripati reveals that he has consistantly utilized the grievance process to resolve his complaints. But a review of the responses to these grievances (and appeals show a disturbing pattern of not resolving his complaints at the administrative level, almost as if no thought were being given to prevent the very litigation inmate Tripati is most capable of bringing. Again, this is a systemic problem. I would suggest that all of inmate Tripati's Inmate Grievances be re_____ed and the _____; secondly, that the problem be investigated further and that all inmates at the Cook Unit. Cook Unit staff must not reject grievances filed by inmates as a vehicle to cover-up for staff.

Documents to be submitted for Report and Recommendation

Letters from attorney, Mr. Frederick A. Romero
Letters from Dr. Aradhma Tripati
Letters from Mr. Glen Makiri
Letters from Mr. William Liebman
Letters from Mr. John Culver
Declaration of Ms. Patricia Fisher, June 26, 2006
Information Reports dated 10/29/99, 03/08/06
Inmate Letter dated 11/21/03 (with added note dated 11/06/04)
Inmate Letter Responses dated 11/17/03, 04/06/01, 04/25/01 and 11/19/97
File maintained by C.I.U.
File maintained by Deputy Wardens (Barchey and Cook Unit)
File maintained by Wardens (Lewis Complex and Eyman Complex)
File maintained by A.D.C.'s Legal Services
File maintained by Central Office
98 E-Mails between A.D.C. employees
145 E-Mails between A.D.C. staff and The Attorney General's Office
Grievance Records

Form: 80000000
Rev. 02/25/89

3036

# ARIZONA DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 138 | Tripati | 102081 | A14-024-006 | Eyman | Cook |

In your grievance filed at Cook Unit, you claim that CO III Bullock falsified evidence by forging your property documents.

In the response to your formal grievance, the Deputy Warden advised that CO III Bullock did not and has not admitted that any documents were forged. You were verbally informed by CO III Bullock in the presence of CO III Marlette that your forms were amended to prevent the possibility of your property being destroyed.

Your grievance has been reviewed at the Central Office level. A copy of the court order from Honorable Judge Mark W. Armstrong, dated March 30, 2005, states in part, "it is ordered granting Plaintiff's Motion to Direct Property Not Be Destroyed. The Court has signed the formal written order submitted by Plaintiff, but limited to Plaintiff alone. The Court deems this order to be consistent with and in furtherance of previous orders by this Court." Your Inmate Property/Contraband Release and Seized Property Receipt forms have been amended with the following information added to the form: "Pursuant to the Order of Judge Mark Armstrong dated March 30, 2005, this form is amended to require that none of the property listed will be destroyed. All property will be stored until a further court order is issued."

The amendment was added to your property documents to ensure compliance with the provisions of the court order to prevent destruction of your property.

The response from the unit is affirmed.

cc: John Ontiveros, Warden, Eyman Complex
    Deputy Warden, Cook Unit

aa

_____
Appeals Officer

_____
Administrator

_____
Dora Schriro, Director
Dep. Director

_1-23-07_
Date

RECEIVED 2-6-07

# APPROVAL OF DISTANCE LEARNING MATERIALS/ARRANGEMENTS

Inmate Name: __Tripati, Arant__  DOC#: __102081__
Plense Print

School/College/University Name: __University of London and related colleges__

| Course Name | Course# | Section# | Start Date | End Date |
|---|---|---|---|---|
| PHD | | | oN going | OPEN |

Current Student __X__ YES_____ NO If yes, program enrolled in_____

Please circle all of the following that are required for your course based on the information contained in the course catalog or textbook list.

1 = Audio Cassette
2 = Teleconferencing
3 = Video Cassette
4 = Calculator
(5) = Computer disk
    Type __CD-Rom_____

6 = In Person Orientation
7 = In Person Lab
8 = Televised Lecture
9 = Lab Kit (Contents_____
_____
_____ )

If your class requires one or more of these items, indicate below the arrangements that have been made for them (i.e., location of access, person supervising access, times, etc.).

__I/m Tripati to review/study CD-Rom's in Resource Center(s).__
__Approved to recieve any and all necessary tex/study book/guides.__

_____

INMATES SIGNATURE:
__Arant Imov__  __102081__  __3/19/15__
Name (Please Print)       DOC #        Signature/Date

APPROVAL OF CEPS/CEPM/EDUCATION COORDINATOR
__Vicki Lawton__  __CEPS__  __Vicki Lawton__
Name (Please Print)    Title       Signature/Date

APPROVAL OF WARDEN/DEPUTY WARDEN (if receipt of item requires approval as per DO 909, Mail/Property and stores
__Days__  __Deputy Warden__  __2/28/15__
Name (Please Print)    Title       Signature/Date

THIS FORM MUST BE FILLED OUT FOR **EACH** CLASS YOU ARE REGISTERING FOR.