ANANT KUMAR TRIPATI   102081
Name and Prisoner/Booking Number

Arizona State Prison Complex- Florence
Place of Confinement

P.O. Box 5000 - East Unit
Mailing Address

Florence  Arizona  85132
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

ANANT   KUMAR   TRIPATI                )
(Full Name of Plaintiff)              )
             Plaintiff,          )
                                       )
         vs.                   )    CASE NO. 16-CV-00282-DCB
                                       )    (To be supplied by the Clerk)
(1) CORIZON INC                        )
(Full Name of Defendant)              )
                                       )
(2) DR. Calvin Johnson                 )
                                       )    **CIVIL RIGHTS COMPLAINT**
(3) B. ANDERSON FLATT                  )    **BY A PRISONER**
                                       )    ~~Injunction Requested~~
(4) TRACY NOLAN                        )
                                       )    ☐ Original Complaint
        Defendant(s).          )    ☐ First Amended Complaint
☒ Check if there are additional Defendants and attach page 1-A listing them.  )  ☒ Second Amended Complaint
                                       )    INJUNCTION REQUESTED

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983, ADA, RA, 28 USC 2201, Rule 65, 42 USC 1985, 1986
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: 28 USC 1332; I Am A British Citizen Defendants of Arizona and Tennessee;
   Amount in Controversy exceeds $250,000 exclusive interest and costs (~~Exhibit A~~)

2. Institution/city where violation occurred: ASPC-Tucson; ASPC-Florence; ASPC-Lewis; ASPC-Perryville.

**550/555**

## PAGE 1A

5. TAMARA PORTER.
6. JONATHAN WALKER.
7. DR. WOODROW MYERS.
8. KAREN WITTY.
9. DR. HAROLD ORR.
10. SCOTT BOWERS.
11. DR. LUCY BURCIAGA
12. LISA LYON.
13. ANGELA MARTINEZ.
14. DR. CHRIS JOHNSON
15. GLEN PACHECHO
16. Panann Days.
17. Anna Jacobs.
18. Marlene Bedoya
19. DEBRA HAN.
20. Annemarie SMITH-WHITSON.
21. Aurora Aquillar
22. DR. DAVID ROBERTSON.
23. Julia Erwin
24. CHERYL DOSSETT
25. DARYL JOHNSON
26. Charles Ryan
27. Regina DORSEY.
28. Elizabeth Valencia
29. Stacy Crabtree
30. Karyn Klausner.
31. Juliette Respicio-Moriarity

## Page 1B

32) Joanna Grafton
33) Betty Ullibarri
34) Paul Edward Carter.
35) Susanna Pineda
36) ~~Joa~~ Kelly Joan Mozzicey.
37) Michael O'Toole.
38) Susan Rogers
39) Arizona Attorney General.

## B. DEFENDANTS

1. Name of first Defendant: __Corizon Inc__ . The first Defendant is employed as:
__Health Care Provider__ at __ADOC__ .
(Position and Title)                    (Institution)

2. Name of second Defendant: __Dr Calvin Johnson__ . The second Defendant is employed as:
__Policy-maker__ at __Corizon__ .
(Position and Title)                    (Institution)

3. Name of third Defendant: __B. Anderson Flatt__ . The third Defendant is employed as:
__Policy-Maker__ at __Corizon__ .
(Position and Title)                    (Institution)

4. Name of fourth Defendant: __Tracy Nolan__ . The fourth Defendant is employed as:
__Policy-maker__ at __Corizon__ .
(Position and Title)                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☒ Yes        ☐ No

2. If yes, how many lawsuits have you filed? __3 plus__ Describe the previous lawsuits: __I am unable to provide all the information, as ADoc has lost my medical files.__

   a. First prior lawsuit:
      1. Parties: __Tripati__ v. __Mark Hale et al__
      2. Court and case number: __CV 15-0140-DCB__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Pending__

   b. Second prior lawsuit:
      1. Parties: __Tripati__ v. __Corizon__
      2. Court and case number: __CV 13-0615-DCB__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __appealed Pending No: 16-15598__

   c. Third prior lawsuit:
      1. Parties: __Tripati__ v. __Johnson__
      2. Court and case number: __CV 11-0195-ANT__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __appeal pending__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

# PAGE 2A

## CORIZON POLICY MAKERS

(5) Jonathan WALKER          (6) DR. WOODROW MYERS
(7) KAREN WITH               (8) DR. HAROLD ORR
(9) SCOTT BOWERS             (10) DR. LUCY BURCIAGA

## CORIZON HEALTH CARE STAFF

(11) TAMARA PORTER R.N.      (12) LISA LYON R.N
(13) ANGELA MARTINEZ R.N     (14) DR. CHARLIE JOHNSON
(15) JOANNA GRESTON N.P.

## ADOC POLICY MAKERS

(16) CHARLES RYAN            (17) Paul CARTER
(18) Susanne PIÑEDA          (19) Karyn KLAUSNER
(20) ARIZONA ATTORNEY GENERAL (21) Michael O'TOOLE.
(22) Kelly Joan MORRISSEN    (23) SUSAN ROGERS

## ADOC EMPLOYEES

(24) Glen Pachecho D.W       (25) Panenn Days D.W
(26) Anna Jacobs D.W         (27) Marlene Booma, C.M.
(28) DEBRA HAN LUTD          (29) Aurora Aguillar, Asst. Off.
(30) DR. DAVID ROBERTSON     (31) Julia Edwin, Monitor
(32) Cheryl Dossett Appeals  (33) Regina Dorsey Cent. Off.
(34) Juliette Respicio- Mortality Appeals (35) BETH ULLIBERRY Parole
(36) Elizabeth Valencia Appeals (37) DARYL Johnson Monitor
(38) STACY CRABTREE Classification (39) Anne Marie Smith-whitson, D.W

### D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: 8TH AMENDMENT BY ALL EXCEPT JOHNSON ERWIN KLANSNER Ullibarri Pineda, MORRISSEY, O'TOOLE, ROGERS, ATTORNEY GENERAL

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.

   ☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☑ Medical care
   ☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ① THE CONDUCT in this Complaint Began June 2013 AND Continues to Date.

   CORIZON POLICY

   ② As POLICY MAKERS Johnson, Flatt, Nolan WALKER, MYERS, WITTY ORR FORMED CORIZON'S policy to DELAY DENY medical care FOR NON-MEDICAL REASONS. To DELAY DENY MEDS that are effective, to Change the course of TREATMENT that works. THIS is COVERED BY e-mails / Phone Conversations, in Conflict with its WRITTEN Policies.

   THE DIET

   ③ August 28th, 2014 the Chief Clinical OFFICER OF CORIZON ISSUED AN OTHER that I Receive A ALLERGY / Glutten DIET FOR my ALLERGIES, AND FOUND that there is no medical need FOR me to eat meat, hence UPGRADE A Vegetarian Diet to CONFORM to my things Religious Tenets.                    (ACTS 1 to 4 )

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I have Pain Urology issues, high blood Pressure, AND OTHER Medical issues - As IN EAST UNIT Medical is NOT OPEN 24 hours I Cannot TAKE MEDS FOR THEY ARE NOT EFFECTIVE, I eat Nothing BUT RICE AND BEANS

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☑ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?             ☑ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?    ☑ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: Eighth Amendment Against Ryan, Dossett, Smith-Whitson, Han, Days, Aguilar.

2. **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: ETS

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

(1) ADoc policy requires inmates to snitch and give-up names of those who smoke. They know that if an inmate snitches, that inmate must be placed into Protective Custody. The inmate is placed into Detention and moved to another unit for giving up other inmates names.

(2) COII Swist, COII Clark, COII Munoz, and Others as ADoc Officers have written reports that the policy on smoking cannot be enforced. Aware of this - Defendants refuse to change there policy.

(3) I filed a Complaint that ETS is affecting my Breathing and was told to give up names. This policy violates defendants duty to protect and is unconstitutional.

(4) PROTECTIVE CUSTODY IS NO PROTECTION in that it entails being placed in another unit with the Same policy. If I Am to give names I will consistently get Moved from unit to unit with smoking issue not Resolved. This policy is Not Workable unless either smokers AND NON-SMOKERS Are segregated or SMOKING BANNED.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I am being subjected to second hand smoke and forced to go into protective Custody. Defendants are acting with Deliberate Indifference.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: Spoilation Tort
Against All Violating First ~~Fourteenth~~ Amendments

2. **Count III.** Identify the issue involved. **Check only one.** State additional issues in separate counts.

☐ Basic necessities     ☐ Mail     ☑ Access to the court     ☐ Medical care

☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation

☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

The April 26th e-mail

(23) April 26th 2016 Erwin sent an e-mail to Hernandez Smith-Whitson, Brennan - similar to her e-mails to Wade, Tillapaugh Bhuritt Pays near Mindiola, Mattos, had 'Ullibarri' directive that' ADOC Policy not be followed when it comes to me, on legal access matters

(24) Doral Johnson Klausner Rogers Dorsey have each, an Ryan sent similar e'mails letters about me, see F1R IWC1Y 2901 among others

(25) They all state that upon the policy decision made by Carter, Murmuccio, Pineda O'Toole and the attorney General - I am to be denied the benefits of ADOC Policy - and singled out.

See pgs 4 to 7

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Evidence destroyed as to these claims in Count 1 to Count IX.

5. **Administrative Remedies.**

    a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes   ☐ No

    b. Did you submit a request for administrative relief on Count III? ☑ Yes   ☐ No

    c. Did you appeal your request for relief on Count III to the highest level? ☑ Yes   ☐ No

    d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

I demand a Jury Trial,
Five (5) million dollars per defendant
Punitive Damages, Costs, Feess and,
A Order that invalidates the wrongs that defendants committed against me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____7/11/16_____                    _____
                           DATE                                                                      SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach
no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you
attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.



COUNT I cont'd

④ MORIARITY, VALENCIA, ROBERTSON, RYAN on 1/11/15 ORDERED I get that DIET in grievance C16119014. However DOSSET, AGUILLAR, RYAN upon the policy Directive of CARTER, DORSEY, ORDERED that I MUST eat meat in 15C16026.

