_Anant Kumar Tripati #102081_
Name and Prisoner/Booking Number

_A.S.P. - Florence - East Unit_
Place of Confinement

_P.O. Box 5000_
Mailing Address

_Florence, AZ. 85132_
City, State, Zip Code



```
┌──────────────────────────────┐
│  FILED ____✓____  LODGED     │
│  RECEIVED _____ COPY       │
│  ┌────────────────────────┐  │
│  │                        │  │
│  │     OCT - 3 2016        │  │
│  │                        │  │
│  └────────────────────────┘  │
│   CLERK U S DISTRICT COURT    │
│     DISTRICT OF ARIZONA       │
│  BY_____DEPUTY │
└──────────────────────────────┘
```

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _Anant Kumar Tripati_ <br> (Full Name of Plaintiff)          Plaintiff, <br><br> vs. <br><br> (1) _Corizon LLC_ <br> (Full Name of Defendant) <br><br> (2) _Dr. Calvin Johnson_ <br><br> (3) _B. Anderson Flatt_ <br><br> (4) _Tracy Nolan_ <br><br>                            Defendant(s). <br> ☒ Check if there are additional Defendants and attach page 1-A listing them. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. _CIV 16-00282-DCB_
(To be supplied by the Clerk)

COUNT 1 — MEDICAL CARE
COUNT 2 — ETC  COUNT 3 — RLUIPA
COUNT 4 —RETALIATION COUNT 5 — PROPERTY
COUNT 6 - SPOLIATION COUNT 7 — Destruction

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

COUNT VIII 42 USC 1985  COUNT IX - 1986

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint
☒ Third Amended Complaint
   _Injunctive Relief Requested_
   _(DOCUMENT 27)_

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: _28 U.S.C. 1332 - I am a British Citizen and these_
   _Defendants of Arizona, Tennessee, Illinois. Rule 65. 28 USC 1331_

2. Institution/city where violation occurred: _Tucson, Florence_

**550/555**

Defendants cont'd
(5) Jonathan Walker
(6) Dr. Woodrow Myers
(7) Karen Witty
(8) Dr. Harold Orr
(9) Scott Bowers
(10) Dr. Winfred Williams
(11) Dr. Lucy Burciaga
(12) Dr. Chris Johnson
(13) N.P.  Joanna Grafton
(14) N.P.  Cristina Armenta
(15) R.N.  Angela Martinez
(16) R.N.  Tamara Porter
(17) R.N.  Lisa Lyon
(18) Beecken Petty O'Keefe & Company
(19) Annemarie Smith-Whitson
(20) Glen Pachecho
(21) R.N. Marlene Bedoya
(22) Panann Days
(23) Anne Jacobs
(24) Debra Han
(25) Charles L. Ryan
(26) Julia Erwin
(27) Julliette Respicio-Moriarity
(28) Heather Richardson
(29) Daryl Johnson
(30) Stacy Crabtree
(31) Susan Rogers

1-A

Defendants cont'd

(32) Cheryl Dossett

(33) Elizabeth Valencia

(34) Timothy Lawrence

(35) Dr. David Robertson

(36) Kelley Joan Morrissey

(37) Paul Edward Carter

(38) Betty Ullibarri

(39) Mark Brnovich

1-B

## B. DEFENDANTS

1. Name of first Defendant: _Corizon_. The first Defendant is employed as:
   _Healthcare Provider_ at _ADOC_.
   (Position and Title)                    (Institution)

2. Name of second Defendant: _Calvin Johnson_. The second Defendant is employed as:
   _~~Doctor~~ Policy Maker — Doctor_ at _Corizon - Tennessee_.
   (Position and Title)                    (Institution)

3. Name of third Defendant: _B. Anderson Flatt_. The third Defendant is employed as:
   _Policy Maker_ at _Corizon - Tennessee_.
   (Position and Title)                    (Institution)

4. Name of fourth Defendant: _Tracy Nolan_. The fourth Defendant is employed as:
   _Policy Maker_ at _Corizon - Tennessee_.
   (Position and Title)                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits: _ADOC lost my files so I am unable to provide this info_

   a. First prior lawsuit:
      1. Parties: _Tripati_ v. _Johnson_
      2. Court and case number: _U.S. Dist. ct_ civ _11-0195_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _On Appeal pending_

   b. Second prior lawsuit:
      1. Parties: _Tripati_ v. _Corizon_
      2. Court and case number: _U.S. Dist. ct_ _CIV-0618_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Pending on appeal_

   c. Third prior lawsuit:
      1. Parties: _Tripati_ v. _Hale et. al_
      2. Court and case number: _CV-15-0140-DCB_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Pending_

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

B. Defendants cont'd.

5. Jonathan Walker. Policy Maker, Corizon-Tennessee

6. Woodrow Myers. Doctor/Policy Maker, Corizon-Tennessee

7. Karen Witty. Policy Maker, Corizon-Tennessee

8. Harold Orr. Doctor/Policy Maker, Corizon-Tennessee

9. Scott Bowers. Policy Maker, Corizon-Tennessee

10. Winfred Williams. Doctor/Policy Maker, Corizon-Tucson

11. Lucy Bucciaga. Doctor/Policy Maker, Corizon-Tucson

12. Chris Johnson. Doctor/Policy Maker, Corizon-Florence

13. Joanna Grafton. N.P./Policy Maker, Corizon-Florence

14. Cristina Asmenta. N.P./Policy Maker, Corizon-Tucson

15. Angela Martinez. R.N./Policy Maker, Corizon-Tucson

16. Tamara Porter. R.N./Policy Maker, Corizon-Tucson

17. Lisa Lyon. R.N./Policy Maker, Corizon-Tucson

18. Beecken Petty O'Keefe & Company. Policy Maker, Corizon-Chicago

19. Annemarie Smith-Whitson. Deputy Warden, ADOC-Florence

20. Glen Pachecho. Deputy Warden/Policy Maker, ADOC-Tucson

21. Marlene Bedoya. R.N./Policy Maker, ADOC-Tucson

22. Panann Days. Deputy Warden/Policy Maker, ADOC-Tucson

23. Anne Jacobs. Deputy Warden/Policy Maker, ADOC-Tucson

24. Debra Han. C.O. IV, ADOC-Tucson

25. Charles L. Ryan. Director/Policy Maker, ADOC-Phoenix

26. Julia Erwin. Legal Monitor/Policy Maker, ADOC-Phoenix

27. Julliette Respicio-Moriarty. Appeals Officer, ADOC-Phoenix

28. Heather Richardson. Appeals Officer, ADOC-Phoenix

29. Daryl Johnson. Legal Monitor/Policy Maker, ADOC-Phoenix

30. Stacy Crabtree. Classification Ofc./Policy Maker, ADOC-Phoenix

31. Susan Rogers. Counsel/Policy Maker, ADOC-Phoenix

B. Defendants cont'd.

32. Cheryl Dossett. Appeals Officer / Policy Maker, ADOC-Phoenix

33. Elizabeth Valencia. Paralegal / Policy Maker, ADOC-Phoenix

34. Timothy Lawrence. Paralegal / Policy Maker, ADOC-Phoenix

35. David Robertson. Doctor / Medical Manager, ADOC-Phoenix

36. Kelley Joan Morrissey. Counsel / Policy Maker, ADOC-Phoenix

37. Paul Edward Carter. Counsel / Policy Maker, ADOC-Phoenix

38. Betty Ullibarri. Paralegal / Policy Maker, ADOC-Phoenix

39. Mark Brnovich. Paralegal / Policy Maker, ADOC-Phoenix

2-B

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _Eighth Amendment_

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.

   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☒ Medical care
   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer     ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ① Johnson, Flatt, Nolan, Walker, Myers, Witty, Orr, Bowers are policy makers of Corizon. They have adopted unwritten policies of Corizon that conflict with the written policies. This unwritten policy requires healthcare providers delay, defer, deny necessary treatment for serious medical needs to increase profits, even if inmates die. Pursuant to this policy, ineffective medication is given, visits to specialists are delayed, orders by specialists are not followed, effective medication is stopped, effective treatment is delayed, those who complain are punished and refused care.
   ② This is the reason why O'Keefe has financed Corizon.
   ③ But for this policy and financial support by O'Keefe, the conduct I outline below would not be.
   ④ Ryan knew of these policies before he awarded the contract to Corizon. Ryan's policy is similar to Corizon's policy, here they have a meeting of minds as to their policies.