⑤ IR 15 C16090.3 AND 15C16113 show that I was not given the DIET approved C16119014. IR 15C16088 show MARTINEZ Refused to let DR. Bonnie houseman issue a Corrected order AND DOSSET, Aguilar, Moriarity, Valencia, ROBERTSON, Burciaga, DAMS, Jacobs continued to change the 8/28/14 ORDER, HENCE leaving me with no Food.

⑥ As I have high Blood Pressure I cannot eat salt. DEFENDANTS in 5 AND Lyon, put me on a Renal DIET BUT I cannot eat that Because it has Food I have allergies to, excluded in the 8/28/14 ORDER

⑦ GREESON AND DR. JOHNSON Refused to Reinstate that DIET.

⑧ PACHECKO, BEDOYA, PORTER TRIED to threaten me with Discipline, when I asked for the DIET.

THE TREATMENT

⑨ August 28th, 2014 the Chief Clinical Officer Adjusted MY MEDS For Pain, Shakes, Tremors, urology, ALLERGY Constipation. She had me take 900/mg Gabapentin

②

every 8 hours as no other meds helped.
With this My condition was controlled.

(10) However my Blood Pressure is very
erratic. Constipation getting worse, urology
complications bad, my allergy and blood
sugar out of control since Corizon Np
Grafton and Dr. Johnson, changed my
meds, to my, For administrative Reasons
taking the 24 hour Dosage in 10 hours.
I have had to Refuse these meds for
they — under this new Regime — Do not
Help.

(11) Upon the orders of Grafton and Johnson,
Smith — Whitson, after I Refused the
meds, 40 plus times, ordered me disciplined,
for Misuse of meds

(12) I Began Falling, Forgetting, have more
Blood sugar episodes. Corizon put me in
the Medical unit to treat me. Though the
Records show my condition did not improve,
Corizon on 6/22/16 discharged me and
sent me to East Unit.

(13) Then Discharged me As I Filed grievances
about the Quality of care on at the urging
of Tang, Hudson, HAW, Potter.

(14) On 5/11/16; 5/28/16; 6/10/16; 6/29/16; 7/2/16;
7/3/16; 7/8/16; 7/6/16 I Fell as my Blood
sugar got low, Blood Pressure high, pain high

③

And had to have inmates help me up.

(15) Dans, Han, Crabtree, Porter, Burciaga, Pacheco All knew that East Unit could not take care of my medical needs, But they did. nevertheless move me. Smith-Whitson, Gratton, DR. Johnson Dossett, DR Robertson, Valencia, Moriarity, stated in writing East Unit will take care of my medical needs, Knowing this to be false

(16) By Technical Manuals Ryan Delegates his authority And Pacheco, Bedoya, Han, Robertson Dossett, Moriarity Are Required to see it is followed On 10-29-15 in violation of 7.1.8.1.1 of the Technical Manual Porter, Pacheco, Han, Lyon, Bedoya, Martinez had a Staffing And Dossett Valencia, Moriarity Refused to ensure the MTM is followed

(17) I have a great deal of testicular pain and finally in May 2016 Corizon gave me Boxer Briefs for my pain. They Refused to Replace the mattress they lost. Smith-Whitson seized Shoes approved by Medical. All of this Aggravated my pain.

(18) Each And Every Defendant Acting Pursuant to Corizons And ADOCS unwritten practices/ Policies Delayed Denied treatment For my serious medical needs, Denied me effective Treatment when I complained through the



Grievance process DELAYED having me seen By Specialists, Acting with Deliberate indifference to my serious medical needs, inflicting unwanted pain and suffering. They Refused to exercise their authority And Duty to not violate the 8th Amendment. The pain in my neck is so BAD I cannot sleep.

## Count III Contd

26) The memo she attaches is substantially False It states in my case $2.5 million is missing. My case had no money. I am in Prison For Depriving People of the intangible Right of their Reputation in the Community. It states some Documents "may be Forged" They are not Forged And They Are not sure It states the Attorney General has Asked I be singled out. The memo speaks of my wife Daughter And friend contacting public authorities. Them exercising their First Amendment Rights is not relevant to my being incarceration. In short the memo is Designed to inflame Abuse employees.

## The Evidence

27) DW Bach read me E-mails From Johnson, Davis, in which They Asked Assistance in Denying me Access And these Referenced O'Toole, Morrow Carter. CO III Graves Advised me Holding Copies in his hands that Morrison



Attorney General's Office And Legal
Service wanted him to change his decision
or grievances as to me. Librarian Maso,
Burritt, DW Hardwick, DW Lindburg,
COIII Mattos spoke to me about e-mails
from Johnson, Erwin, Klencner And the Attorney
General's Office About they not following
ADC Policy or legal Access as to me. COIII
Engleberg spoke to me About DW Jacobs,
legal Services Greeley And Telling me that
I should be careful As the e-mails he
Received show Then Are singling me out.

(28) DW Toersbijins Called me in his office And
Advised me that Johnson And AG's office
contacted him And want me to back off. This
happened after Carter had COIII Bullock Furle
A series of Documents Compiled Warden Baca
in Douglas Advised me he get e-mails from
Phoenix about me And they will do everything
to stop me And I may end up in SMU.

### Significance

(29) All These Are Evidence As to Counts one
Through Five.

### Corizon

(30) Corizon communicates everything by e-mail
Electronic Records. I spoke to nurses And
Then Tell me They Delete Files Regularly.
They Do Not Save Drafts And Final copies.



(6)

## ADOC

(31) ADOC Communicates every thing electronically and Does not SAVE E.mails / Drafts of Documents

(32) ARS 39 - 101. A ; 41 - 151.15. A ; 41 - 151.15. B AND FEDERAL Cases impose A DUTY on DEFENDANTS to Preserve Records Just in CASE THEY ARE necessary if litigation This DUTY Relate to DRAFTS / ORIGINAL / Finale.

## LACK OF POLICY

(33) ADOC AND Corizon have no policy that requires they PRESERVE DRAFTS / Final COPIES OF Electronic Documents. Their Employees Are Not trained in Preservation of DRAFTS / Final Electronic DOCUMENTS.

## DESTRUCTION

(34) Johnson, Platt, Nolan, Porter, Walker, Myers, Witty, Orr, Bowers, Burciga, Lyon, Martinez, Johnson, Pacheco, Dang, Jacobs, Dedoya, Han, Smith-Whitson, Aguilar, Robertson, Erwin, Doggets, Johnson, Ryan, Dorsey, Valencia, Corizon, Crabtree, Klausner, Monaarin, Gregson, Ullibarri, Carter, Pixon, Morrissey, o'Toole, Rogers and each of them, failed to Preserve All E.mail / electronic Documents they Received / they sent including DRAFTS, that Relate to the subject matter of this Complaint their policies practices, engaging in the Tort or Spoliation of evidence And



Dip so that they are evidence in Foreseeable litigation.

## IMPACT OF THE EVIDENCE

35  THE EVIDENCE is conclusive evidence of the policies, procedures, practices & this litigation, of the violations of the First, Eighth, Fourteenth Amendment Rights in this claim complaint.

36  The destroyed evidence had the probability of use in litigation, harm was Foreseeable, there is a degree of certainty I have been injured, the injury is by Defendants actions and inactions. the destruction is intentional, and Corizon is liable For negligent spoilation of evidence.

37  Their actions serve no rational penal goal and is not related to the achievement of a governmental goal.

38  Due to lack of policies and failure to train the evidence has been destroyed

## COUNT IV VIOLATION OF EQUAL PROTECTION AGAINST Corizon, Carter, Klausner Moriarity, Porter, Burbidge, Martinez, Johnson, Pineda, Grayson, A.G., Pacheco, Dams, Jacobs, Bedoya, Han, Corizon Ullibarri, Whitson, Aguillar, Roberton, Erwin, Doucett, Morrissey, Ryan, Dorsey, Valencia, Crabtree, O'toole, Rogers

39  Attorney General Carter, Morrissey, Pineda, O'toole, Rogers, Klausner, Dorsey acted acted as

(8)

DeFacto Policy makers, making special policies
Not Applicable to all inmates, For me only.
40) Through these special policies As evidenced By
e-mails From Surhang Ryan, Johnson, Edwin Rogers,
Klausner, Dossey Ullibarri Davis, Haw, Jacobs,
Dossett, Morrison, Valencia, Beddows, Pacheco,
Crossroso, Whiten, Aguilar, Robertson, Pollare,
Corrion, Burciago, Maestner, by information
Reports, Significant Incident Reports, grievance
investigation records, Classification Reports they
unlawfully altered, destroyed, created, concealed,
Directed the concealment of evidence As Fully
Discussed in this complaint, about the allegations
in this complaint.

41) They used the Attorney-Client And work
product privileges As the vehicle to Amend
Adoc policies, applying only to me, Violating
the Rights in this complaint.

42) Defendants Engaged in the conduct in this
complaint pursuant to these special policies For
me.

43) The Attorney-Client Relationship was a
Sham As evident by the Edwin memo, Ryan
letter etc. Their legal Advice That
They Do Not Have to Follow Adoc policies
When it Comes To me And Single me Out
is No Better Then The legal Advice Adoc
legal services gives hence waiving Attorney-

(9)

Cliam / work Provimes Privileges FDIC v Beic, 2004 U.S. Dist. Lexis 17124 (D. Mar. 7/1/04) Defendant And each of them Knew these specal Policies Deny them Qualifier immunity Howard v Adkison, 887 F. 2d 134, 140 (8th Cir 1989)

(44) DEFENDANT, And each OF Them DENIED me EQual Protection Ae A Class OF One Olech 528 U.S. 562, 564-05 (2000) in that other inmates in litigation who do not Challenge the Falsification or Friaose By DEFENDANTS, Are not Similarly treated.

(45) The Arizona Attorney Genom By Failing to promulgate policies that no MEMBER OF that Firm is to Advice And Appoin to RETaliate And not Follow Agony Policies, Caused these violations

    ining

I have BEEN punished For Doing what the law allows me to do And Being singled out in every Aspect of prison life

    Exhaustion

I have exhausted remedies Ae to my prison Claims

(10)

COUNT V - RETALIATION AGAINST ALL

(46) Deputy Warden Lindburg allowed me to buy shoes approved by medical Smith - Whitson ordered them seized in April 2016

(47) Deputy Warden Hartneck allowed me to cut (have ADC cut) the handle of my cooler and keep it. Smith Whitson ordered them seized in April 2016.