   ( SEE PAGE 5 TO 34 )
   ( ATTACHMENT ( to 8 )

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I have had to suffer unbearable pain. I have fallen down 18 times since 4-22-16 and have refused treatment as the treatment is ineffective. I can not sleep, am constipated, have problems urinating, can not eat.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?     ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?     ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _8th Amendment_
   _Ryan and Brnovich_

2. **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: _ETS_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   (39) Employee grievances show that ADOC employees who work in the units have informed Ryan that the ADOC No Smoking policy is unenforceable and many employees have medical issues due to this policy. (40) I have problems breathing and secondhand smoke makes this worse. (41) Ryan wants me and others to give up names of those who smoke. However, this is of no help as inmates who give up names cannot be protected. They are beaten-up and transferred from prison to prison. (42) By refusing to ban smoking, Ryan is acting with deliberate indifference exposing me to breathing issues. (43) By demanding inmates give up names of those who smoke, Ryan is placing me to be beaten-up. (44) Although Dossett, Richardson, have apparent authority to grant me relief, acting pursuant to Ryan's policy to deprive inmates of their Eighth Amendment Rights, refuse to exercise that authority. (45) Brnovich, by failing to direct Ryan not to promulgate policies and practices that cause Constitutional torts, has caused the violations.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I have been told if I give up names of those who smoke I shall be beaten-up. I am having breathing problems.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count II?     ☒ Yes    ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?     ☒ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## COUNT III

1. State the constitutional or other federal civil right that was violated: Violation of RLUIPA against Ryan, Days, Jacobs, Robertson, Pachecho, Dossett, Richardson, Carter, Brnovich.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

(46) Since birth I am a Hindu and as mandated by my religion I eat no flesh. There is no medical necessity for me to eat meat. (47) Defendants Days, Jacobs, Robertson, Pachecho, Dossett, Richardson are aware that my religion forbids me to eat meat and that there is no medical necessity for me to eat meat, directed I must choose between a medical and vegetarian diet that accomodates my medical needs. (48) I have no alternative means to exercise my religious rights. There is no valid, rational connection between the regulation that mandates I choose to either be a Hindu or my serious medical needs be treated. (49) Defendants are burdening my religious exercise without a compelling government interest and it is not the least restrictive means. (50) There is no compelling government interest to deny me a vegetarian diet that comports to my medical needs. (51) Defendants have done so pursuant to Ryan's policy to deny non-Christian inmates the right to practice their religious tenets. (52) Carter has instructed Defendants not to accomodate my medical and religious tenets absent a court order. (53) Brnovich, by not putting in place policies that his employees (SEE Page 3A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Attachment B
   I can not eat meat and am being told my medical needs will not be accomodated if I insist on practicing Hinduism.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

I demand a jury trial; damages of $1,000,000.⁰⁰ per count per Defendant; Defendants provide me the diet; medical care; undo the wrongs they committed; costs; fees

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___9/29/16___
                    **DATE**

_____
**SIGNATURE OF PLAINTIFF**

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

D. Cause Of Action - Count I cont'd.

⑤ CGAR reports, CQI meeting minutes, CGAR
 caps, notice of substantial non-compliance
 inmate grievances, reports by class experts
 Dr. Cohen, Dr. Wilcox, inmate grievances,
 e-mails, phone calls [recorded by ADOC
 between Defendants] all show that the policy
 of Corizon is in existence in ADOC. E-mails
 and attachments show that:

⑥ Acting pursuant to this policy and upon
 the request of Porter, Burciaga, Jacobs,
 Respicio-Moriarity, Carter, Winfred,
 Williams are aware that when a person
 is on Prednisone, that person can not be
 given RAST test, directed I be given
 RAST for my serious medical needs - food
 allergies.

⑦ August 28th, 2014, the chief clinical officer
 of Corizon overturned that directive and
 issued an order that I be given an
 allergy/gluten diet. Finding that there
 is no medical need for me to eat, she
 ordered that the diet comport with my
 Hindu religious tenets and be vegetarian.

⑧ The medical director of ADOC in CIV-
 11-9014 ordered that I receive that diet,
 but Dossett directed the diet have
 meat in it, violating my religious tenets.

3-λ          ATTACHMENT 1

Count I cont'd.

⑨ Martinez refused to let Dr. Bonnie Goodman
   issue a corrected diet card.

⑩ Information reports issued by C.O.IV John
   Mattos #15-C14-1113 by kitchen officer
   Paige #15-C14-0695 by medical officer Sandell
   #15-C14-0884 in plain language confirm that
   I was not given the diet card, hence, I am
   unable to eat the meal.

⑪ Acting as policy makers, Dossett, Days, Jacobs,
   Respicio-Moriarity, Richardson, Valencia,
   contrary to what ADOC Employees who have
   first hand knowledge of the facts, stated in
   the information reports in 10 above that as
   I did not sign for my meals, I have lost the
   diet. The facts in the in the information reports
   show this is not true.

⑫ Burciaga, Martinez, Porter, Armenta, Lyon,
   Bedoya, Days, Jacobs, Respicio-Moriarity,
   Dossett, Richardson, Valencia, Robertson, as
   policy makers, refused to correct the diet. For
   non-medical reasons, they continued to change
   the diet.

⑬ Grafton and Johnson corrected the diet to
   comply with the directives of the chief clinical
   officer of Corizon's 8-28-14 orders.

⑭ Robertson directed that the diet not be given
   and refused to order the diet.

3-B            ATTACHMENT 2

DR. DAVID ROBERTSON

14A. 2009 TO 2012 DR DAVID ROBERTSON WAS MY HEALTHCARE PROVIDER. AND. DUE TO THE INEFFECTIVE TREATMENT HE GAVE ME, I ALMOST DIED BEING HOSPITALIZED 5 TIMES HAD 40 PLUS MEDICAL ICS'S AND ONLY AFTER DR. LAURA BROWN TOOK OVER DID SHE CHANGE MY MEDICATION AND DR. DIMITRIC CASTAROS

B. THIS COURSE OF TREATMENT WAS PUT BACK BY DR. SYLVIA MCQUEEN CORZON'S CHIEF CLINICAL OFFICER APPROVED BY DR. KEVIN LEWIS A.D.O.C'S CHIEF MEDICAL OFFICER. IT HAS BEEN FOLLOWED BY CORIZON.

C. HOWEVER ONCE DR. DAVID ROBERTSON BECAME A.D OC'S CHIEF MEDICAL OFFICER HE BEGAN DOING WHAT HE DID ALMOST KILLING ME AS OUTLINED ABOVE.

D. SINCE DR. DAVID ROBERTSON TOOK OVER WITH DR. BURCIAGA, ARMENTA, MARTINEZ, PORTER, LYON, GRATSON WILLIAMS DR. JOHNSON HE WAS AGGRAVATED MY CONDITION AND I AM GETTING THE SAME COMPLICATIONS, I HAD WHEN HE WAS MY PROVIDER.

E. VINDICTIVELY DR. ROBERTSON AIDED BY BURCIAGA ARMENTA MARTINEZ PORTER LYON GRATSON DR. JOHNSON WILLIAMS HAVE ACTED WITH DELIBERATE INDIFFERENCE TO MY SERIOUS MEDICAL NEEDS CHANGING THE TREATMENT THAT MANAGED MY MEDICAL CONDITION. OVERTURNING THE DECISION BY THE FORMER MEDICAL DIRECTOR AND CHIEF CLINICAL OF CORIZON FOR NON MEDICAL REASONS.

Count I cont'd.

⑮ Carter directed Dossett, Richardson not to comply with the diet order and provide a diet to comport to my religious tenets.