(48) After I signed 30plus Requests as to medication was not helping and Refused to sign any more, Grayson, Dr. Johnson, Smith - Whitson disciplined me for misusing meds.

(49) Hall, Davis, Hudson, Pacheco, Porter, Buruaga, Corizon Moved me From the Medical Unit after Dossett ordered Hall to File my grievance; They discharged me from Medical And Crabtree Knew that East Unit could not take care of my medical needs. Dossett, Aguilar, Valencia, Moriarty, Reema, Robertson Refused to 'place me' in any unit where I can have my medical needs met.

(50) Ultibarri in violation of DO 902 Refused to make legal Copies for me.

(51) Johnson Klemer Rogers Erwin Dorsey Dossett Aguillar Directed that ADOC EMPLOYEES Not Follow their policies when it comes to me Erwin email 6/26/16; Ryan letter March 10, 2009.

(52) ADOC Ae lost more than 3,000 pages of



Evidence From Four locations AFTER the
8/2/08 Johnson memo. I prevailed in my
Grievances Sonberg, Rogers, Johnson For the
First time in ADC, in violation of ADC
Policy over turned the deputy warden.

53) Ryan, Johnson, Klausner, Dorsey, Rogers, Edwin,
circulated letters/emails to ADOC Employees
the contents of which are substantially False.
They with these e-mails and A documents
similar to the Erwin E-mail/attachment, Asked
ADOC Employees to target me.

54) Martinez, Porter, Burciaga, Lyon, Dr. Johnson,
Pacheco, Dang, Jacobs, Besoya, Roberson,
Valencia, Klausner, Moorsnity, Grafton Refused
to issue me the Diet Approved 1/21/15.

55) Martinez forged A Refusal 8/7/15.

56) Carter, Johnson, Rogers, Dorsett Had Corll
Bullock Forge receipts, And when caught,
stated they were protecting me.

57) ADOC Moved me From Santa Cruz — Complex —
CDU — Lumley — Santa Cruz — Lumley — Barchet —
Baulman — Barchet — Cook — Meadows — Mohave —
Ser Cimarron — Santa Rita — Cimarron — Santa
Rita — Manzanita — Rincon — Manzanita — Santa
Rita — Manzanita — East Unit, Everytime I
challenged Employee misconduct in Court and
the grievance process.

58) Everytime I Moved ADOC lost / Destroyed

(15)

My problem. I 90% of the time prevailed in my grievances.

(59) Bogus disciplinary tickets were being issued against me for conduct that was not a violation. State lost my TV and replaced it. I was written up for promoting prison contraband, found guilty and had the items returned. There are a series of bogus ticket

WHY

(60) I filed grievances, challenged issues in court and fought the use of false evidence by Carson/Morrissey/Pineda/Noble to prevail in litigation. This was my punishment.

(61) The adverse action was taken against me because of my protected conduct, chilling my First Amendment Rights and does not reasonably advance a legitimate correctional goal,

(62) I have to ask inmates to make copies for me, send out legal mail for me, bring vegetables from the Kitchen to eat.

INJURY

I have been punished for doing what the law allows, for exercising my Right of Access to Courts, using grievances

Exhaustion

I exhausted all remedies

(13)

Count VI - Violation of RLUIPA
Against Rachuw, Davis, Isaacs
Bedous, Smith + Watson, Aguilar,
Robertson, Doceety Ryan, Dorsey
Carter, Ryan

63) By Refusing to give me the Diet that
was ordered 8/28/14, Directing I eat
meat, Defendants substentially burdened
my Religious exercise which serves no
compelling governmental interest, And without
Restrictive means. As a Hindu I eat no
Meat. My medical condition does not
require I eat meat. By Refusing to give
ME a Vegetarian Diet, Defendant violated
RLUIPA.

Injury

I Am unable to eat meat And this is
not a choice, But a Religious mandate.
A Vegetarian Diet For my Allergies is
the Proper Diet.

Exhaustion

I exhausted all Remedies

(14)

Count VII Violation of Article 4

Arizona Constitution Against All

(64) Defendants have been deliberately indifferent under Article II Section 15, inflicting cruel and unusual punishment, Article II Section 4, denying me of equal privileges and immunities, Article 2 Section 3 Article 2 Section 12, Article 2 Section 5, denying me due process, not following the Supreme law of the land by Count 1 to VI.

injury

I have been denied medical care, evidence
Retaliation.

Exhaustion

I exhausted all remedies

Count VIII Violation of 42 USC 1981

Against All

(65) Defendants' acts and conspiracies were intended to, and did, constitute violations of the U.S. Constitution and Arizona Constitution. They conspired to deprive me of equal protection or equal privileges and immunities under the laws.

injury

I have been denied medical care, evidence, Retaliation, legal Access.

Exhaustion

I exhausted my remedies

(15)

## Count IX Against All For Violation
## OF 1986 42 USC

(66) DEFENDANTS, AND EACH OF THEM, Failed
to prevent a violation of 42 USC 1985,
AFTER they Knew that the 1985 conspiracy
was about to be committed, and Did
nothing about it.

### Injury
I have BEEN DENIED medical care, DEFENDANTS
had evidence Destroyed

<u>Request for An Injunction</u>

I ask for An injunction that;
(1) Defendants be Ordered to give me
Meds every 8 hours, not making me take
the 24 hour Dosage in 8 to 10 hours, as
the Dosage is not effective. The Director
has stated East Unit will do just that,
But the East Unit staff are unable to
[Ex A] I Am falling As the unit
cannot treat me See Castro, King Declaration
Ex A. (complaint Para 9 to 11)

(2) I ask that ADOC give me the Allergy
Diet issued 8/24/16 [Ex A] approved
that comports to my Religious needs [Cpt
Para 3 to 6] And As there is no medical
need for me to eat meat [Ex A]

(3) I ask that ADOC be ordered to Follow
it's policies [Ex B] for Julis Erwin
And Charles Ryan have ordered their staff
not do [Ex B, Cpt 23 to 25, 26, 50 to 53]

The Balence of hardships Favors me,
the injury I am suffering is irrepairable
And I Am likely to prevail <u>Diamontiney v
Bossi</u> 918 F.20 793 (9th Ci. 1990)

**BRENNAN, DEBORA**

| | |
|---|---|
| **From:** | ERWIN, JULIA |
| **Sent:** | Tuesday, April 26, 2016 4:41 PM |
| **To:** | HERNANDEZ, KERRY; SMITH-WHITSON, ANNEMARIE |
| **Cc:** | BRENNAN, DEBORA |
| **Subject:** | FW: Informal Complaint |
| **Attachments:** | TRIPATI'S TOTAL COMPUTER USE.XLS; DOC061312.pdf |

**Importance:** High

Please allow Inmate Tripati access to a Stand Alone Computer (with no internet access) to
review his CD only for Case No. CV-00140. It does not have to be 8 hours/5 days a week only
that we provide a reasonable amount of time to review which can be 2-3 hours a day/every
other day at minimum. Please review said CD to confirm that it contains Items 1 through 8 of
Section II below pursuant to the Disclosure Statement filed by the Defendant's attorney.

1.     Wexford Pharmacy Policies and Procedures (WEXFORD 000001 – 131)
2.     Declarations page of Wexford Insurance Policy with Evanston Insurance Company (WEXFORD
000132 – 134)
3.     ADC Health Services Technical Manual (WEXFORD 000136 – 719)
4.     Amendment to Contract No. ADC 120075DC (WEXFORD 000720 – 728)
5.     Wexford Nursing Treatment Protocols (WEXFORD 000729 – 769)
6.     Wexford Pain Management Policies (WEXFORD 000770 – 772)
7.     Wexford Health Utilization Management note for Anant Tripati (WEXFORD 000773)
8.     Medical records from Corizon related to Plaintiffs treatment during his incarceration
with the Arizona State Department of Corrections. (WEXFORD 000774 – 2292)

After you review the CD I would suggest that the CD be stored somewhere other than in
Tripati's cell to ensure that the CD has not been doctored in any way.  When inmate is
scheduled to review his CD it can be given to him at that time.  I would also keep records of
the times and dates Tripati has reviewed his documents for future reference (see attached
spreadsheet prepared by COIV Han).

Lastly, please see the attached document dated March 10, 2009 (Please do not disseminate to
inmate for your eyes only).  As a result of this letter it was determined that Inmate Tripati
would not be considered indigent and would be required to pay in advance before providing any
legal copies, notary services, postage, or supplies. Inmate Tripati is aware of this;
however, he will try to submit a request for legal copies.  The contract paralegal has denied
and will continue to deny his requests pursuant to the letter.  Also, a separate account has
been created with Inmate Banking that inmate Tripati will have to deposit money in before he
can be approved for legal copies etc...  If he has any additional funds, an amount will be in
the ENCUMB AMT field on his account.  Tripati hasn't had any deposits in over 4 years… he has
NO funds for legal services.

Please let me know if you have any questions or concerns.

Thank you.

Julia Erwin
Legal Access Monitor
Mail Code 481
1601 W. Jefferson
Phoenix, Arizona 85007
PH: (602) 542-4589
FAX: (602) 542-4240

*[handwritten annotations:]*
NOTE THIS E-MAIL LIKE ALL OTHERS NOT TO LET ME SEE THE ATTACHMENT, WHICH IS ABSOLUTELY FALSE

THERE ARE ABOUT (I have READ most) LIKE 60 E-MAILS BEGINNING JULY 1998 THIS ASKING ADOC EMPLOYEES TO TARGET ME. THE ATTACHED MEMO IS ABSOLUTELY FALSE AND DESIGNED TO PREJUDICE ME!

# ARIZONA DEPARTMENT OF CORRECTIONS
## Office of Legal / Legislative Services

### MEMORANDUM

**TO:**        Greg Fizer, Complex Warden, Tucson Complex

**FROM:**    Daryl Johnson, Monitor, Legal Access

**DATE:**    September 2nd, 2008

**SUBJECT:**  Inmate Tripati # 102081

*[handwritten note, right margin: THE DOCUMENTS DEFENDANTS DO NOT DENY THEY WROTE E-mails AND GRIEVANCE DECISION SUPPORT DOCUMENTS THEY DENY WRITING]*

After Discussions with assistant Arizona Attorney General Paul Carter, Michael Brodsky and Kelley Morrissey, it is our conclusion that inmate Tripati must be barred from making copies of legal materials and from sending legal mail of any sort, unless he pays for these services in advance. Policies as related to these matters must be over looked entirely.