⑯ ADOC Defendants Pachecho, Bedoya, Days, Jacobs, Respicio-Moriarity, Dossett, Richardson, Valencia, Robertson acted in accordance with the prevailing customs, traditions and policies of Ryan to deny inmates treatment for their serious medical needs and violate their religious tenets.

⑰ Hence, I have not eaten any meal in prison because each time I eat food with soy, wheat, dairy, beans, nuts or gluten I have an emergency, have low sugar, low blood pressure, have been hospitalized five times and have had 40-plus prison medical emergencies.

## MEDICATION

⑱ I have shakes, tremors, a great deal of pain, do not go to recreation, problems urinating, high blood pressure, constipation, memory loss. In March 2012, ADOC adjusted the meds and they helped. August 28th, 2014, the chief clinical officer of Corizon adjusted my meds to every 8 hours. N.P. Catalina Daye admitted me in an inpatient unit. My blood pressure was monitored every 8 hours. Inmates would pick me up, as I would fall often.

3-C          ATTACHMENT 3

⑲ Han refused to file a grievance I submitted. C.O. III Nina Mindiola sent an e-mail with the grievance to Dossett. She directed Han to file the grievance.

⑳ Phone conversations, recorded by ADOC, between Defendants, e-mail and attachments show that Han spoke to Dossett, Erwin, Crabtree, Days, Pachecho, Bucciaga, Armenta, Martinez, Porter, are aware that East Unit is unable to take care of my medical needs, as it is not open 24 hours, had me discharged and moved to East Unit.

㉑ Defendants had me moved and prevented me from receiving continuity of care. They did this because of grievances I filed complaining of Han and complaining against Corizon not providing me adequate care. Had I not filed these grievances, I would not have been moved.

## East Unit

㉒ East Unit dispenses the 24 hour medicine dosage to be taken in 9 to 10 hours. As I do not drink, take drugs or smoke, and I do not wish to get high, the medication, not given every 8 hours does not help. It aggravates my condition.

㉓ Grafton and Chris Johnson refused to

3-D        ATTACHMENT 4

continue to give me meds every 8 hours. As the
meds taken otherwise do not help, I refused
all medical treatment. Since 4-22-16, as a
direct result of Defendants not giving me
meds every 8 hours, I have fallen down 18
times and inmates have picked me up and
brought me to my cubicle.

24) Upon orders of Smith-Whitson, after I
signed thirty-eight refusals, I was disciplined
for refusing to take meds that are not effective
as dispensed in East Unit.

25) Chris Johnson, Grafton, Smith-Whitson,
Respicio-Moriarity, Dossett, Richardsen, Valencia,
Crabtree and Robertson refused to order that
East Unit either give me meds every 8 hours
or move me to a unit that I am able to get
meds every 8 hours.

26) My blood pressure is high, I have problems
urinating, shake, tremor, blood sugar drops —
all because East Unit is not giving me meds
every 8 hours.

27) I moved from Manzanita Unit to East Unit. Both
are level 3 yards. Per the Health Services
Technical Manual, a deputy warden can not
interfere with medical orders. Smith-
Whitson ordered that all Special Needs orders
not be honored in East Unit and all medical

3-E        ATTACHMENT 5

property I have be seized. I can not walk
without the medical shoes and have other
complications.

## Specialists

28 Since 8-28-14, I have been complaining that
I need to be seen by a specialist for my urology,
pain , shaking , tremors and allergy and
memory issues.

29 Defendants waited until late 2015 to have me
examined. This has aggravated my condition.

30 As East Unit does not dispense meds as
ordered by specialists and the chief clinical
officer of Corizon, I refused care, until Corizon
dispenses med/treatment that I received
until 4-22-16.

31 It is harmful to take meds that do not work
as dispensed.

## Retaliatory Change

32 Health Services Technical Manual Chapter
7.1.8.1.1 provides that only the provider of
record may request a clinical staffing by
a written request to the FHA. Acting in
excess of that authority, Porter, Lyons,
Pachecho, after Han asked them to replace
medical property, held a staffing, not
authorized by the Technical Manual.

33 Burciaga , Days, Pachecho, Bedoya, Jacobs,

3-F            ATTACHMENT 6

Respicio-Moriarity, Valencia, Dossett,
Richardson, Robertson, although they have
the duty to ensure the Technical Manual is
followed, refused to do so.

34) Because of this, I am in a great deal of
pain, cannot sleep.

## Retaliatory Impediment

35) ADOC does not provide inmates with
medical resources. Erwin, although she has
the authority to, refused to let me obtain the
PDR, Pill Book and Encyclopedia to find
out what should be the proper treatment

36) Benovich, by failing to promulgate policies
that his employees not direct those they
represent to commit constitutional torts,
caused the violations.

## Deliberate Indifference

37) Defendants have acted with deliberate in-
difference to my diagnosed serious medical
needs, in accordance with Corizon's and
Ryan's policies, customs, traditions, inflicting
unwanted pain and suffering.

## Unavailable Remedies

38) Although Dossett, Porter, Lyons, Smith-Whitson,
Pachecho, Bedoya, Days, Jacobs, Han, Erwin,
Respicio-Moriarity, Richardson, Valencia,
Robertson have apparent authority to grant me

3-G        ATTACHMENT 7

relief, acting pursuant to Ryan's policy to
deprive inmates of their Eighth Amendment
rights, have refused to exercise that authority,
upon the request of Carter.

### COUNT III CONT'D

Should not Direct clients to commit torts
caused Carter and Morrissey's action, violation
of RLUIPA and the 1st and 14th plus 8th.
(59) Thomas Dossett, Daus, Jacobs, Robertson, Pacheco,
Richardson have the apparent authority to grant
Relief, they Refused to exercise that authority

### COUNT IV CONT'D

Processes to challenge employee misconduct
(71) Had Benovich put in place a policy that
his Employees are not to encourage their
clients to engage in torts, Carter and
Morrissey would not have authorized to
acts in this complaint Dossett, Richardson,
though they have authority, refuse to exercise
that, to prevent the misconduct

Count IV -

1. First Amendment

2. Retaliation against all

3. E-mails, attachments, telephone calls between ADOC employees, recorded by AdOC, show this: My filing grievances against Defendants, publishing my thesis that speaks of ADOC, a portion of which was seized. ⑤⑤ I complained to Dossett and Erwin that Han refused to file my grievance. Dossett and Erwin directed Han to file the grievance. On 4-21-16, Han filed the grievance. She then had Acmenta, as retaliation, discharge me and move me to East Unit knowing I can not continue to get meds every 8 hours in East Unit.

⑤⑥ Defendants engaged in the conduct in paragraphs 9, 10, 11, 12, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32, 33, 35, 46, 47, 48, 49 and all as punishment for my using the grievance process as well as the courts to obtain relief against ADOC, AND CORIZON and for me publishing my thesis; part of which was seized upon order of Erwin.

⑤⑦ April 26, 2016, Erwin sent an e-mail with attachments to Brennan, Whitson, Hernandez directing them not to give me the same legal access given all inmates under DO 902. She attached documents requesting I be retaliated against by staff due to my friends and family

5-B        ATTACHMENT 9

seeking assistance from public officials to
remedy wrongs against me by Defendants.

58) I have been approved and completed my LLM
from the University of London. Days approved
me to study for my Ph.D. E-mails with
attachments from Han, Days to Lawrence,
show that they asked Lawrence to and
Lawrence overturned that approval at the
request of Erwin.

59) He advised me that the approvals do not
matter because as I am not a U.S. citizen,
they will not allow me to complete my PhD.
Therefore, I authorized the multi-volume
research be published as an e-book - "Human
Rights Violations By Healthcare Providers
And States" - due by November 2016.

60) In 1998, ADOC, aware I was not a U.S.
citizen, allowed me to complete a 21 credit
program from Rio Salado; in 2001, another
21 credit from Rio Salado; 2006, 18 credits
from C.A.C. in Florence; 2007, from Cochise;
2013-14, from London.