Inmate Tripati has challenged and consistently seeks to challenge the methods employed by ADOC and the Arizona Attorney General's Office in the matter of prisoner litigation. Neither the particular judges involved, nor the AG's staff for that matter, can tolerate his tactics.

He has established various websites, published books, and to Wit, has gained general public support for his cause. He is even seeking to impose international sanctions!

If we do not firewall this inmate and otherwise prevent him from gaining further inroads to progress, and if any judge gives him a hearing, the cost to the Department may indeed prove detrimental.

Judges in Phoenix and Florence will take no action. Your assistance in this matter will be duly rewarded.

*[handwritten note, bottom left: THIS MEMO IS IN ESSENCE SIMILAR TO THE PRIOR MEMO UNTITLED ATTACHED TO ERWIN E-MAIL]*

*[handwritten note, bottom right: THERE ARE ABOUT 40 DOCUMENTS LIKE THIS FROM ADC LEGAL SERVICES / LEGAL MONITOR NOT SIGNED]*

3/18/2009] GLORIA GUTIERREZ - IM Tripati Letter.pdf    Page 1



# Arizona Department of Corrections

JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

March 10, 2009

Inmate Ahmed Kamar Tripati
ADC #102061
ASPC-Tucson/Santa Rita Unit
P.O. Box 24406
Tucson, AZ 85734-4406

Re: Pinal County Superior Court Order dated July 3, 2008

Dear Inmate Tripati:

This letter is to inform you that the Pinal County Superior Court has determined that you have funds available in which to pay your legal fees. This includes legal copying, notices, postage and supplies. Based upon the order and advice of the Attorney General's Office, it has been determined that before you are provided with any legal copies, notary services, postage or supplies that you be required to pay in advance for those items. This requirement to pay in advance will apply to all of your current and any future lawsuits.

Inmate banking has been consulted regarding this issue, and has established a procedure that will allow you to have money sent in to the used for your legal work. Money received for the purpose of paying legal fees will not be used to pay toward the current and future costs.

Sincerely,



Charles L. Ryan
Director

cc:    John Hallahan, Division Director, Prison Operations
       Shelly Southorn, Southern Region Operations Director
       Greg Fizer, Warden, ASPC-Tucson





CHAPTER 900 - INMATE PROGRAMS AND SERVICES
DEPARTMENT ORDER: 902 - INMATE LEGAL ACCESS TO THE COURTS

**1.2.1.4**    Making the determination as to what legal documents require photocopying and the number of copies to be made in matters involving qualified legal claims where the inmate is indigent. The Paralegal shall consult with the Legal Access Monitor if a question or problem arises. (See section 902.05, of this Department Order)

**1.2.1.5**    Contacting the Legal Access Monitor if they have any questions themselves pertaining to the inmate access to the courts system.

**1.2.1.6**    Contacting the Warden or designee with questions concerning institutional activity, coordination, etc.

**1.2.1.7**    Providing inmates with copies of Court names and addresses at a cost of $.10 per printed side.

**1.2.1.8**    Complying with Department Orders and other Department written instructions, as identified in their contract, as well as the terms and conditions of their contract.

**1.2.1.9**    Recording their time in hours to the nearest tenth using the Paralegal Activity Log, Form 902-3, on a weekly basis, and forwarding a copy to the Legal Access Monitor on a bi-weekly basis.

**1.2.1.10**    Reviewing questionable outgoing legal mail to determine if it is actually legal mail. (Mail not addressed to an attorney, judge or court, but may be required by court order or statute.)

**1.2.2**    Contract Paralegals shall <u>not</u>:

**1.2.2.1**    Practice law, give legal advice, conduct legal research, represent an inmate or make referrals.

**1.2.2.2**    Aid inmates in any matter, legal or non-legal that does not involve qualified legal claims. The contract paralegal may direct inmates to where they may find information in the resource center.

**1.2.2.3**    Assist inmates in qualified legal claims beyond the initial filing of their pleadings with the courts.

**1.3**    <u>Legal Access Monitor</u> - The Legal Access Monitor shall be responsible for:

**1.3.1**    Providing system-wide monitoring and operational oversight of the inmate legal access to the courts system.

**1.3.2**    Ensuring that the contract Paralegals are assisting inmates on matters involving qualified legal claims only and only at the initial pleading stage.

**1.3.3**    Resolving questions Paralegals and designated staff may have concerning the inmate legal access to the courts system.

**1.3.4**    Ensuring that the Paralegals are adhering to all contract provisions and Department written instructions in assisting inmates.

CHAPTER 900 · INMATE PROGRAMS AND SERVICES
DEPARTMENT ORDER: 902 · INMATE LEGAL ACCESS TO THE COURTS

| | | |
|---|---|---|
| | 1.3.5 | Visiting selected prison facilities to monitor the activities of the Paralegals, overseeing the operations of the inmate access to courts system, and reviewing legal resource material to ensure that it is up to date and complete. |

1.3.6     Ensuring that accommodations and arrangements are being made for special needs inmates. (See section 902.08, of this Department Order)

1.3.7     Making recommendations to the Director to either purchase additional sets of legal resource materials or eliminate resource materials, as appropriate.

1.3.8     Reviewing Paralegal Activity Logs and billings for accuracy and determining the proper amount to be paid for work completed.

1.3.9     Reordering legal texts, as necessary, to replace missing texts and ordering updates as they become available from the publisher.

1.3.10     Performing other duties, as assigned.

1.4     <u>ADC Attorneys</u> shall be responsible for overseeing the tasks of the Legal Access Monitor and providing the Legal Access Monitor with direction.

1.5     <u>Inmates</u> - Inmates may use the resources available through this inmate legal access to the courts system.

1.5.1     The Department shall not establish an inmate legal assistant/inmate law clerk program, nor shall the Department take any affirmative steps in assisting inmates in helping other inmates with qualified legal claims.

1.5.1.1     Inmates who have been found charging or bartering in exchange for services, or who have been found to be creating a security problem or assisting inmates with non-qualified legal claims shall be disciplined and shall be precluded from helping other inmates in the future. No inmate shall be allowed to assist another inmate if the Warden or Deputy Warden determines that a potential or existing security problem has developed or may develop, or that allowing such assistance may detrimentally impact institutional resources.

1.5.1.2     Inmates shall not possess or store other inmates' legal paperwork in their cell or housing area.

1.5.2     Inmates shall mail legal materials in accordance with section 902.11 of this Department Order.

1.5.3     Inmates shall attempt to resolve issues related to this inmate legal access to the courts system through designated staff before contacting the Legal Access Monitor.

902.04     **PARALEGAL ASSISTANCE** - Inmates may receive active assistance in the <u>initial filing</u> of pleadings involving qualified legal claims from contract Paralegals provided by the Department. (See Attachment D, Paralegal Assistance Request Process.)

ARIZONA DEPARTMENT OF CORRECTIONS
Arizona State Prison Complex-Tucson

MEMORANDUM

To:         Property file

From:       Armando Aguilar, Deputy Warden, ASPC-Tucson/ Cimarron

Date:       December 30, 2008

Subject     Tripati #102081

The following documents have been provided from inmate Tripati's personal
paperwork to replace missing items in his property file. This is in resolution to
grievance # 08-C11-109 and all documents shall be considered valid.


Deputy Warden Aguilar


17 years
original
records
destroyed
and ____


CC Captain Grewe

        Lt. Johnson
        COIVs'

Reconstructed
upon request
of AG's
office
Charles


Ryan has
overturned
the
Reconstruction

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance Appeal

*Denied to Ian 1-27-09 Cm*

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received by _Kagnn_
Title _CCL_
Badge #: _3810_
Date _1/22/09_

PLEASE PRINT

| Inmate's Name (Last, First, M.I.) | ADC No | Date |
|---|---|---|
| TRIPATI ANANT K | 102081 | 12/24/08 |

| Institution | Case Number |
|---|---|
| CZ3 | 08 — C11 — 109 |

TO: DEPUTY WARDEN ARMANDO AGUILAR

I am appealing the decision of CO IV T. BARTUCCIO for the following reasons

THE CO IV CONFIRMS MOST OF THE Original DOCUMENTS — WHICH DOCUMENTS ARE EVIDENCE OF FALSIFICATION OF EVIDENCE — BY ADOC STAFF AT THE BEHEST OF ADC Legal DARYL JOHNSON AND Assistant ARIZONA ATTORNEY GENERAL Michael BRODSKY, Paul CARTER, KEUGH J. MCKISSON SUSANNA PINEDA, MICHAEL DI-TOOK SEE PP2

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 12/24/08 | COIV BARTUCCIO | 12/29/08 |

Response To Inmate By: Deputy Warden Budd
Location: Cimarron Unit

In reviewing your file as noted by coiv Bartuccio you are missing documents. The only way to resolve this is to make the copies you have and replace the missing documents.

| Staff Signature | Date |
|---|---|
| | 1/22/09 |

DISTRIBUTION
INITIAL:  White & Canary - Grievance Coordinator
          Pink - Inmate
FINAL:    White - Inmate
          Canary - Grievance File

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance - GF Supplement

Repur
Supp
12/24/08

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Taposi Anant K | 102081 | C23 | 08-CU-109 |

And others.

There Originals Destroyed And Also evidence of Forgery by CO III Diana Bullock CO II Robert Wampron And Denise Clemente

These Files were Destroyed with the specific Intent to Defeat litigation through concealing evidence, creating evidence, to Coverup staff misconduct And deprive me my 1st And 14th Am. Rights And Right to Access to Courts.

I Request the Files be Reconstructed As to property I have.

However As I Do Not Know All What evidence was Destroyed There is No way to Reconstruct the entire File.

Specifically - I Request the File Be Reconstructed to the issues in litigation - in CV AA-20757; 02-15428; 02-14710; 03-1122; 06-2122

There is no way to Reconstruct. Property in long Term storage + seized.