61) The motivating factor for Lawrence's action, which
is supported by e-mails and recorded phone conver-
sations, is my filing grievances against Defendants,
publishing my thesis that speaks of ADOC, a
portion of which was seized.

                              5-C        ATTACHMENT 10

㉒ The attachment by Erwin and the e-mail
support a September 2nd, 2008 memo by
Daryl Johnson to destroy evidence and
retaliate against me and, among others,
㉓ records from 4 secure locations that
are in excess of 3,000 pages about me
vanished. When the records were recon-
structed by the deputy warden pursuant
to his authority to resolve grievances, as
these records exposed Defendants to liability,
at the urging of Rogers, Klausner, Johnson,
Morrissey, Carter, Defendants, in violation
of the authority delegated, for the first time
in ADOC history overturned a grievance
decision that favors an inmate.
㉔ At the urging of Klausner, Carter, Mor-
rissey, Defendants Johnson, Ryan, Erwin
directed ADOC employees to single me out
and violate ADOC policy, not to provide
me with legal copies, legal supplies, legal
mail as authorized by ADOC policy D.O. 902.
Ullibarri refused to approve copies of
documents. Days, Pachecho, Jacobs
refused to allow employees to send out
legal mail for me.
㉕ Martinez forged a refusal I signed and
Defendants covered this up.

5-D          ATTACHMENT 11

66 I was disciplined for having a t.v. that was replaced by ADOC for having a headphone my family sent me and the items were given back to me. A series of false disciplinary tickets were written on me.

67 As punishment, I was transferred from Barchey to Bauchman to Barchey to Cook to Meadows to Mojave to Santa Rita to Cimarron to Santa Rita to Manzanita to Rincon to Manzanita to Santa Rita to Manzanita to East Unit and in every transfer my property disappeared.

68 My property has been lost at least 16 times and I've prevailed in at least 12 grievances on property. However, I was refused compensation at the urging of Morrissey and Carter.

69 Defendants took this action against me because I use the grievance process and my right of access to courts to seek relief; because of that they have chilled my exercise of my First Amendment right and their actions do not advance a legitimate correctional goal.

70 Defendants retaliated against me because Ryan has approved the policy of retaliating against inmates who use the grievance and judicial    (SEE Page 3 H)

5-E        ATTACHMENT    12

Count V-

1. 14th Amendment against Ryan, Dossett

2. Property

3. (72) There is no available administrative remedy or post-deprivation remedy process in the ADOC as applied to me.

(73) Intentionally acting pursuant to authorized established procedure, although Dossett has the apparent authority to grant me relief, she has refused to exercise that authority.

(74) Acting pursuant to authorized established procedure, ADOC employees lost my property and I prevailed in at least 12 different times in my grievances between 1998 to 2016. However, post-deprivation remedies are inadequate, ineffective and non-existent.

(75) Due to the failure to follow ADOC policies and procedure, property loss is common and had Ryan properly disciplined his employees who lose property and who do not follow policy, there would be no loss. However, Ryan has established the authorized established procedure to intentionally lose property as retaliation for people who use the grievance and judicial processes like me. WITH NO POST DEPRIVATION REMEDY

Injury

My property has been lost repeatedly and there is no available post-deprivation remedy available for me. I EXHAUSTED ALL REMEDIES

5-G          ATTACHMENT 1)

Count VI

1. First Amendment

2. Spoilation Against Ryan, Corizon, Carter, Johnson, Klausner, Erwin, Benovich, Rogers, Morrissey,

3. ⓘ ADOC tapes all staff phone conversations and these are 801 (d)(2) statements that they destroy.

⓱ ADOC destroys all draft electronic documents and pursuant to D.O. 102 destroys all electronic documents every 14 days. Drafts and these deleted e-mails are 801 (d)(2) statements.

⓲ Acting pursuant to this policy, ADOC has destroyed phone calls and electronic documents that support the facts in Counts 1 to 5.

⓳ I have spoken to Corizon staff and they advise me they destroy all drafts and all e-mails after 30 days. They have destroyed documents concerning Counts 1 to 5.

⓴ Defendants are aware that the calls and electronic documents must be preserved as their employee actions and conduct are subject to litigation frequently and these are discoverable evidence likely to be used in litigation.

⑧ Their duty to preserve arises out of the due process clause, First Amendment and La Raia v. Superior Court, 222 P.2d 286 (1986), which provides that one who causes injury has the affirmative duty to aid the injured party. Their knowledge of prospective civil action

5-I          ATTACHMENT 1Y

and their intention to avoid liability for constitu-
tional and statutory torts also confer this duty
and shows this is intentional. There is reasonable
probability that the destroyed evidence would be
adverse to them and favorable to Plaintiff, as
evidenced by the non-destroyed materials.

82 Carter, D. Johnson, Klausner, Erwin, Morrissey,
Rogers and Corizon, aware that 801(d)(2) state-
ments are routinely destroyed, have refused to
enjoin the practice and, intentionally,

83 Ryan and Corizon, aware that evidence must
not be destroyed, have put in place the policy of
allowing destruction.

84 Brnovich has failed to ensure that he puts in place
policies that his office ensures clients not
destroy evidence.

## Injury

Evidence as to Counts 1 to 5, favorable to Plaintiff,
has been destroyed.

## Exhaustion

Grievance #A03-04-2016: I grieved this to Ryan.

5-J          ATTACHMENT 15

Count VII

1. 14th Amendment against Ryan, Carter, Morrissey, Klausner, Bronvich, Rogers

2. Property, Medical, Access to Courts

3. (85) Acting as policy makers as to matters against me, Carter, Morrissey directed Defendants to not follow their own regulations when it comes to me and to engage in the Constitutional torts in Counts 1 to 6.

(86) Acting as policy makers as to matters against me, Carter concealed from the Court the fact that Prednisone prevents an accurate RAST though ADOC medical and Corizon staff in no uncertain terms advised them otherwise.

(87) Acting as policy makers as to matters against me, Carter, Morrissey, Klausner, Ryan, Rogers directed Defendants to single me out and act contrary to prison regulations, thereby committing the Constitutional torts in Counts 1 to 6.

(88) These directives in 85 to 87 are evident in recorded telephone calls, e-mails and memos.

(89) By these intentional acts, Defendants have caused me to be denied the same or similar treatment as all other inmates and persons similarly situated as other inmates.

(90) As I file grievances challenging the misconduct by Defendants against me, I am a member of a suspect class. The fundamental rights that are violated by the conduct in 85 to 89 are my rights under the First, Eighth and Fourteenth Amendments.

5-K      ATTACHMENT 16

91 Defendants acted intentionally and there is no rational basis for the difference in treatment.

92 Brnovich, by failure to promulgate policies that his staff not direct agencies and their employees to single people out, caused these violations.

### Injury

I have been singled-out at the urging of Defendants for exercising my First, Eighth, and Fourteenth Amendment rights.

### Exhaustion

I have exhausted remedies.

### COUNT VIII AGAINST ALL
### VIOLATION OF 42 USC 1983

93 EACH INDIVIDUAL DEFENDANT KNEW the Conduct in 1t0q2 Violates Arizona and U.S. Constitutions My Grievances, Complaints From Family and Friends, Emails to and From ADOC and Corizon Employees, Recorded ADOC employee phone calls, electronic Records, Constitute Definitive Evidence of their Knowledge

### Injury

I have been denied treatment for my serious medical needs, Retaliated against, Singled out, and Pain changes, Fall down etc.

### Exhaustion

I exhausted all Remedies

5-L       ATTACHMENT 17

## Count IX

1. Violation of 42 USC 1986

2. Medical, Access to Courts, Retaliation

3. (94) Each individual Defendant knew of the conspiracies to deny me equal privileges and immunities under the United States Constitution as described in the complaint. (95) The conspiracies violated 42 USC 1986 and based on invidiously discriminatory animus against those like me who use the grievance and judicial processes, who exercise their fundamental right of access to the courts, not to be subjected to cruel and unusual punishment as in Count 1, not to be deprived their right to practice their religion. (96) Each individual Defendants had the power to prevent or aid in the prevention of the commission of conspiracies; each individual Defendant could have prevented or aided in the prevention of the conspiracies with reasonable diligence; and each individual Defendant neglected or refused to prevent the conspiracies.