Finally CO III Solis tried to Coverup the Destruction by not investigating the informal + passing to Dula so La Velter

As noted in the attached letter they were destroyed At the behest of those named there

| Signature | Date |
|---|---|
| (signature) | 12/20/08 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
2/14/it

STAFF grievance

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

| | Received By TURNER |
|---|---|
| Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3P, within 10 calendar days of receipt of this notice. | Title CO III |
| | Badge Number 6433  Date 12·18·08 |

| Inmate Name (Last, First, M.I.) TRIPATI  ANANT K | ADC Number 102021 | Date 12/11/08 |
|---|---|---|
| Institution/Facility CZ2 | Case Number 08-C11-109 | |

TO: Grievance Coordinator CO IV Bartuccio

**Description of Grievance** (To be compiled by the inmate) 11/24/08, I noticed my property files were stolen. Originals missing. My files had on 2/11/06 about 1,000 pages, e.g. I have attached a movement log. I have been moved 26 times and there should be 40 inventories. Likewise I have attached a few other documents and they should be there. I believe these documents were removed at the behest of those in this letter. They were removed pursuant to unauthorized purpose, to defeat litigation, coerce, deny me my civil rights. See attached

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the present) CO III DOUS did not thoroughly investigate the informal but took the easy route. Had he checked the Nims movement log and spent time reviewing the files he would not have passed the buck to VOWES. I believe the files be documents missing. See attached document

| Inmate's Signature | Date 12/11 | Grievance Coordinator's Signature CO IV Bartuccio | Date 12/18/08 |
|---|---|---|---|

**Action taken by** CO IV Bartuccio      Documentation of Resolution or Attempts at Resolution.

I have sat down and discussed resolving your issue. I did check your property file and find that most of the files are missing. I cannot establish when or where this occurred. As we discussed I am willing to copy all your copies and do another inventory. I will attach a memo to authenticate the documents. This should resolve your issue. 10 days for appeal

| Staff Member's Signature CO IV Bartuccio | Badge Number 7601 | Date 12/19/08 |
|---|---|---|

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



ARIZONA DEPARTMENT

OF CORRECTIONS

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 441 | Tripati | 102081 | A03015016 | Florence | East |

In your grievance filed at East Unit, you claim CO IV Han and Deputy Warden Davis transferred you because CO IV Han was instructed by the Appeals Unit to process your grievance regarding computer access. You further assert this was a means of retaliation.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Your transfer was done based on institutional needs. You will continue to receive legal access and medical care at your current housing location.

No further action is warranted in this matter.

cc:  Warden, Florence Complex

cd

**Appeals Officer**

Charles L. Ryan, Director

06/24/2016
**Date**



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

| | *For Distribution:* Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| TRIPATI, ANANT K.      CL-A BED: 0301 | 102081 |
| Institution/Unit | |
| ASPC-FLORENCE/East Unit | |

| From | Location |
|---|---|
| COIII D. Brennan | East Unit Programs |

In response to your informal complaints dated 4/27/16 and received in programs on 4/28/16 concerning medical . Your complaint was sent to medical for review and below is their response to your complaints:

Mr. Tripati, this letter is written in response to your informal complaints dated 4/29/2016 and 4/27/2016 with complaints and concerns in regards to your medication gabapentin, and your SNO's. After reviewing your file with the Health Care Provider, a meeting was set up to discuss these and other issues you had. At this meeting held on 5/4/2016 the provider addressed your concerns, renewing SNO's and renewing the medically necessary items as outlined in your medical file. Also your gabapentin was changed to three times a day, 0700, 1200 and 1700, as this yard is not designed to have a 24 hour pill call operation, and the prescribed medication is not allowed to be KOP, it is strictly DOT/ crush and float in water. DOC no longer allows indefinite SNO's, the policy is renewal every 12 months, or sooner if deemed necessary, SNO's are also at the discretion of the security of each unit and provider, due to possible security and medical restrictions, and potential hazards. In summary, following review of your medical chart, and the notes from the encounter mentioned above, the issues were addressed and per your verbalization of acceptance and understanding, appear to resolve these concerns.
End Of Report.

*[Handwritten:]* PRESCRIPTIONS Changed FROM EVERY 8 HOURS, TO BE TAKEN in 10 HOURS, FOR NON - MEDICAL REASONS, AND this MAKES THE MEDICATION NOT WORK. ON 6/24/16 THE DIRECTOR ORDERED I will get MEDS, But, THEY won't give it EVERY 8 HOURS DAYS, HAN, CRABTREE, BURCIAGA, PORTER ALL KNEW THIS BEFORE moving ME!

| Staff Signature *[signed]* | Date 5/13/16 |
|---|---|

Mr. Tripati seems to have some serious health concerns. I say this because theres been more than two different occassions I've been just walking towards Able cluster; ①. On 5/28/16 I was on my way towards able cluster like around 3:15pm and I seen this man infront of me fall down to one knee, I walked up to him, and I noticed it was tripati. I asked him if he was alright, but he stared at me dazed & confused, sweating. ② About a month later like On 6-28 or 29-16 Between Able & Baker cluster, I seen Mr tripati once again on the sidewalk fell down pretty hard, I picked him up and talked to him & asked him if he was o.k. this time he would try to speak to me but he couldn't, so I just asked him if he wants me to take him to medical, but he just would ~~nod his~~ nod his head no. ③. A few days later like around 3pm I found him once again on the ground, like if he was just sitting there dazed & confused I said tripati are you alright, he was just quiet sweating, so I just helped him up and walked him to his cluster in Able 3-1.

I state under Penalty of Parjury this is true & correct

PETER CASTRO #135743

I John King II $^{\#}$46331 state this is true under perjury 7/3/16, 5/11/16 6/10/16, 7/8/16, while standing outside my Hut in Abel cluster, I noticed Thmapaty on several occasions walking around as if in a daze, sweating and stumbling around about to fall unable to speak clearly. I knew he was off his medication, so I ask if he needed to go to medical. It was clear that he didnot understand me so I took him inside his Hut A-3-1 and sat him on his Bed. This last Time was 7/6/16 but I helped him to his hut several times

John Heling II $^{\#}$46331



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL:  TO THE DIRECTOR

Inmate Name: <u>TRIPATI, ANANT</u>       ADC No.: <u>102081</u>       Case Nos.: <u>C14-119-014</u>

Institution: <u>ASPC-TUCSON/MANZANITA</u>       Date Received: <u>November 5, 2014</u>

I have reviewed your Grievance Appeal in which you state that "ADOC has refused to give me my diet" that was ordered by the Chief Medical Officer of Corizon.

Your grievance appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1. Our review shows that on 8/28/14, you met with Corizon's Medical Director (Dr. S. McQueen) concerning your diet issues. You were subsequently issued a No Gluten Diet/Allergy Diet. We have confirmed that this diet order has been implemented. As to your request for a Hindu Diet/Vegan Diet, this is a religious diet and is under the purview of the Chaplain; therefore, it will not be addressed within this response. You are advised to discuss your request for a religious diet with the Chaplain assigned at your facility.

2. Please submit a Health Needs Request (HNR) if you have additional issues or concerns which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

Charles L. Ryan, Director

1/27/15
Date

cc:    Facility Health Administrator, ASPC-Tucson
       C.O. Inmate File

Page 1 of 1

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Restricted Diet Order**

Health Care Providers and Senior Chaplains for restricted diets will complete, sign and date the Restricted Diet Order Form. The HAP or Senior Chaplain will retain their portion of the form and ensure the form is placed in the inmate's records with the remaining portion of the order form forwarded to the

☐ New    ☐ Change    ☐ Reissue

| Inmate Name (Last, First M.I.) | | ADC Number |
|---|---|---|
| TRiPoti   ANant | | 102081 |
| Institution/Facility/Unit | Housing Assignment | Start Date | Expiration Date |
| MAN | S B 15 L | 9-2-14 | NoNE |

**MEDICAL DIETS**

☐ Dental/Mechanical Soft Diet (Easy to chew/swallow)
☐ Clear Liquid Diet
☐ Full Liquid Diet (Automatically expires in 5 days)
☐ Liquid Supplements

☐ Controlled Protein Diet
☐ Long-term Full Liquid Diet (Automatically expires in 8 weeks - supplement required)
☐ Wasting Syndrome
☐ Chemotherapy Diet
☐ No Gluten Diet

☐ Pregnancy
☐ Renal/Dialysis Diet
☑ Allergy Diet

NO DAIRY, NO WHEAT, No NUTS (PEANUT) No SOY, No BEANS

☐ Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers
☐ am snack    ☐ mid-day snack    ☐ am snack

IN PERSON SUN

☐ Other: PATIENT DOES NOT REQUIRE RAST TESTING  I have deferred both from Prev testing

☐ (Restricted medical diets not defined in the ADC Diet Reference Manual may be ordered only with the approval of the Medical Director of Health Services or designee with the following approving authority Signature.

Approving Authority Signature:

**RELIGIOUS DIETS**

HINDU

☐ Lacto Vegetarian Diet (Allows milk and milk products)
☐ Kosher Diet Plan

Vegan Diet only

**NOTICE TO INMATE** – Medical Diets take precedence over Religious Diets. If a medical condition exists that is contraindicated by the Religious Diet, the Medical Diet will supersede it. Inmate will be removed from the diet roster for non-compliance when five (5) meals are missed in seven(7) calendar days, or when the inmate requests removal in writing. Inmates are to receive only the prescribed religious/medical diet and each inmate is responsible for his/her restricted diet and compliance to their diet.