### Injury

Denied treatment for serious medical needs, retaliated against, religious tenets violated, singled-out, pain, shaking, falling down, etc.

### Exhaustion

I exhausted all remedies.

5-N                    ATTACHMENT 18

## SUPPLEMENT TO INJUNCTIVE RELIEF

1.) PLAINTIFF URGES THE APPLICATION FOR INJUNCTIVE RELIEF APPENDED TO DOCUMENT 27.

2.) I HAVE NEVER USED DRUGS (EXCEPT PRESCRIBED MEDICATION), NEVER DRANK, NEVER SMOKED.

3.) EAST UNIT IS THE IDEAL UNIT FOR INMATES WHO WISH TO GET HIGH ON DRUGS. THESE GRIEVANCE APPEALS SHOW I HAVE HAD TO REFUSE ALL MEDICAL TREATMENT.

4.) AS EAST UNIT IS NOT OPEN 24-HOURS, THEY WANT INMATES TO TAKE THE 24-HOUR DOSAGE IN 8-10-HOURS.

5.) THIS IS NOT EFFECTIVE TO MANAGE MEDICAL CONDITIONS.

6.) PRIOR TO APRIL 22, 2016 PLAINTIFF GOT THESE MEDICATION EVERY 8-HOURS AND THEY SORT OF HELPED.

7.) IN EAST UNIT I HAVE FALLEN 18 TIMES - DUE TO HIGH BLOOD - PRESSURE, BLOOD SUGAR BEING LOW, SHAKES, TREMORS AND INMATES HAVE HAD TO PICK ME UP AND TAKE ME BACK TO MY LIVING AREA.

8.) THESE GRIEVANCES SHOW THAT ADOC AND CORIZON REFUSE TO GIVE ME MEDS EVERY 8 HOURS, WHICH IS EFFECTIVE.

9.) DR. DAVID ROBERTSON AS MY HEALTH CARE PROVIDER 2009 - 2,012 DID EXACTLY WHAT HE IS DOING TO ME NOW AS MEDICAL MANAGER. I WAS HOSPITALIZED FIVE TIMES NEARLY DIED, AND HAD TO 40+ MEDICAL ICS.

10.) DR. LAURA BROWN OF ADOC IN MARCH 2,012 ADJUSTED MY MEDS WHICH DR. SYLVIA McQUEEN OF CORIZON RE-INSTATED. THAT WAS FOLLOWED UNTIL APRIL 2,016 AND MANAGED MY CONDITION.

— 1 —

11.) THEY ARE ABLE TO CONTINUE WITH THAT TREATMENT — GIVE ME MEDS EVERY 8-HOURS - BUT REFUSED.

12.) DR. DAVID ROBERTSON AS ADOC'S CHIEF MEDICAL OFFICER IS DOING WHAT HE DID IN 2,009-2,012, AND BY WHICH HE NEARLY KILLED ME, AS DISCUSSED IN 9.

13.) I AM GETTING AS ILL AS I WAS IN 2,009 - 2,012 UNDER DR. DAVID ROBERTSON, FALLING 18 TIMES, HAVE LOW BLOOD SUGAR, BLOOD PRESSURE, AND URINARY AND OTHER PROBLEMS — THAT I HAD UNDER DR. ROBERTSON.

# ADDITIONAL APPEALS

A0302 1016 —
A03023016

CHANGE IN COURSE OF TREATMENT
RESULTING IN INEFFECTIVE TREATMENT
CAUSING REFUSAL OF TREATMENT
BY PLAINTIFF.

C14057016
C14055016

TREATMENT REFUSED DUE TO INABILITY
OF EAST UNIT TO GIVE MEDS EVERY 8-HOURS,
RESULTING IN MEDS BEING INEFFECTIVE.

A03033016 —

DISCIPLINE FOR REFUSING INEFFECTIVE
TREATMENT.

C14119014

"ADOC" APPROVING    AND CONTINUING
TO CHANGE IT.

A03042016

"ADOC" DESTROYING E-MAILS.

LETTER FROM ARIZONA MEDICAL BOARD.

REJECTION OF CHALLENGE TO ADOC
GRIEVANCES BEING UNAVAILABLE.



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

*For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| TRIPATI, ANANT K.     CL-A BED: 0301 | 102081 |

Institution/Unit

ASPC-FLORENCE/East Unit

| From | Location |
|---|---|
| COIII D. Brennan | East Unit Programs |

In response to your informal complaints dated 4/27/16 and received in programs on 4/28/16 concerning medical . Your complaint was sent to medical for review and below is their response to your complaints:

Mr. Tripati, this letter is written in response to your informal complaints dated 4/29/2016 and 4/27/2016 with complaints and concerns in regards to your medication gabapentin, and your SNO's. After reviewing your file with the Health Care Provider, a meeting was set up to discuss these and other issues you had. At this meeting held on 5/4/2016 the provider addressed your concerns, renewing SNO's and renewing the medically necessary items as outlined in your medical file. Also your gabapentin was changed to three times a day, 0700, 1200 and 1700, as this yard is not designed to have a 24 hour pill call operation, and the prescribed medication is not allowed to be KOP, it is strictly DOT/ crush and float in water.  DOC no longer allows indefinite SNO's, the policy is renewal every 12 months, or sooner if deemed necessary. SNO"s are also at the discretion of the security of each unit and provider, due to possible security and medical restrictions, and potential hazards.  In summary, following review of your medical chart, and the notes from the encounter mentioned above, the issues were addressed and per your verbalization of acceptance and understanding, appear to resolve these concerns.
End Of Report.

| Staff Signature | Date |
|---|---|
| *Casie Brennan* | 5/13/16 |



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-3133
www.azcorrections.gov



DOUGLAS A. DUCEY
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: <u>TRIPATI, ANANT</u>        ADC No.: <u>102081</u>        Case No.: <u>A03-021-016</u>

Institution: <u>ASPC-FLORENCE/EAST</u>        Date Received: <u>May 24, 2016</u>

I have reviewed your Grievance Appeal wherein you claim that Corizon had you transferred as retaliation for complaining about the treatment. You also state that Corizon cannot change the course of treatment you have been receiving for their convenience and that "they" are aggravating your condition, forcing you to refuse any treatment.

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1.  Inmate movement is based on several factors such as departmental bed space needs, transportation concerns, and other issues. On 04/22/16 you were transferred to ASPC Florence/East Unit and upon your arrival started refusing medication, stating that it was ineffective because of the administration times. Your medical record was reviewed prior to your transfer and there is no documented clinical condition prohibiting you from being housed at East Unit. On 06/15/16 you were counseled by the site provider and given a thorough explanation of the risks of refusing medical care. You have the right to refuse medical treatment, however you are encouraged to receive treatment and medications as directed by the site provider.

2.  Please submit a Health Needs Request (HNR) if you have additional medical concerns.

This response concludes the medical grievance process per Department Order 802.06 Medical Appeals to the Director.

_____  For        09/19/2016
Charles L. Ryan, Director                Date

cc:  Facility Health Administrator, ASPC-Florence
     C.O. Inmate File



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-3133
www.azcorrections.gov



DOUGLAS A. DUCEY
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL:  TO THE DIRECTOR

Inmate Name: <u>TRIPATI, ANANT</u>          ADC No.: <u>102081</u>          Case No.: <u>A02-023-016</u>

Institution: <u>ASPC-FLORENCE/EAST</u>                              Date Received: <u>May 27, 2016</u>

I have reviewed your Grievance Appeal wherein you state 1) that both Arizona Department of Corrections (ADC) and Corizon should follow the medical tech manual and return your medical items; and 2) Corizon is required to continue to provide the medications you receive as dispensed before 04/22/16.