**MEDICAL** - I understand the terms and conditions of this diet.

| Inmate's Signature | Date | Comments |
|---|---|---|
|  | 8/28/14 | Chart & previous office document review and Interview patient Directly |
| Approved by: Silvia McQueen MD | 8-28-14 | |

**RELIGIOUS** - I understand that if I miss 5 meals in 7 days I may be removed from this diet for 6 months. Second violation will result in a 12 month suspension.

| Inmate's Signature | Date | Comments |
|---|---|---|
|  |  |  |
| Approved by: | Date | |

| DIET IS BEING DISCONTINUED DUE TO: | Date |
|---|---|
|  |  |

DISTRIBUTION  Initial - Originator - Top portion of form only, Food Service Liaison - Remaining form - Diet Card Only

| ARIZONA DEPARTMENT OF CORRECTIONS Restricted Diet Card | | | | |
|---|---|---|---|---|
| Inmate Name | | ADC Number | Expire Date | Food Service Verification |
| ☐ Dental/Mechanical Soft (Easy to chew/swallow) | ☐ Controlled Protein | ☐ Gluten Free | ☐ Lacto Vegetarian Diet (Allows milk and milk products) | |
| ☐ Clear Liquid | ☐ Long Term Full Liquid | ☐ Pregnancy | | |
| ☐ Full Liquid | ☐ Wasting Syndrome | ☐ Renal Dialysis | ☐ Kosher Diet Plan | |
| ☐ Liquid Supplements | ☐ Chemotherapy | ☐ Allergy Diet | | |
| ☐ am snack  ☐ mid-day snack  ☐ bedtime Snack Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers | | | | |
| ☐ Other: | | | Physician's or Chaplain's Signature | Date 8-28-14 |

912-3
5/15/08

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



**ARIZONA DEPARTMENT**
**OF CORRECTIONS**

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 458 | Tripati | 102081 | 15C14028 | Tucson | Manzanita |

In your grievance filed at Manzanita Unit, you are requesting a policy change that allows you to receive a medical and religious diet at mealtimes.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. You are currently on a medically ordered diet for food allergies. The medical diet cannot coexist with a vegan diet, as the vegan diet contains items to which you claim to be allergic. Therefore, as long as you remain on the medical diet, you cannot receive a vegan diet.

Your request for a policy change is denied.

No further action is warranted in this matter.

CC: Warden, Tucson Complex

H.R.

_____
**Appeals Officer**

_____
**Charles L. Ryan, Director**

8/18/15
**Date** _____

received 8/20/15

delivered 8/20/15 copies

Page 1 of 1



# 𝔄rizona 𝔇epartment of 𝔠orrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: <u>Tripati, Anant</u>        ADC No.: <u>102081</u>    Case No.: <u>C02-026-2009</u>

Institution: <u>ASPC-Tucson/Santa Rita</u>          Date Received: <u>July 22, 2009</u>

I have reviewed your Grievance Appeal in which you state your opinion that as retaliation for your filing medical grievances and complaining that religious and medical diets were not being provided, your personal copies of diet cards and Special Needs Orders were seized by security staff.

Your grievance appeal has been investigated and denied. The reasons for this decision are:

1. As the Health Services Division has communicated to you, the medical record documenting health care and services to you is missing.
2. An investigation is underway to develop information needed to determine the whereabouts of the medical record. It should be noted that the medical record is considered the property of the Arizona Department of Corrections.
3. As part of the investigation, the documents that were seized were taken under the authority of Department Order 909.07. Please be advised that under this Department Order a process is established for you to reclaim the items seized if they are not deemed contraband.
4. The primary concern of Health Services is to assure continuity of care and that your medical needs are adequately addressed. For that reason, all documents in your possession pertaining to health care provided prior to the disappearance of your medical record were needed to review and confirm previous treatment plans.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

Charles L. Ryan, Director                                    9-15-09
                                                             Date

cc:    FHA, ASPC-Tucson
       C.O. Inmate File

*ct. Tripati*

**FREDERICK A. ROMERO**
ATTORNEY AT LAW
BONAVENTURE HOTEL
404 SOUTH FIGUEROA STREET SUITE 552A
LOS ANGELES, CA 90071

TEL: (213) 622-5200    FAX: (213) 891-1870    CELL: (213) 304-8071
E-mail: faramero@earthlink.net

February 28, 2006

Judge Robert Myers                        **BY FACSIMILE COPY &U.S.MAIL**
General Counsel, Arizona Dept. Of Corrections
1601 West Jefferson
Phoenix, AZ  85007

     Re: Use of False Documents Provided Through Your Office By Asst. Attorney General
     Paul Carter, Bar No. 014140
     <u>CIV 02 - 15874</u>

Dear General Counsel:

     I have been informed by my client, Anant Kumar Tripati, who currently is incarcerated in
the Arizona State Prison, Cook Unit, that on February 21, 2006 your office faxed documents to
Paul Carter, used in CIV 02 15874 as evidence in response to a contempt citation filed by my
client.

     The documents were dated February 3, 2006 (and other documents ) and are different
from those issued to my client in that the copies to the court have a notation that property will not
be destroyed as ordered by Judge Mark Armstrong. These documents offered into evidence are
different from the documents given to my client in that those given to my client do <u>not</u> contain
such notation.

     Due to the fact that the notation referenced above (as Ordered by Judge Mark Armstrong)
is central to the matter before the court, it is clear the documents were altered through the
addition of said notation.

     Upon my advice, my client has given one of the unaltered originals to his CO3 (Marlette)
as part of the grievance process.

∠2

General Counsel, Arizona Dept. Of Corrections
February 28, 2006
Page Two


    As required by The Rules Of Professional Conduct, I am also notifying The State Bar of Arizona that forged papers were used as evidence in court by legal counsel employed by the state of Arizona.

        Very truly yours,

        FREDERICK A. ROMERO

cc: Judge Mark Armstrong
    Judge Paul Katz
    The State Bar of Arizona

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

| Inmate Name (Last, First M.I.): <br> Tripati | ADC Number: <br> 102081 |
|---|---|
| **Institution/ Unit:** <br> ASPC – Eyman Cook Unit | |

| From: <br> COIII N. Marlette | Location: <br> Building 3 |
|---|---|

This is in response to your informal letter in which you claim your documents were "forged".

According to COIII Bullock your forms were amended. By definition they were revised formally by adding, deleting or rephrasing. Forge by definition is to reproduce for deceptive purposes. There was no deception involved.
Your paperwork was amended for your benefit to ensure your seized property would not be destroyed as policy dictates.
Your copies were delayed accidentally with no bias or prejudice.

COIII Bullock was informed of the current court order by Judge Armstrong after the property forms were originally done and copies were issued. The amendment was to prevent any further confusion or any destruction of the items.

The amended forms were sent to Legal services upon their request to verify that the documents were in fact amended to include the provisions of Judge Armstrong's court order.

Staff Signature: _____  Date: 3/8/05

Distribution:    White - Central Office Master File
                 Yellow - Inmate
                 Pink - Institutional File

910-2PF
4/15/04

*CoII Cooper #18287*
*4-6-06*

## ARIZONA DEPARTMENT OF CORRECTIONS

### INMATE GRIEVANCE RESPONSE

| Tripati, Anant | 102081 | A14-024-006 | ASPC – Eyman Cook Unit 3A32 |
|---|---|---|---|

I am in receipt of your staff grievance which alleges COIII Bullock has falsified evidence by forging property documents.

COIII Bullock did not and has not admitted that any documents were forged. Your property documents were amended for your benefit. Per a court order, the Department is required to store all seized / unauthorized property.

You were verbally informed by COIII Bullock in the presence of COIII Marlette that your forms were amended to prevent the possibility of your items being destroyed.

Your resolution is unjustified. There has been no violation to your rights.

James P. Arnold
Deputy Warden – Cook Unit

3-28-06
Date

You may appeal this decision to the director within 10 calendar days of receipt of this notice.

~~Original – Inmate~~
CC – Grievance File
CC – DW File

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 638 | Tripati | 102081 | C14062015 | Tucson | Manzanita |

In your grievance filed at Rincon Unit, you claim staff is neglecting to enforce the smoking policy. Your resolution is to provide a smoke free environment.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Pursuant to A.R.S. §36-601, smoking is prohibited in all enclosed areas and state buildings, to include twenty feet from any building entrance. There are designated smoking areas that are clearly marked. Staff and inmates are expected to comply. Appropriate actions will be taken when a violator is caught. You may choose to inform staff when you observe a violator. However, you will need to provide individual names, dates and times for corrective action to be taken.

No further action is warranted in this matter.

cc:  Warden, Tucson Complex

cd

_____
Appeals Officer

_____
Charles L. Ryan, Director

Date  __10/20/2015__

3D36

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 138 | Tripati | 102081 | A14-024-006 | Eyman | Cook |

In your grievance filed at Cook Unit, you claim that CO III Bullock falsified evidence by forging your property documents.

In the response to your formal grievance, the Deputy Warden advised that CO III Bullock did not and has not admitted that any documents were forged. You were verbally informed by CO III Bullock in the presence of CO III Marlette that your forms were amended to prevent the possibility of your property being destroyed.

Your grievance has been reviewed at the Central Office level. A copy of the court order from Honorable Judge Mark W. Armstrong, dated March 30, 2005, states in part, "it is ordered granting Plaintiff's Motion to Direct Property Not Be Destroyed. The Court has signed the formal written order submitted by Plaintiff, but limited to Plaintiff alone. The Court deems this order to be consistent with and in furtherance of previous orders by this Court." Your Inmate Property/Contraband Release and Seized Property Receipt forms have been amended with the following information added to the form: "Pursuant to the Order of Judge Mark Armstrong dated March 30, 2005, this form is amended to require that none of the property listed will be destroyed. All property will be stored until a further court order is issued."

The amendment was added to your property documents to ensure compliance with the provisions of the court order to prevent destruction of your property.

The response from the unit is affirmed.

cc: John Ontiveros, Warden, Eyman Complex
    Deputy Warden, Cook Unit

aa

_____
Appeals Officer

_____
Administrator

_____
Dora Schriro, Director
Dep-Dir for:

_____
1-23-07
Date



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

RECEIVED BY

TITLE _Coleson_ _CO III_ '15 SEP 24 AM 7:58

BADGE NUMBER _90M_    DATE (mm/dd/yyyy) _9/11/2015_

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Tripati Anant K | 102081 | Aug 20 2015 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| Manzanita HU1-3B | C14-076-015 |

TO: GRIEVANCE COORDINATOR

Description of Grievance (To be completed by the Inmate) ADoc Not Corizon is Liable for this as I am in ADoc custody

Nurse Supervisor Angela Martinez
#1 Did not see me sign this refusal, but, signed 20 minutes after I signed it, as a witness to my signature. This is patently false

#2 After I signed the refusal, without my consent and my permission wrote "All medical care" "Diet" I did not after speaking with the provider, who witnessed my signature, refuse "All medical care" "Diet". I only refused to go to HU6

Proposed Resolution (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

She forged the refusal (a) The refusal should be corrected to reflect that it is forged. (b) The board of nursing should be advised she forged the refusal (c) Corizon should fire her because I know of other inmates whose medical records she has forged (d) She should be referred for prosecution].