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1. You have not provided specific incidents, medications or medical items; therefore we are unable to identify your specific concerns. Special Needs Orders (SNOs) are frequently reevaluated for medical need and may be changed at any time by the current provider. A review of your medical and pharmacy record demonstrates that you are currently refusing all medical care because there is not a 24 hour medical unit on East Unit. The provider explained all of the risks and potential consequences of your decision on 06/15/16. If you have specific questions or concerns about your care, you are encouraged to submit a Health Needs Request.

2. Please submit a Health Needs Request (HNR) if you have additional medical concerns.

This response concludes the medical grievance process per Department Order 802.06 Medical Appeals to the Director.

_____ FoR                          <u>09/08/2016</u>
Charles L. Ryan, Director                                        Date

cc:/  Facility Health Administrator, ASPC-Florence
       C.O. Inmate File



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-3133
www.azcorrections.gov



DOUGLAS A. DUCEY
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL:  TO THE DIRECTOR

Inmate Name: <u>TRIPATI, ANANT</u>       ADC No.: <u>102081</u>          Case No.: <u>C14-057-016</u>

Institution: <u>ASPC-FLORENCE/EAST</u>                    Date Received: <u>May 07, 2016</u>

I have reviewed your Grievance Appeal wherein you state that on 03/04/16 you were advised by the site provider that the neurologist recommended an endocrinologist and pain management referral and you request that you be sent to both specialist visits for your condition.

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1.  Your medical record confirms that on 03/04/16 the provider discussed your neurology visit notes with you. As recommended, the provider ordered a Vitamin B 12 level and requested a consult to a pain management clinic. The vitamin B12 level was reported as normal on 03/09/16. On 04/14/16 you were evaluated by pain management who recommended a lumbar MRI. You refused to have the MRI on 06/15/16. An evaluation by the endocrinologist was completed on 05/31/16 and additional lab tests were recommended. In a Health Needs Request (HNR) dated 05/11/16 you requested that all treatment by Corizon be stopped and have been refusing all medical care.

2.  Please submit a Health Needs Request (HNR) if you have additional medical concerns.

This response concludes the medical grievance process per Department Order 802.06 Medical Appeals to the Director.

_____ FOR          09/08/2016
Charles L. Ryan, Director                           Date

cc:   Facility Health Administrator, ASPC-Florence
      C.O. Inmate File



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-3133
www.azcorrections.gov



DOUGLAS A. DUCEY
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL:  TO THE DIRECTOR

Inmate Name: <u>TRIPATI, ANANT</u>      ADC No.: <u>102081</u>         Case No.: <u>C14-055-016</u>

Institution: <u>ASPC-FLORENCE/EAST</u>                Date Received: <u>April 06, 2016</u>

I have reviewed your Grievance Appeal wherein you claim that you were denied medical treatment and your medications were not renewed in a timely manner.

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1. As stated in Assistant Facility Health Administrator L. Lyon's response dated 03/22/16, you have not provided specific dates, incidents, or medications; therefore we are unable to identify your specific concerns. A review of your medical and pharmacy record demonstrates that you are currently refusing all medical care because there is not a 24 hour medical unit on East Unit. The provider explained all of the risks and potential consequences of your decision on 06/15/16. If you have specific questions or concerns about your care, you are encouraged to submit a Health Needs Request.

2. Please submit a Health Needs Request (HNR) if you have additional medical concerns.

This response concludes the medical grievance process per Department Order 802.06 Medical Appeals to the Director.

_____       foR        _____
Charles L. Ryan, Director                                         09/08/2016
                                                                       Date

cc:   Facility Health Administrator, ASPC-Florence
       C.O. Inmate File



# Arizona Department of Corrections

1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-3133
www.azcorrections.gov



DOUGLAS A. DUCEY
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL:  TO THE DIRECTOR

Inmate Name: <u>TRIPATI, ANANT</u>          ADC No.: <u>102081</u>          Case No.: <u>A03-033-016</u>

Institution: <u>ASPC-FLORENCE/EAST</u>                    Date Received: <u>April 06, 2016</u>

I have reviewed your Grievance Appeal wherein you state that you have signed several refusals because of the manner in which medications are dispensed and you do not feel you should be disciplined for refusing medical.

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1.  Corizon does not discipline inmates for refusing medical care. Per Department policy when an inmate does not show to an appointment or medication pass the health unit is to notify security for further investigation. When the information is reported to security the inmate may be placed on report.

2.  Please submit a Health Needs Request (HNR) if you have additional medical concerns.

This response concludes the medical grievance process per Department Order 802.06 Medical Appeals to the Director.


Charles L. Ryan, Director

09/19/2016
Date

cc:  Facility Health Administrator, ASPC-Florence
     C.O. Inmate File

# Arizona Department of Corrections



1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: TRIPATI, ANANT     ADC No.: 102081     Case Nos.: C14-119-014

Institution: ASPC-TUCSON/MANZANITA     Date Received: November 5, 2014

I have reviewed your Grievance Appeal in which you state that "ADOC has refused to give me my diet" that was ordered by the Chief Medical Officer of Corizon.

Your grievance appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1.  Our review shows that on 8/28/14, you met with Corizon's Medical Director (Dr. S. McQueen) concerning your diet issues. You were subsequently issued a No Gluten Diet/Allergy Diet. We have confirmed that this diet order has been implemented. As to your request for a Hindu Diet/Vegan Diet, this is a religious diet and is under the purview of the Chaplain; therefore, it will not be addressed within this response. You are advised to discuss your request for a religious diet with the Chaplain assigned at your facility.

2.  Please submit a Health Needs Request (HNR) if you have additional issues or concerns which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

Charles L. Ryan, Director

1/27/15
Date

cc:    Facility Health Administrator, ASPC-Tucson
        C.O. Inmate File

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Restricted Diet Order**

Health Care Providers and Senior Chaplains ordering restricted diets will complete, sign and date the Restricted Diet Order Form. The HAP or Senior Chaplain will retain their portion of the form and ensure the form is placed in the inmate's records with the remaining portion of the order form forwarded to the

☐ New    ☐ Change    ☐ Reissue

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| TRIPAti    ANAnt | 102081 |

| Institution/Facility/Unit | Housing Assignment | Start Date | Expiration Date |
|---|---|---|---|
| MAN | S B 15 L | 9-2-14 | NONE |

**MEDICAL DIETS**

☐ Dental/Mechanical Soft Diet (Easy to chew/swallow)
☐ Clear Liquid Diet
☐ Full Liquid Diet (Automatically expires in 5 days)
☐ Liquid Supplements

☐ Controlled Protein Diet
☐ Long-term Full Liquid Diet (Automatically expires in 8 weeks - supplement required)
☐ Wasting Syndrome
☐ Chemotherapy Diet
☑ No Gluten Diet

☐ Pregnancy
☐ Renal/Dialysis Diet
☑ Allergy Diet

NO DAIRY, NO WHEAT, NO NUTS (peanut) NO SOY, NO BEANS

☐ Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers
☐ am snack    ☐ mid-day snack    ☐ am snack

ON PREDNISONE

☐ Other: PATIENT DOES NOT require RAST Testing I have documentation from prev testing

☐ (Restricted medical diets not defined in the ADC Diet Reference Manual may be ordered only with the approval of the Medical Director of Health Services or designee with the following approving authority Signature.

Approving Authority Signature: _____

**RELIGIOUS DIETS**

HINDU

☐ Lacto Vegetarian Diet (Allows milk and milk products)    ☐ Kosher Diet Plan

Vegan Diet only

**NOTICE TO INMATE** - Medical Diets take precedence over Religious Diets. If a medical condition exists that is contraindicated by the Religious Diet, the Medical Diet will supersede it. Inmate will be removed from the diet roster for non-compliance when five (5) meals are missed in seven (7) calendar days, or when the inmate requests removal in writing. Inmates are to receive only the prescribed religious/medical diet and each inmate is responsible for his/her restricted diet and compliance to their diet.