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 9/11/15 | | 9/23/15 |

Action taken by Documentation of Resolution or Attempts at Resolution.

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

**ARIZONA DEPARTMENT OF CORRECTIONS**

Refusal to Submit to Treatment

I have been advised that it is necessary for me to undergo the following:

**Evaluation**
- [ ] Dental examination
- [ ] Nursing assessment
- [ ] Mental Health assessment/treatment
- [ ] Medical Provider evaluation
- [ ] Emergency assessment for

**Treatment** *(Check box and specify)*
- [ ] Dental procedure
- [ ] Nursing procedure
- [ ] Medical procedure
- [ ] Medication

- [ ] Outside medical appointment
- [ ] NPO/PREP for
- [x] Other _young Ju Hale_ "all medical care", diet

- [ ] Injection
- [ ] Emergency treatment
- [ ] Lab [ ] X-ray

*(handwritten right margin)* FORCED CORIZ... RN MARTI...

Related to (diagnosis or procedure)

**Consequences of Refusal** *(Check all that might apply)*
- [ ] Pain
- [x] Stomach (GI) Distress
- [ ] Infection
- [x] Permanent loss of mobility
- [x] Stroke and/or Heart attack
- [x] Irreversible coma
- [x] Death
- [ ] Inability to fully evaluate, treat or diagnosis
- [ ] Other

- [x] Worsening of this disease
- [x] Permanent loss of control: Bowel and/or Bladder
- [x] Permanent need for life sustaining machinery or equipment *(Dialysis, Ventilator, Oxygen, Tracheotomy)*
- [ ] Loss of sense(s): *(please circle)*
  hearing   sight   touch   taste   smell
- [ ] Impaired skin integrity: *(bed sores, scars, etc.,)*
- [ ] Loss of body part(s) *(specify)*
- [ ] Deterioration of Mental Status

- [x] Patient education has been provided by nursing staff at the time of the refusal to ensure the inmate is making an informed refusal.

- [x] ADC Health Services may seek reimbursement directly from the inmate for any money lost to outside clinics or hospitals for late cancellations as a result of this refusal.

- [x] It has been fully explained to me the effect and nature of this treatment. Although my failure to follow this advice may seriously imperil my life or health, I nevertheless refuse to submit to recommended treatment. I assume full responsibility for the risks and consequences involved in my decision and specifically release the Arizona Department of Corrections from any and all liability for those risks and consequences. I also understand, however, that if at any time I change my mind, I may seek treatment again.

- [x] REASON FOR REFUSAL: _have been previously evaluated_

| Inmate Signature | | Initials | Date 8/7/11 | Time >05:?? |
|---|---|---|---|---|
| Witness's Signature _Maxine ??_ | | | Date 8/7/15 | Time 1400 |
| Witness's Signature *(Needed if inmate refuses to sign)* _Angela Martinez_ | | | Date 8-7-15 | Time 1440 |

**INSTRUCTIONS:** Make a checkmark in the box or boxes which apply to the refusal. Where there are choices, circle the most appropriate answer. If none of the choices or boxes are appropriate, write in the OTHER the reason which applies. Under the consequences section, check ALL areas which might apply as a consequence of refusing. Consequences not listed can be written in the blank lines marked "OTHER". Complete a SOAP note documenting all education given to the inmate. IF THE CHARGE SECTION DOES NOT APPLY WRITE IN N/A. A single witness is needed unless IM refuses to sign form, then two witnesses are needed. The second witness may be non-medical ADC staff.

| Inmate Name *Last, First M.I.* _Anant Tripati_ | ADC Number 11218 |
|---|---|
| Date of Birth 1/10/?? | Facility/Unit ASPC-TUCSON/MANZANITA |

SECTION 3, CONSENTS/REFUSALS

1101-4
12/19/12

_Tripati, Anant   102081_

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter Response**

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| Tripati, Anant | 102081 |

Institution/Unit
Tucson-Manzanita

| From | Location |
|---|---|
| J. Erwin- Legal Access Monitor | Central Office |

I am responding on behalf of Contract Paralegal, Barbara French, to your letter dated June 5, 2013.

After careful research and review, it appears that you have used up your three strikes in federal court, and they wouldn't consider you to be indigent, unless you can show that your life is in danger. You cannot proceed in forma pauperis due to your three strikes. On the bottom of the 1983 instructions you provided it states this: "If you file more than three actions or appeals which are dismissed as frivolous, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury."

Also, in USDC CV 10-0429 Tripati v. Brewer, a court order filed September 1, 2010 states the following in one of its footnotes:

"Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), which precludes a prisoner from incrementally paying the filing fee pursuant to the Prisoner Litigation Reform Act, absent allegations to support the imminent threat of serious physical harm. Plaintiff is currently subject to a pre-filing order issued by the Ninth Circuit Court of Appeals. In re Tripati, No. 93-80317 (9th Cir. May 21, 2010)".

In conclusion, ADC will not provide you an additional certified copy free of charge, unless you pay in advance as stated in Director Ryan's letter. Moreover, you are not being denied meaningful access to the courts.

| Staff Signature | Date |
|---|---|
|  | 06/06/2013 |

Distribution: Original - Central Office Master File
Copy - Inmate
Copy - Institutional File

916-2
5/13/10



# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 724 | Tripati | 102081 | C14-105-013 | Tucson | Manzanita |

In your grievance filed at Manzanita Unit, you claim Julia Erwin ordered that you not be allowed copies and legal supplies for the cases in which you have been found indigent by federal judges. You also assert that you should be allowed certified statements for federal cases.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. This issue was addressed in a letter to you by the Director on 03/10/09, and will not be addressed again.

Please refer to your copy of the letter attached to this grievance. No further action is warranted in this matter.

cc: Warden, Tucson Complex
        Deputy Warden, Manzanita Unit

cd

_____
Appeals Officer

_____ For
Charles L. Ryan, Director

_____12/23/13_____
Date



No Response Received to this letter

**FREDERICK A. ROMERO**
**Attorney At Law**
The Bonaventure Hotel
404 So. Figueroa Street, Suite 522A
Los Angeles, CA 90071
(213) 454-2233

April 20, 2009

Mr. Charles L. Ryan, Director
ARIZONA DEPARTMENT OF CORRECTIONS
1601 West Jefferson
Phoenix, AZ 85007

Re: **OBJECTION TO DISCRIMINATORY/DISPARATE TREATMENT /**
**My Client: ANANT K. TRIPATI, #102081/**
**COURT ORDER OF JULY 3, 2008 BY JUDGE WILLIAM O'NEIL/**
**YOUR LETTER TO MY CLIENT DATED MARCH 10, 2009**

Dear Mr. Ryan:

I am legal counsel for the above-referenced inmate. Our concern, at this time, relates to a well documented history of retaliation on your part to others attempting to exercise their legal rights. This concern is raised following a detailed examination of your political position and history as Director.

My client is a case in point. In 1992, Mr. Tripati was illegally arrested at his Beverly Hills office and both he and his property were seized by the Arizona and the California authorities. Property taken from my client at that time included valuable computer technology that was not even listed as an item subject to court warrant in the filed court report.

Following such date, almost all action taken against my client by the ADOC has been improper, retaliatory, and, more often than not, illegal. I have been informed that a special account has been established for my client relative to the funding ADOC fees that is needed for pursuing his legal rights.

He is required to fund this account without assistance. I further understand that no other prisoners have such an account. Judge O'Neil ordered fees pursuant to ARS 12-302 be paid. <u>He did not order</u> ADOC to violate its own policies, specifically, D. O. 902- 06- 1-1; 902-09-1-2; 902-11-1-4-4.

No reading of the O'Neil Order or A.R.S. 12-302 leads to the interpretation that fees charged by ADOC fall within the O'Neil Order or the referenced A.R.S. 12-302.

Mr. Charles L. Ryan, Director
April 20, 2009
Page Two

Such disparate treatment of my client is illegal and in violation of the Federal constitution. All other prisoners who, like my client, are destitute and have no other sources of money are provided the funds needed to properly litigate matters.

My client has been informed by the ADOC that they believe he has money and, even though they cannot prove such a belief or even make a reasonable explanation for having such a belief, the ADOC has, nonetheless, taken away my client's right to effectively litigate, without due process, and, in addition, such action on the part of you and others can effectively be deemed, in a court of law, as the obstruction of justice.

We have been advised that it is possible that attorney Michael L. Brodsky may, in fact, have advised you to violate your own policy. If, in fact, he did advise you to violate your own policy, as both the statute and Order are clear:

        1) Mr. Brodsky did not function as legal counsel; and

        2) Neither you nor Mr. Brodsky would be entitled to privileges and immunities in this matter concerning violation of the plain language of both your Policy and the referenced judicial Order.

In addition, there are particular laws set forth in the federal Constitution which prohibits under equal rights, the establishment of a special account for my client while not doing the same for everyone else similarly situated.

Approximately, 2500 pages of original documents and records have been intentionally destroyed by your staff at the behest of both Darryl Johnson of the ADC Legal Services and the Attorney General's office. Sir, 2500 pages of legal documents do not just walk out, unassisted.

My client , Tripati already has challenged the use of false evidence by your Legal Services and Attorney General's Offices [see Grievance 08-C11-109]Both you and Shelly Sonbers at the request of Susan Roger's, Daryl Johnson and Michael Brodsky have written two letters to whicjh I am aware.

My client has been instructed to exhaust all administrative remedies and grievances. 09-C11-020;C02-010-009 have already been filed. However, apparently fearing adverse employment action, your Grievance Staff C0-4, Tracy Bartuccio, and C0-4, James Berrang, have determined not to decide the issues presented to them notwithstanding the dictates of Policy and precedent.

You already are aware that my client, Tripati , has, at all times following June 23, 199 2, had NO ASSETS and no income. His wife, as I can attest to, also is destitute. His two young children, one of which recently became married, and the other, in the process of considering

Mr. Charles L. Ryan, Director
April 20, 2009
Page Three

continental movement of residence, as a consequence, also are not able to financially assist Tripati's defense as well. Tripati's parental family refuses after many years to even consider donating money as they feel he is disgraced. Thus, no available cash here as well. I have tried to get funding but it is impossible, due to continental ramifications.