**MEDICAL** - I understand the terms and conditions of this diet.

| | | Comments |
|---|---|---|
| Inmate's Signature | Date 9/1/14 | Chief Clinical Officer or Contract reviewed and Interview patient Directly |
| Approved by: Sylva McQuson MD | Date 8-28-14 | |

**RELIGIOUS** - I understand that if I miss 5 meals in 7 days I may be removed from this diet for 6 months. Second violation will result in a 12 month suspension.

| | | Comments |
|---|---|---|
| Inmate's Signature | Date | |
| Approved by: | Date | |

| DIET IS BEING DISCONTINUED DUE TO: | Date |
|---|---|

DISTRIBUTION  Initial - Originator - Top portion of form only, Food Service Liaison - Remaining form - Diet Card Only

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Restricted Diet Card**

| Inmate Name | ADC Number | Expire Date |
|---|---|---|
| | | |

☐ Dental/Mechanical Soft (Easy to chew/swallow)
☐ Clear Liquid
☐ Full Liquid
☐ Liquid Supplements
☐ am Snack    ☐ mid-day snack    ☐ bedtime Snack
Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers
☐ Other:

☐ Controlled Protein
☐ Long Term Full Liquid
☐ Wasting Syndrome
☐ Chemotherapy

☐ Gluten Free
☐ Pregnancy
☐ Renal Dialysis
☐ Allergy Diet

☐ Lacto Vegetarian Diet (Allows milk and milk products)

☐ Kosher Diet Plan

**Food Service Verification**

| Physician or Chaplain Signature | Date 8·28·14 |
|---|---|

912-3
5/15/08

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



**ARIZONA DEPARTMENT**

**OF CORRECTIONS**

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|---|---|---|---|---|---|
| 632 | Tripati | 102081 | A03042016 | Florence | East |

In your grievance filed at East Unit, you claim ADC should not delete e-mails, but store them indefinitely, as they are public record. Your resolution is for the policy to be amended and for ADC to store all e-mails indefinitely.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. Pursuant to DEPARTMENT ORDER 102 INFORMATION TECHOLOGY

102.02 AUTOMATED OFFICE SYSTEMS - E-MAIL AND MESSAGING

1.8 Department E-mail

1.8.1 Each mailbox shall have a quota of 2.6 gigabyte (GB). When this quota is reached, the mailbox shall not be able to send or receive e-mail. The system shall automatically generate a warning message prior to the limit being reached to alert the user immediate action is required to reduce the mailbox size. If no action is taken to reduce the mailbox size or an exception is not approved, the user shall not be able to send or receive e-mail. Exceptions to this quota may be approved by the approving authority.

1.8.1.1 Due to the volume of the e-mail messages and associated storage space requirements noted above, the e-mail system shall purge messages automatically according to the following schedule:

1.8.1.1.1 "Trash" - container items purged every 14 calendar days. The system shall empty the messages from the mailbox. Users may use self-service recovery in order to retrieve a purged message for an additional 14 days.

1.8.1.1.2 "Sent Items" – items purged every 90 calendar days. After 90 calendar days, these messages shall be placed in a folder called "Sent Items," directly under the "Deleted Items" folder. They shall be held there for an additional 14 days before being purged.

ADC e-mails are managed in accordance with the aforementioned policy. Therefore, your request for ADC to store e-mails indefinitely cannot be granted.

No further action is warranted in this matter.

CC: Warden, Florence Complex

H.R.

**Appeals Officer**

**Charles L. Ryan, Director**

Date 09/15/2016

**EAST UNIT**

SEP 1 5 2016

**GRIEVANCE COORDINATOR**

Page 1 of 1



**Arizona Medical Board**
9545 E. Doubletree Ranch Road, Scottsdale AZ 85258  •  website: www.azmd.gov
Phone (480) 551-2700  •  Toll Free (877) 255-2212  •  Fax (480) 551-2705

<u>Governor</u>

**Douglas A. Ducey**

<u>Members</u>

**James Gillard, M.D.**
Chair
Physician Member

**R. Screven Farmer, M.D.**
Vice-Chair
Physician Member

**Jodi Bain, Esq.**
Secretary
Public Member

**Marc Berg, M.D.**
Physician Member

**Donna Brister**
Public Member

**Teresa Connolly, D.N.P.**
Public Member

**Gary R. Figge, M.D.**
Physician Member

**Robert E. Fromm, M.D.**
Physician Member

**Lois E. Krahn, M.D.**
Physician Member

**Edward G. Paul, M.D.**
Physician Member

**Richard Perry, M.D.**
Physician Member

**Wanda Salter, R.N.**
Public Member/R.N.

<u>Executive Director</u>

**Patricia E. McSorley**

April 26, 2016

Anant K. Tripati - #102081
Box 24401
Tucson, AZ 85734

**Re:   <u>Winfred D. Williams, M.D.</u>**
**        Case # MD-14-1402A**

Dear Anant Tripati:

The investigation of the above referenced case is complete. The case has been reviewed and referred to the full Arizona Medical Board (Board) for further action. The Board will be considering the above referenced case at its next regularly scheduled meeting on June 1-2, 2016 and may choose to discuss this matter at any time during the meeting. This meeting will take place at 9535 East Doubletree Ranch Road in Scottsdale, Arizona.

The recommendation is to issue an advisory letter.

The purpose of this public meeting is for the Board to operate in an open setting, allowing interested parties to observe the decision making process. You do not need to be present at the meeting, as the agency will notify you of the outcome within 10 days after the meeting. However, if you wish to address the Board you may make a **three-minute** statement at the "Public Statements Regarding Matters Listed on the Agenda" which is scheduled to take place at **10:00 a.m.** on **Wednesday, June 1, 2016**. Please be aware that Board meetings are recorded.

If you have additional information not provided to Board Staff during the course of the investigation that you would like the Board to review you must submit that information no later than three weeks prior to the meeting date. No materials will be provided to the Board on the day of the meeting.

Sincerely,

*Michelle Robles*

Michelle Robles
Board Coordinator
E-Mail: boardcoordinator@azmd.gov

Enc: Call to Public Brochure

## ARIZONA DEPARTMENT OF CORRECTIONS
## ARIZONA STATE PRISON COMPLEX-FLORENCE-EAST UNIT

**TRIPATI, ANANT K. #102081**          **A03 / A-3-01**          **08/08/2016**

Your grievance/grievance appeal is being unprocessed on 08/08/2016 for one or more of the following reasons. I recommend you review Department Order (DO) 802, Inmate Grievance System, located in the Resource Center. **Note bold/underlined comments.**

1.    You have not provided your COIII / the Chaplain sufficient time (15 work days) to respond to your inmate letter / informal.

2.    You have failed to complete the grievance form correctly, no signature dated etc...

3.    You have NOT provided the ORIGINAL Grievance/Grievance Appeal form.

4.    You are past time frames (five work days) for filing a Grievance/Grievance appeal.

5.    You failed to provide adequate information for an investigation (i.e. dates, list of items/sizes, titles, etc).

6.    You have NOT provided copies of supporting documentation: original receipts, HNR's, Seized Property Forms, Inmate Letters to other staff, copy of informal complaint, copy of informal resolution response, etc.

7.    **You may only address one (1) issue per grievance.**

8.    You have used the incorrect forms.

9.    This is a duplicate grievance.

10.   **You have not followed DO 802** and have not indicated how your issues adversely affect you, nor have demonstrated how a grievance will resolve them.