I am sure you would agree that neither I nor Tripati's wife or his daughter's have any obligation to pay for his expenses. In the last 27 years, I have not yet been paid by Tripati.. It is clear that the state of Arizona by holding Tripati on falsified evidence, has the duty to pay his expenses.

None of the litigation relative to this matter would have been necessary but for the refusal by your staff to follow ADOC Policies and the use of false evidence by the Arizona Attorney General.

I have been instructed by my client that if no corrective action is appropriately taken in a timely and reasonable manner, this is **Notice** that my client, with the assistance of legal counsel, will proceed and seek relief in the federal court against the following: Charles L. Ryan and staff, Daryl Johnson, Michael Brodsky and others.

We intend to implement global action alleging a pattern of conduct following 1997,including allegation of the complete ineffectiveness of your system due to both its internal manipulation of the system (irrespective of the law), and of the abuse of the state Judicial process.

Should you have any questions, please contact the undersigned. I look forward to your response.

Very truly yours,

enclosures
cc: Anant Kumar Tripati, #102081

FREDERICK A. ROMERO

Arrange for a meeting between the Paralegal and the inmate, if so instructed by the aralegal.

1.8    Designated staff shall keep a copy of the request and:

1.8.1    Forward a copy of the Request/Authorization for Qualified Legal Claim Copying, together with the photocopied material, to the inmate.

1.8.2    Return the material, above, to the inmate if the request was denied.

1.8.3    Forward the Inmate Request for Withdrawal, Form 905-1, to the Business Office in accordance with section 902.06, if the material is to be photocopied.

1.8.4    Forward a copy of all requests for qualified legal claim copying to the Legal Access Monitor on a monthly basis.

1.9    The Paralegal's decision is final. Inmates may present concerns regarding qualified legal claim copying to the Legal Access Monitor through designated staff using the Inmate Letter, Form 916-1.

1.10    The inmate shall be responsible for payment for copies in accordance with section 902.06 except that the inmate may choose to pay for copies relating to qualified legal claims in accordance with section 902.07. In this event, the documents do not require the Paralegal's review.

1.11    If the copies do not relate to a qualified legal claim, the inmate may request that copies be made in accordance with section 902.07 as non-qualified legal documents or non-legal documents.

1.12    Telephonic review of qualified legal copying requests may be done only in exigent circumstances. (e.g., verified impending court deadlines.)

1.13    There is no requirement that the paralegal meet in person with the inmate to review a qualified legal copy request.

1.14    Requests for copies of Exhibits/Attachments shall have a legitimate pleading to support the copying of those documents. Exhibits/Attachments shall also relate to the pleading. The contract Paralegal may deny copying of documents if they do not relate to a pleading in an active court case.

**902.06 CHARGES - QUALIFIED LEGAL CLAIMS** - All inmates shall be responsible for payment for services related to qualified legal claims.

1.1    For issues relating to qualified legal claims, the service requested shall be provided in accordance with the Paralegal's notation on the request regardless of the inmate's ability to pay. However, if the inmate has funds available, the cost of the service shall be deducted from the inmate's account. If funds are not available, the inmate's account shall be placed on hold in accordance with Department Order #905, Inmate Banking/Money System, until such time as the debt is paid.

1.2    Chargeable services include, but are not limited to:

1.2.1    Qualified legal claim photocopying, including required court forms, other attachments or other documentation.

1.2.2    Notary services related to qualified legal claims.

.6    The legal materials to be exchanged shall be inspected for contraband by staff and sealed in the presence of staff prior to exchange.

    1.6.1    Only sealed boxes shall be exchanged.

    1.6.2    A Checklist for Storage of Inmate Legal Materials, Form 902-9, shall be used any time legal materials are stored or exchanged.

    1.6.3    Completed forms shall be placed in the Inmate Property File within five work days.

1.7    Possession of legal material and/or legal texts or books shall be subject to the quantity limitations established in Department Order #909, Inmate Mail/Property and Stores.

## 902.11 LEGAL MAIL

1.1    Inmates shall identify outgoing legal mail by writing "Legal Mail" on the lower left-hand corner of the envelope. (See Definitions for guidance on what constitutes "Legal Mail".)

1.2    Outgoing mail not labeled as legal mail shall be processed as regular mail.

1.3    All legal mail, outgoing or incoming, shall be logged.

1.4    Staff who process incoming or outgoing inmate mail shall:

    1.4.1    Generally identify all legal mail and record it on a log by indicating the inmate's name and the sender's name.

    1.4.2    Inspect such mail for contraband, stamp the envelope **"LEGAL MAIL, ARIZONA DEPARTMENT OF CORRECTIONS"** using a commercial stamp, and log it before it is placed in the envelope and sealed by the inmate.

        1.4.2.1    All incoming mail, letters, memoranda, and documents, from an inmate's attorney or from a judge or court, shall be opened for inspection purposes in the presence of the inmate. Such incoming mail may be scanned in the conducting of an inspection for contraband, but shall not be read or censored by staff.

        1.4.2.2    All outgoing letters to an inmate's attorney or to a judge or court shall be brought to the mail room by the inmate, where the letter shall not be read or censored but shall be inspected for contraband and sealed in the presence of the inmate. All outgoing legal documents to an inmate's attorney or to a judge or court (other than letters to an inmate's attorney or to a judge or court, such as pleadings, briefs and motions) shall not be censored, but staff are not prohibited from reading such documents to the extent necessary to establish the absence of contraband.

    1.4.3    Send legal mail as first class mail regardless of the inmate's ability to pay the required postage.

    1.4.4    Submit names of inmates claiming to have inadequate funds for postage to the Business Office, indicating postage due from the inmate. The Business Office shall either

debit the inmate account or, if there are insufficient funds to pay the postage, place a hold on the inmate account.

1.4.5   Return the mail to the inmate if he/she requests mail to be sent as legal mail and it is not to an attorney, judge or court. The inmate may request to have the contract Paralegal review the mail to determine whether it may be approved as legal mail. The contract Paralegal may contact the Legal Access Monitor for direction.

1.5   Designated staff who process incoming mail shall attempt to make a determination, based on an inspection of the envelope, whether the contents constitute legal mail. The return address may be indicative of whether the contents of the envelope constitute legal mail. Designated staff shall not rely solely on the words "legal mail" having been stamped on the envelope. If there is any serious doubt as to whether the contents of the envelope contain legal mail, designated staff shall contact the Legal Access Monitor for direction.

1.6   Staff suspecting abuse of the legal mail designation shall advise the Warden or Deputy Warden who shall take appropriate action following consultation with the Department's General Counsel.

1.7   When applicable, staff shall take the following steps to locate inmates to whom legal mail is addressed and to forward such mail to the inmate.

   1.7.1   Use the Adult Information Management System (AIMS) and inmate records to locate any addressee of legal correspondence who is not located at the institution that received the correspondence, and to locate any inmate who has received legal mail that does not have an ADC number as part of the address.

      1.7.1.1   Staff shall have inmates verify that they are the person to whom the legal mail is addressed utilizing the inmate's identification card.

   1.7.2   Forward any legal correspondence to any inmate addressee who is under commitment to or supervised by the Department.

      1.7.2.1   Inmates, releasees and parolees receiving forwarded legal correspondence shall notify the sender of their new address.

   1.7.3   When legal mail is forwarded, in addition to the requirements in section 902.11, 1.4.1, the inmate's forwarding address and the date forwarded shall be logged.

   1.7.4   Return legal correspondence to the sender only if the addressee is no longer an inmate, releasee or parolee, in which case the sender shall be advised of this fact.

**902.12 LEGAL PHONE CALLS** - Inmates who have retained counsel may make legal phone calls in accordance with the following:

1.1   Inmates shall communicate legal matters through the mail whenever possible.

1.2   Legal phone calls may be approved, according to the established Institution Order, when it is reasonable and necessary to do so. Staff shall approve court-ordered telephonic conferences and ensure that the inmate is provided the opportunity to participate in the conference.

   1.2.1   Legal phone calls should not exceed 30 minutes in length. Additional time is permitted

urt name and address documents shall be copied at a charge of $.10 per printed side.

1.15   The Notice of Claim required for property claims in accordance with Department Order #909, Inmate Mail/Property and Stores, shall be sold to inmates at a cost of $.10 per copy. This form is not to be used for any other purpose than that outlined in Department Order 909.

1.16   Inmates who request Notary Public Services for non-qualified/non-legal matters shall be charged $1.00 per notarized document.

## 902.08 SPECIAL NEEDS INMATES

1.1   Accommodations shall be made, as needed, to ensure access to the courts for inmates with special needs, to include inmates who are illiterate, non-English speaking, and disabled. (See Department Order #908, Inmate Equal Opportunity/Access.)

    1.1.1   Accommodation may include providing a tele-conference with a bilingual interpreter and the Paralegal.

1.2   Arrangements shall be made for inmates who have limited access to the Unit Library to meet with Paralegals, to review legal resource materials, or to obtain forms or photocopies.

1.3   CDUs and Protective Segregation Units shall establish and maintain, within the unit, a collection of the required legal resource materials as identified in Attachment A.

    1.3.1   The Warden shall designate a staff member to be responsible for those functions identified in section 902.03, 1.1 through 1.1.6.

## 902.09 LEGAL SUPPLIES

1.1   Inmate stores shall stock only those items authorized by Department Order #909, Inmate Mail/Property and Stores. There shall be no special order items.

1.2   Inmates shall be provided legal supplies regardless of their ability to pay. If the inmate does not have funds available, a hold shall be placed on the inmate's account.

1.3   Inmates shall be charged the current inmate store price for any item received.

1.4   The amount of other supplies provided per month to inmates who request them and do not have the funds to pay shall be:

    1.4.1   Pens - 1

    1.4.2   Pencils - 2

    1.4.3   Legal pad (size 8-1/2" x 11") - 2

    1.4.4   Regular envelopes - 10

    1.4.5   Manila envelopes - 6

1.5   Additional legal supplies may be provided after a showing is made by the inmate that additional