11.   Your issue is not grievable and/or has its own appeal process.

12.   Your grievance has been determined not to be an emergency and or has been already resolved

13.   **You cannot appeal unprocessed grievances/appeals per Central Office Grievance staff.**

**COMMENTS:** D.O. 802.03.1.2 states: The inmate shall place *a single complaint* with related issues on a single Inmate Grievance form. If the inmate includes multiple unrelated issues on a single form or submits a duplicate complaint, the submission of the grievance shall be rejected and returned to the inmate as unprocessed.
The complaint you have submitted has multiple issues and will not be processed per 802.03 & 802.10

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | Received By | Holbrook |
|---|---|---|
| | Title | COIII |
| | Badge Number 1856 | Date 8/8/16 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) | ADC Number 10218 | Date |
|---|---|---|
| Institution/Facility ASP | Case Number Unprocessed | |
| To: | | |

**Description of Grievance** (To be completed by the inmate) AS ADOC STAFF have appointed (authority) under DO 802 but decline to excercise it ADOC Administration Remedy is unavailable under Ross v Blake attached [ Despite what Regulations -- may promise ] it operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrived inmate (Ross page 4) In A-B-O Decision the U.S. supreme courts. Ross decision with the following Render A DOC. remedies unavalible.  These are examples of some Decisions Showing Administrative Remedy is (Page 2) unavailable in ADOC.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?) For me ① ADOC Grievances and appeals should be Held to be unavailable within the meaning of Ross in practice Because Appeals and Grievances staff Refuse to (see Ross 4) excersise their Authority using the process as a coverup tool. See pg 6

| Inmate's Signature | Date 7/7/16 | Grievance Coordinator's Signature COIII Holbrook | Date 8/8/16 |

Action taken by **East Unit**    Documentation of Resolution or Attempts at Resolution.

Unprocessed due to more than one issue DO 802.03 & 802.10

| Staff Member's Signature COIII Holbrook | Badge Number 1856 | Date 8/8/16 |

ARIZONA DEPARTMENT OF CORRECTIONS

Continuation Sheet — Form Number ___802-1___

*Please PRINT all information*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT |
|---|---|---|
| Jones Oscar | 102081 | A-03 |

Comments

① I Filed A1X 020006 And grievance Staff to protect CO III Bullock, Stated that She "Amended the Documents to protect me." THEY Did not want to say Forged

② I Filed C1X 015013. No one can violate Policy. ADOC grievance STAFF Refused to Run violated Policy. Say THEY Directed ADOC STAFF to violate AD 902.

③ I Filed C1X 113 015; C1X 114006 C1X 151 015. As STAFF violated the Technical Manual grievance STAFF Refused to Direct STAFF Follow the Technical manual

Distribution: As indicated on original form

903-10(e)
8/7/14

ARIZONA DEPARTMENT OF CORRECTIONS

Please **PRINT** all information

Continuation Sheet -- Form Number _8027_

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT |
|---|---|---|
| Nipper Brant | 102108 | ADJ |

Comments

④ I Filed 15Civ028. Though
Medical Ordered there is no
medical need for me to eat
meat, grievance staff stated
that I must eat meat.
⑤ I Filed Civ1190K; IDR
15 Civ0699; 15Civ1113. 15Civ088X
show that I did not get
the Diet cards. Grievance.
Staff Stated I got the
Diet card.
⑥ I Filed A03023016. Smith
Whitson Ordered her staff to
Seize Medical property
⑦ Corizon in no uncertain
terms Stated in A03024016
that they cannot give

903-10(e)
6/7/14



**ARIZONA DEPARTMENT OF CORRECTIONS**

To be used as a continuation for all reports. Indicate sections being continued.

**Continuation Sheet**

| Date | | Report Number |
|------|---|---------------|

me the meds every 8 hours.
Grievance staff Refused to
put me in a unit I can
get meds. They stated that
AD3 can give me the meds
every 8 hours. They covered
up for Corizon 12 days
① They did this Because
if they would have found
EPST unit cannot give me
meds every 8 hours, they would
have had to find Pennsylvania
As of this date I have
Received meds and am falling all
the time

| Employee Name (Last, First M.I.) | Employee Signature and Badge Number | Date |
|----------------------------------|-------------------------------------|------|

105-5(e)
8/6/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

Continuation Sheet – Form Number _____ 8121

Please *PRINT* all information

| INMATE NAME (Last, First M.I.) (Please print.) | ADC NUMBER | INSTITUTION/UNIT |
|---|---|---|
| Turpin Donald L | 182084 | A93 |

Comments ~~to take Corrective Action~~

(a) I signed more then 30 Refusals as
the meds as administered, were making me
sick. Crozin Refused to charge the meds to
every place. They disciplined me for Refusing
to go to medical Daily to Sign Refusals,
Appeal I Signed more the 30 Refusals -
Upon the order of Smith - Whitem I
was issued tickets 15 A032041 15 A032045,
for Refusing to take meds, — Horrel I
signed Refusals

On Appeal the ~~ato~~ ~~fees~~ Refused to
take Corrective Action

(b) I sent 4 or more letters to Kelly
Dudley. Dr. Lundberg allowed me to get
2 tennis shoes and other medical items
in violation of Policy - Horrel I show
provides these approvals to Smith - Whitem,
She ordered these items - authorized by
medical & Dr. Lundburg - to be denied to
me

THE Pending Litigation

Judge Aleta A. Trauger has transferred
to Judge David Bury Civ 16-00282 DCB
due to the manner Refusals are administered, there is too much
Litigation

Distribution: As indicated on original form

**ARIZONA DEPARTMENT OF CORRECTIONS**

Continuation Sheet — Form Number _____ 9627

| INMATE NAME (Last, First M.I.) (Please print.) | ADC NUMBER | INSTITUTION/UNIT |
|---|---|---|
| Trigget Brant C | 187081 | ASD |

Comments    On 7/11/16 I Filed my second
Amended Complaint Addressing the Issues
Edwin E. Mins was Assessing or 4/26/16
However the Grievance Issue is
Not in that case Because the Decision
I Just Received 7/16/16.

## Resolution

Not withstanding DO 802, As Administratos,
Central Office Staff, Deputy Wardens
And Wardens DHO's have been
Administrative Remedies, "unavailable"
Because they use that as a vehicle to
Govern, Wrongs. These examples are just
a tip of the Iceberg see to 4/26/16 Edwin
E. mins And Department & IIR include 2901, 15CW0699,
Until those Grievance Appeal Staff
Are changed we should not have to
Exhaust Remedies As they are "unavailable"
We should not have to use "unavailable
Remedies.

Distribution: As indicated on original form



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

| | *For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.* |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| TRIPATI, ANANT K.     CL-A BED: 0301 | 102081 |

| Institution/Unit |
|---|
| ASPC-FLORENCE/East Unit |

| From | Location |
|---|---|
| COIII D. Brennan | East Unit Programs |

In response to your informal complaint dated 7/20/16 and received in Programs on 7/20/16 concerning your ability to get relief through the grievance process. I forwarded your complaint to Central Office, Heather Richardson who provided me with the following response.

You cannot request action on other inmates behalf. You can grieve your issue but no one elses. If you claim you are not getting a response then you need to show how you are being denied the ability to use the grievance process.

End of response

| Staff Signature | Date |
|---|---|
| *[signature]* | 8/2/16 |

Distribution:   Original - Inmate
                Copy – Grievance Coordinator File

802-12(e)
12/19/12



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| TRIPATI Anant | 102081 | A03 | 7/20 |

| TO | LOCATION |
|---|---|
| CO III Brennan | |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible. In light of Ross + Blake decided by the US supreme court, I submit this, before moving the court, to declare that ADOC does not have available administrative remedies to

(1) I filed 15 CIX 020, 15 CIX 119214, Grievance appeals staff were "unwilling" to provide any relief.

(2) I filed CIX 151015, CIX 11015, CIX 114012 Grievance appeals staff were unwilling to find staff/CO II violated the technical manual

(3) I filed CIX 115 013, though Charles Ryan cannot order his staff to violate policy, Grievance appeals staff, were unwilling to find his action violates policy.

(4) I filed ADC 014 008, Grievance appeals staff were unwilling to say CO III Bullock forged the document, they stated she "altered them" to protect me.

Ross v Blake states "(Despite what regulations or guidance materials may promise) it operates as a simple dead-end with officers unable or consistently unwilling to provide any relief."

As ADOC Central office staff and administering the grievance process in violation of R&R, I will (as examples) submit this informal, and request that ADOC declare "inmates have" "no available administrative remedies."

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

| Have you discussed this with Institution staff? | ☐ Yes | ☐ No |
|---|---|---|
| If yes, give the staff member name: | | |

Distribution:   Original – Inmate
                Copy – Grievance Coordinator File

802-11(e)
9/21/13

Recvd 7/20/16