ANANT KUMAR TRIPATI
Name and Prisoner/Booking Number

102081
Place of Confinement

P.O. BOX 5000
Mailing Address

FLORENCE AZ 85132
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED _____ LODGED
RECEIVED _____ COPY

MAR 15 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

ANANT KUMAR TRIPATI ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) CORIZON INC. ,
(Full Name of Defendant)

(2) DR. CALVIN JOHNSON ,

(3) B. ANDERSON FLATT ,

(4) TRACY NOLAN ,

Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CIV 16-00282 DCB
(To be supplied by the Clerk)

FOURTH AMENDED

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**   COUNT 1 - MEDICAL
                     COUNT 2 - ETS
                     COUNT 3 - RLUIPA
☐ Original Complaint   COUNT 4 - Retaliation
☐ First Amended Complaint   COUNT 5 - FRAUD
☒ ~~Second~~ Amended Complaint   COUNT 6 - Spoliation
☐ FOURTH (4TN)   COUNT 7 - EQUAL PROTECTION
                     COUNT 8 - Declaratory
Injunction Sought   Relief

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983 , 28 U.S.C 2201
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☒ Other: 28 U.S.C. 1332 I AM A BRITISH CITIZEN (PAGE 19), Rule 65

2.   Institution/city where violation occurred: TUCSON, FLORENCE, LEWIS

Revised 3/11/16                          1                          **550/555**

5. Jonathan Walker, Corizon Policymaker.
6. Dr. Woodrow Myers, Corizon Policymaker.
7. Karey Witty, Corizon Policymaker.
8. Dr. Harold Orr, Corizon Policymaker.
9. Scott Bowers, Corizon Policymaker.
10. Dr. Winfred Williams, Corizon Regional Director.
11. Dr. Lucy Burciaga, Provider, Tucson..
12. Dr. Chris Johnson, Provider, East Unit.
13. N.P. Joanna Grafton, Provider East Unit
14. N.P. Christina Armenta, Provider Tucson.
15. R.N. Angela Martinez, Tucson.
16. R.N.Tamara Porter, Tucson.
17. R.N. Lisa Lyons, Tucson.
18. Becken, Petty O'Keefe & Company, Corizon Funder.
19. Annemarie Smith-Whitson, Deputy Warden, East Unit.
20. Glen Pachecho, Deputy Warden, Tucson.
21. R.N. Marlene Bedoya, Tucson.
22. Panann Days, Deputy Warden, Tucson.
23. Anna Jacobs, Depuy Warden, Tucson.
24. Debra Han, CO IV, Tucson.
25. Charles L. Ryan, ADC Director.
26. Julia Erwin, Monitor Legal Access, ADOC.
27. Julliette Respicio-Moriarity, ADC Grievance Appeals, Phoenix.
28. Cherly Dossett, ADC Grievance Appeals.
29. Heather Richardson, ADC Grievance Appeals.
30. Daryl Johnson, Monitor Legal Access, Phoenix.
31. Stacy Crabtree, Classification Officer, Phoenix.
32. Elizabeth Valencia, Grievance Appeals.
33. Timothy Lawrence, regional Director, Phoenix.
34. Dr. David Robertson, Provider, Manager Medical Phoenix.
35. Karyn Klausner, Policymaker, Phoenix.
36. Susan Rogers, Policymaker, Phoenix.
37. Betty Ullibarri, Paralegal, Tucson, Florence.
38. Paul Edward Carter, Policymaker.
39. Kelley Joan Morrissey, Policymaker.
40. Mark Brnovich, Policymaker.


JURISDICTION CONTD:

41. Defendants, and each of them, are citizens of Arizona and Tennessee acted as special policymakers specifically as to me and as described in the complaint.The amount in controversy exclusive of interest and costs exceeds $250,000

## B.  DEFENDANTS

1.  Name of first Defendant: _Corizon Inc._ . The first Defendant is employed
as: _Healthcare Provider_ at _ADOC_ .
    (Position and Title)                              (Institution)

2.  Name of second Defendant: _Dr. Calvin Johnson_ . The second Defendant is employed as:
as: _Policy Maker_ at _Corizon_ .
    (Position and Title)                              (Institution)

3.  Name of third Defendant: _B. Anderson Flatt_ . The third Defendant is employed
as: _Policy Maker_ at _Corizon_ .
    (Position and Title)                              (Institution)

4.  Name of fourth Defendant: _Tracy Nolan_ . The fourth Defendant is employed
as: _Policy Maker_ at _Corizon_ .
    (Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2.  If yes, how many lawsuits have you filed? _3 Plus_ . Describe the previous lawsuits: _ADOC Lost_
_ALL MY FILES; UNABLE TO PROVIDE_
    a.  First prior lawsuit:
        1.  Parties: _Tripati_ v. _Johnson_
        2.  Court and case number: _US DCT CV11-8195_ .
        3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Pending_
            _On Appeal_ .

    b.  Second prior lawsuit:
        1.  Parties: _Tripati_ v. _Corizon_
        2.  Court and case number: _US DCT CIV 13-0615_
        3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Pending_
            _On Appeal_ .

    c.  Third prior lawsuit:
        1.  Parties: _Tripati_ v. _Hale et al_
        2.  Court and case number: _CV 15-0140 DCB_
        3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Pending_

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

5. Jonathan Walker, Corizon Policymaker.

6. Dr. Woodrow Myers, Corizon Policymaker.

7. Karey Witty, Corizon Policymaker.

8. Dr. Harold Orr, Corizon Policymaker.

9. Scott Bowers, Corizon Policymaker.

10. Dr. Winfred Williams, Corizon Regional Director.

11. Dr. Lucy Burciaga, Provider, Tucson..

12. Dr. Chris Johnson, Provider, East Unit.

13. N.P. Joanna Grafton, Provider East Unit

14. N.P. Christina Armenta, Provider Tucson.

15. R.N. Angela Martinez, Tucson.

16. R.N.Tamara Porter, Tucson.

17. R.N. Lisa Lyons, Tucson.

18. Becken, Petty O'Keefe & Company, Corizon Funder.

19. Annemarie Smith-Whitson, Deputy Warden, East Unit.

20. Glen Pachecho, Deputy Warden, Tucson.

21. R.N. Marlene Bedoya, Tucson.

22. Panann Days, Deputy Warden, Tucson.

23. Anna Jacobs, Depuy Warden, Tucson.

24. Debra Han, CO IV, Tucson.

25. Charles L. Ryan, ADC Director.

26. Julia Erwin, Monitor Legal Access, ADOC.

27. Julliette Respicio-Moriarity, ADC Grievance Appeals, Phoenix.

28. Cherly Dossett, ADC Grievance Appeals.

29. Heather Richardson, ADC Grievance Appeals.

30. Daryl Johnson, Monitor Legal Access, Phoenix.

31. Stacy Crabtree, Classification Officer, Phoenix.

32. Elizabeth Valencia, Grievance Appeals.

33. Timothy Lawrence, regional Director, Phoenix.

34. Dr. David Robertson, Provider, Manager Medical Phoenix.

35. Karyn Klausner, Policymaker, Phoenix.

36. Susan Rogers, Policymaker, Phoenix.

37. Betty Ullibarri, Paralegal, Tucson, Florence.

38. Paul Edward Carter, Policymaker.

39. Kelley Joan Morrissey, Policymaker.

40. Mark Brnovich, Policymaker.


41. Defendants, and each of them, are citizens of Arizona and Tennessee acted as special policymakers specifically as to me and as described in the complaint.

## -COUNT ONE
### 1.VIOLATION OF EIGHTH AMENDMENT
### 2.This  Count Relates To Medical Care.
### SUPPORTING FACTS
### PRIOR ACTION

A. This matter could not have been brought in CIV 13-0615 or before in any other actions as they accrued on August 28, 2014 when the Chief Clinical Officer of Corizon issued her treatment orders. ᗞɪꜱᴄᴏᴠᴇʀʏ ᴡɪll ꜱʜᴏᴡ:

### POLICY OF CORIZON

1.Johnson, Flatt, Nolan, Waker, Myers, Witty, Orr, Bowers , are all policymakers of Corizon.  They have adopted and approved unwritten policies of Corizon that is in conflict with the written policies of Corizon and AOC. This unwritten policies require healthcare providers delay, deny, defer the necessary treatment of the serious medical needs of inmates  to increase their profits, even if the delay/denial causes the death of inmates.   Pursuant to this practice ineffective medication is given to inmates, visits to specialists are delayed, the orders by specialists are overruled, effective medication is stopped, effective treatment is stopped, those who complained are punished and denied care.

2.Ryan and defendants knew of these policies prior to Corizon being awarded the contract in Arizona from the following complaints amongst others:

(a)James Jackson Ellsworth, Plaintiff, vs. Corizon Health, Inc.,1 et al., Defendants

(b)ALDRICK JOSEPH LAPORTE, Plaintiff, vs. CORIZON  HEALTH, INC., et al., Defendants. CIVIL ACTION NO. 14-CV-12231 UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

©EARL FARMER, Plaintiff, v. C.L. "BUTCH" OTTER; RANDY BLADES; MS. WAMBLE-FISHER; CATHY STEFFEN; CORIZON MEDICAL SERVICES; IDAHO STATE DEPARTMENT OF CORRECTION; and IDAHO STATE BOARD OF CORRECTION, Defendants. Case No. 1:14-cv-00345-BLW UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

(d)JASON KEEL, Plaintiff, vs. CORIZON MEDICAL SERVICES, et al., Defendants. CAUSE NO. 3:14-CV-1492 UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION

(e)WILLIAM R. TUBBS, PLAINTIFF v. CORIZON, INC.; et al., DEFENDANTS 5:13CV00377-BSM-JJV UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, PINE BLUFF DIVISION

(f)HAROLD DAVEY CASSELL ADC # 073885, PLAINTIFF v. CORRECT CARE SOLUTIONS, LLC and CORIZON, INC., DEFENDANTS

(g)DWAYNE R. STEPHENSON, Plaintiff, vs. CORIZON MEDICAL SERVICES, DR. YOUNG, NP POULSON, et al., Defendants

h)CARL RUPERT SMITH, #137 787, Plaintiff, v. CORIZON HEALTH SERVICES, et al., Defendants. CIVIL ACTION NO. 2:15-CV-20-MHT UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

(i)JAMES COLEN #604910, Plaintiff, v. CORIZON MEDICAL SERVICES, et al., Defendants.  Civil Action No.: 14-12948 UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

(j)DAVID WILSON (ADC#138042), PLAINTIFF v. DON NELSON, CORIZON LLC, JAMES PRATT, JOHN HAROLD AND JIM McLEAN, DEFENDANTS  Civil No. 6:13-cv-06036 UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, HOT SPRINGS DIVISION

(k)TELLY ROYSTER, Plaintiff v. CORIZON, et al., Defendants CIVIL NO. 3:CV-13-

(l)JON HOUSER, Plaintiff, vs. CORIZON, SCOTT LOSSMANN, GARTH GULICK, CATHERINE WHINNERY, GLEN BABICH, and MARK SPELICH, Defendants. Case No. 1:13-cv-00006-EJL UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

(n) WAYNE DOUGLAS MERKLEY, Plaintiff - Appellant, v. STATE OF IDAHO; CORIZON HEALTH SERVICES INCORPORATED, DefendantsIVES T. ARTIS, Plaintiff, vs. BYUNGHAK JIN, Medical Director (indiviaul Compasity); CORIZON HEALTH, Formerly Prison Healthcare Services (Official Compasity), Defendants. Civil Action No. 13-1226 UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(o) AMILCAR GABRIEL, Plaintiff-Appellant, vs. JIM HAMLIN, BOB DOERR, ALLEN WISELY, BRIAN RUIZ, M.D. and WEXFORD HEALTH SOURCES, INC., Defendants-Appellees. No. 06-3636 UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

(p) KENNETH F. LEONARD, Plaintiff/Appellant, v. FLORIDA DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH SOURCES, INC., DAVID HARRIS, G. SOMODEVILLA, A. PIPIN, J.L. GREEN, AND G.J. SMITH, Defendants/Appellees. 06-11223-FF UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

(q) SHAWN HODGES, Plaintiff, v. CORIZON, CORIZON OF MICHIGAN, PRISON HEALTH SERVICES, INC., HARRIET A. SQUIER, M.D., ASTER BERHANE, M.D., JOSHUA A. BUSKIRK, P.A., DANIEL A. HEYNS, and GEORGE PRAMSTALLER, Defendants. Civil Action No. 14-11837 UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

®JAMES MERRION, Plaintiff vs. CORIZON HEALTH, INC., et al., Defendants. Civil Action No. 1:13-CV-1757 UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(S) LAWRENCE MARTIN ADC # 106491, PLAINTIFF v. CORIZON CORRECTIONAL MEDICAL SERVICES; et al., DEFENDANTS

(T) KENNETH R. HARRISON, #160623, Plaintiff, v. CORIZON MEDICAL SERVICES, Defendant. CIVIL ACTION NO. 2:14-CV-1251-MHT UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

(U) NORMAN GRAY, # 108144, Plaintiff, v. CORIZON HEALTH SERVICES, et al., Defendants. Case No. 1:14-cv-947 UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

3. Because of the policies above and the type of conduct in paragraph 2 above defendants Becken, Petty O'Keefe & Company have provided funding to Corizon for the practices increase their profits. But for the financial support of defendants Becken, Petty O'Keefe & Company the conduct I assert in this complaint would not have happened.

4. This is why Ryan approved the Contract with Corizon. Ryan's policies are the same as that of Corizon and this is evident from the reports filed in Parsons v Ryan <u>Victor Antonio Parsons, et al., Plaintiffs, vs. Charles L. Ryan, et al., Defendants. No. CV12-0601-PHX-NVW UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA)</u>

**SPECIAL POLICYMAKERS AND RATIFICATION**

5. Corizon, Williams, Burciaga, Johnson, Grafton, Armenta, Martinez, Porter, Lyons, Smith-Whitson, Bedoya, Days, Jacobs, Han, Erwin, Respicio-Moriarity, Dossett, Richardson, Crabtree, Valencia, Robertson, Carter, and each of them have also functioned as "special Corizon Policymakers as applied to me making special Corizon Policies affecting me and which are in conflict with the written policies of Corizon. They adopted these special policies as to me because they are inconformity with Corizon's /who's practices/policies set forth above. These actions were subsequently ratified by ADOC/CORIZON policymakers/supervisors and they tacitly adopted these as special policies for plaintiff. Gomez v Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001) AND will BE PROVED BY E-mails.

6. CGAR Reports, CQI Meeting Minutes, CGAR CAPS, Notice Of Substantial Non-Compliance, Inmate Grievances, reports by Dr. Cohen, Dr. Wilcox, e.mails, phone calls, that defendants have received and reviewed show the existence and continuance of this policy in ADOC and Corizon, Ryan as well as

Johnson, Flatt, Nolan, Waker, Myers, Witty, Orr, Bowers , have approved the continuance of this policy in ADOC, AS PROVEN BY THEIR INDUCTION AND E-MAILS

## THE DIET

Phone conversations recorded by ADOC, e.mails, internal reports as well as attachments to the e.mails and my medical record show that; AND DISCOVERY WILL SHOW through e-mails .

### FRAUD UPON THE COURT IN 11-0195

7.  In 11-0195 the entire argument was I refused RAST and the defendants submitted a false RAST knowing it to be false. Carter and defendants are experienced medical litigators with medical staff on their staff. Acting pursuant to the policy above, upon the request of Porter, Burciaga, Jacobs, Respicio-Morarity, Williams, Robertson, Carter, Dossett, aware that persons on prednisone cannot be given RAST directed I be given RAST, for my serious medical needs—food allergies--though I have been on prednisone. I lodged a complaint against Williams with the Arizona medical board who held a hearing to reprimand Williams. SEE ALSO Para. 87 INFRA. which

8.  August 28, 2014 the Chief Clinical Officer of Corizon after examining my medical records and condition directed I be given a diet without soy, wheat, dairy, beans, nuts, gluten and as I am a Hindu it be vegetarian because as a Hindu I do not eat flesh, forbidden by me religious tenets. When I eat this food I sweat, my blood pressure and sugar drops, I faint, shake, cannot speak. I had 40 plus medical emergencies and five nearly death hospitalizations after eating these items, with Robertson as my provider.

9.  The attachment to the April 26, 2016 Erwin E.Mail to Brennan confirm every item in the Johnson September 2008 memo, that evidence be destroyed and falsified. The United States Supreme Court has stated for at least ninety years that only "in the absence of fraud or collusion" does a judgment from a court with jurisdiction operate as res judicata. Riehle v. Margolies, 279 U.S. 218, 225 (1929). As stated in count five this is fraud upon the court. FOR THE REASONS in 7-10 this was not in CIV 11-0195.

10. January 25, 2015 the Medical Director of ADOC in C14119014 found I did not need RAST and ordered I be given the diet but Dossett, Valencia, Richardson directed if I wish to have diet that comports to my medical needs, I must eat meat, in violation of my religious tenets. Carter approved this.

11. Martinez though not licensed to practice medicine refused to allow Dr. Bonnie Goodman to issue a corrected diet order and Porter, Burciaga , Bedoya, Jacobs, Days, Lyons approved this action by Martinez, AND E.mails PROVE THIS.

12. Information Report  15 CI4 1113, 15 C140695, 15C140884 show that I was not given the diet card and this prevented me from eating the diet ordered. Acting as policymakers Dossett, Days, Jacobs, Respicio Moriarity, Richardson, Valencia who had no first and knowledge of the facts, contrary to what officers with first hand knowledge who wrote these reports stated in their reports, advised me that I was being removed from the diet as I did not eat the food given to me. The reports by those with first hand knowledge contradict this. Carter approved this. E.mails PROVE THIS

13. Corizon, Williams, Burciaga, Johnson, , Armenta, Martinez, Porter, Lyons, Bedoya, Days, Jacobs, Pacheco, Han, Respicio-Moriarity, Dossett, Richardson, Valencia, Robertson, and each of them have also functioned as "special Corizon Policymakers and refused to correct the diet, instead changing my diet to that which I cannot eat for non-medical reasons, PROVEN BY E-mails .

14. Grafton and Johnson in July 2016 corrected the diet to comply with the orders of the Chief Clinical Officer of Corizon to comport to my medical needs. However Robertson, who as my healthcare provider

nearly killed me by denying me appropriate treatment, causing me to be hospitalized five times and causing numerous medical emergencies, overturned the orders and directed I not be given the diet.

15. Carter has specifically directed that ADOC not give me any diet that accommodates my medical and religious needs. PROVEN By E·mails ·

16. Defendants acted in accordance with the prevailing customs, traditions and policies of ADOC to deny inmates the opportunity to practice their religious tenets as evident by the following amongst others:

(a)**FRANCISCO ROBINSON, Plaintiff/Appellant, v. CHARLES RYAN, as Director, Arizona Department of Corrections ;**

(b)**Andre Almond Dennison, Plaintiff, v. Charles L. Ryan, et al., Defendants.**

©**Barry Northcross Patterson, Plaintiff, vs. Charles L. Ryan, et al., Defendants**

(d)**Stephen Frank Karban, Plaintiff, vs. Charles Ryan, et al., Defendants**

(e)**Michael Martin Sanders, Plaintiff, vs. Charles Ryan, et al., Defendants.**

(f)**Shaka, Plaintiff, v. Charles Ryan, et al., Defendants.**

(g)**Ammar Dean Halloum, Plaintiff, vs. Charles Ryan, et al., Defendants.**

(h)**Domonick Deshaun McCoy, Sr., Plaintiff, vs. Charles L. Ryan, et al., Defendants.**

17. I have not eaten any meal in the prison dining hall because every time I eat I get rushed to the hospital. After 5 near death hospitalizations and 40 plus emergencies I cannot at age 63 be the cause of any serious injury or death.

## MEDICATION

19. I have been diagnosed by Corizon and ADOC to have shakes, tremors, high blood pressure, low **blood pressure, allergies to food, chronic pain, chronic constipation, problems urinating etc.** ADOC adjusted my medication in March 2012 and they helped. However until August 28, 2014 I was denied the treatment that helped. PROVEN By E·mails AND INCIDENT REPORTS

20. August 28, 2014 the Chief Clinical Officer of Corizon adjusted my meds and I was being given meds every eight hours. My blood pressure was monitored every eight hours. As I have been falling down with inmates and security staff having to help me and as I was having memory loss issues, I was admitted as an inpatient by NP Catalina Daye. PROVEN By E·mails

21. She ordered I receive 900mg of Gabapentin every 8 hours, plavix, prednisone, doxazosin, finnasteride, zyrtec, prilosec, asprin, blood pressure meds, senna, lovastatin. I received these until April 21, 2016 and it helped.

22. Han refused to file my grievance so when I submitted a complaint to CO III Mindiola, Dossett ordered her to file the grievance PROVEN By E·mails

23. Phone conversations, e.mails and attachments to e.mails show that Han spoke to Dossett, Erwin, Crabtree, Days, Pacheco, Burciaga, Armenta, Martinez and Porter and aware that East Unit medical is not open 24 hours, hence, is unable to take care of my medical needs, had me discharged for non-medical reasons and as retaliation for 22 above and moved to East Unit.

24. Defendants had me moved and prevented me from receiving the continuity of treatment I received and as ordered by the Chief Clinical Officer of Corizon, which helped a little bit. They did this because of my grievances against Han and Corizon not giving me effective care, PROVEN By E·mails

## EAST UNIT

25. East Unit dispenses the 24 hour dosage of medication in a 8 to 9 hour time frame. As I have never done drugs or drank, the 24 hour dosage in a 8 to 9 hour period does not help manage the condition. It makes me high and when the effect wears off, the condition starts getting worse.

26. Grafton and Johnson refused to give me medication every 8 hours and hence I have had to refuse all medication and treatment. I have since April 22, 2016 fallen down on an average three to four times each week with inmates bring me back to my housing area. All day I am ~~lying~~ laying on my bed doing nothing. These meos were ordered by the Chief Clinical Officer of Corizon on August 28, 2014 and they were 900mg of Gabapentin every 8 hours, plavix, prednisone, doxazosin, finnasteride, zyrtec, prilosec, asprin, blood pressure meds, senna, lovastatin. I received these until April 21, 2016 and it helped.

27. After I signed 38 refusals upon the directives of Smith-Whitson I was disciplined for refusing to take medication. My refusals were very clear in that I stated I am not taking the medication and treatment because the manner in which the meds are given in East Unit does not help but aggravates my condition.

28. Williams, Chris Johnson, Grafton, , Smith-Whitson, Respicio-Moriarity, Dossett, Richardson, Crabtree, Valencia, Robertson, and each of them refused to give me meds every 8 hours or move me to a facility where I could continue to receive meds every 8 hours. My blood pressure is high, I have problems urinating, have constipation, shakes, tremors, blood sugar issues. They refuse to continue with the treatment I received as stated in 26 above.

29. Grafton and Chris Johnson in East Unit have to Dwyer #059226; Kallhauser # 144611; McKnelly # 158707; Richards # 043000; Sandoval # 137471; Figueroa # 258371; Hubbard # 140843; Powell # 114677; Vasquez # 173685 done exactly what they have done to me, delaying /denying effective treatment. McKnelly has had numerous cracked head, Powell nearly died had a triple bypass etc.

30. Smith-Whitson ordered all special needs orders/property I had be seized. DW Shuman when Smith-Whitson left gave them back to me. PROVEN BY E·mails

## SPECIALISTS

31. I have since August 28, 2014 been complaining that I need to be seen by specialists for my urology, neurology, pain, shakes, tremors, allergies and memory issues. PROVEN BY E·mails

32. Defendants waited until late 2015 before they began sending me to specialists. This delay has aggravated my medical conditions. My shakes and tremors increased, I have a lot of difficulty and pain urinating, my constipation worsened, my blood pressure and sugar drop and rise with frequency.

## REFUSAL

33. I signed a two page refusal and that refusal is very clear in that I have in plain language stated as Corizon is not giving me treatment that is being effective I am refusing the testament. No reading of that refusal shows I voluntarily refused, but, was being forced by the manner of the treatment, in refusing.

## RETALIATORY CHANGE

34. Health Services Technical Manual Chapter 7.1.8.1.1 provides that only "the provider of record may request a clinical staffing by a written request to the FHA." Acting in excess of their authority Porter, Lyons, Pachecho, Bedoya, after Han asked them to replace medical property lost by ADOC, held a staffing not authorized by the Technical Manual. This staffing was held all because I filed the grievances as to my being denied care and asked for replacement of items lost. Had I not filed these grievances the staffing would not have been held. PROVEN BY E·mails .

35. Williams, Burciaga, Johnson, Grafton, Armenta, Martinez, Porter, Lyons, Smith-Whitson, Bedoya, Days, Jacobs, Han, Erwin, Respicio-Moriarity, Dossett, Richardson, Crabtree, Valencia, Robertson, and each of them have the duty to ensure the technical manual is followed, refused to see it is followed.

36. They changed the orders, as retaliation for my filing grievances and complaining the care was inadequate.

## UNAVAILABLE REMEDIES

37. Though Dossett, Porter, Lyons, Smith-Whitson, Pachecho, Bedoya, Days, Jacobs, Han, Erwin, Respicio-Moriarity, Richardson, Valencia, Robertson have apparent authority to grant me relief, acting pursuant to Ryans policy to deprive inmates of their eighth amendment rights, they have refused to exercise that authority, and upon the acquiesce of Carter. Proven By e·mails

## RETALIATORY IMPEDIMENT

38. ADOC does not provide inmates with medical resources. I contacted Erwin as she has the authority to ensure inmates have those resources they need to pursue their claims effectively and meaningfully. She refused to allow me to receive a Pill Book, Encyclopedia and PDR, though she knew that I needed these to meaningfully pursue my claims. Due to my filing grievances and challenging defendants actions, Erwin ordered I not receive these. But for these filings/challenges she would not have.

## POLICY CHANGE

39. It is the duty of Ryan to provide inmates with medical care. Ryan has however changed ADOC policy and now we inmates have no available administrative remedies. We cannot appeal decisions made by Corizon to ADOC. If we use the regular policy grievance we will be subject to being labeled vexatious, disciplined and lose our good time. We have no available remedy under PLRA. Ryan did this because in the bids by Corizon it stated that it had a grievance policy used to save money, a litigation practice to cut costs and submitted a history of sanctions against Corizon. Ryan ordered all these sealed and awarded the contract to Corizon. Proven By e·mails and Corizon's Bid.

## FAILURE TO PROMULGATE

40. Brnovich refused to promulgate appropriate policies to ensure that his employees such as Carter not direct agencies to violate constitutional torts thereby causing Carter to have defendants violate the eighth amendment. Proven By e·mails

## DELIBERATE INDIFFERENCE

41. Defendants have acted with deliberate indifference to my diagnosed serious medical needs, acting in accordance with Corizon and Ryan's customs, traditions, policies, inflicting upon me unwanted pain and suffering.

## INJURY

42. I have had to continually suffer unbearable pain, have pain in my left side all the way to my head, fall down three to four times each week, cannot sleep, am constipated, cannot eat, have pain and problems urinating, have had to refuse treatment because by giving the 24 hour dosage in 8 to 9 hours, the medication is not effective to manage my condition. No reading of the refusal shows I voluntarily refused treatment but was forced as the treatment as administered in East Unit did not help.

## AMINISTRATIVE REMEDIES

I have exhausted my administrative remedies by submitting the appeal to the Director.

## COUNT TWO

## VIOLATION OF EIGHTH AMENDMENT
### This Count Relates To ETS
### SUPPORTING FACTS

43. Complaints and grievances by ADOC employees show that ADOC employees who enforce the policies have stated the ETS policy is not effective cannot be enforced and that many employees are getting ill and sick with second hand smoke. PROVEN BY ADOC EMPLOYEE REPORTS.

44. I have never smoked and have problems breathing due to second hand smoke.

45. Ryan wants me to provide names of those who smoke. By doing this he is placing me in danger. Those who lodge complaints are beaten up.

46. In practice the ADOC Protective Custody System does not work. Inmates are moved from yard to yard and continue to get beaten up. In PC yards tobacco is also sold and there is a smoking problem.

47. Though Dossett, Richardson have apparent authority to give me relief, by creating no-smoking units, they refuse to do so, because Ryan does not wish to lose the revenue from tobacco sales.

48. Brnovich by refusing to direct Ryan to make policy changes has caused the violations.

### INJURY

49. I am being subjected to second hand smoke having breathing problems and defendants refuse to change their policies as defendants acted with deliberate indifference to my medical condition and have failed to protect me from second hand smoke.

### EXHAUSTION

I filed a grievance and appealed it to the Director.

### COUNT THREE
### VIOLATION RLUIPA
### This Count Relates To RELIGION
### SUPPORTING FACTS

50. This count relates to the order issued August 28th, 2014 as to my diet. I am a Hindu since birth and eat no flesh. There is no medical necessity for me to eat meat. On August 28, 2014 Corizon issued an order that my medical diet may be vegetarian as I am a Hindu. This could not be raised in CIV 11-0195 due to the reasons in Count One and for those same reasons Hazel-Atlas and estoppel bars defendants from so arguing.This is fraud upon the court as stated in count five. The attachment to the April 26, 2016 Erwin E.Mail to Brennan confirm every item in the Johnson September 2008 memo, that evidence be destroyed and falsified. The United States Supreme Court has stated for at least ninety years that only "in the absence of fraud or collusion" does a judgment from a court with jurisdiction operate as res judicata. Riehle v. Margolies, 279 U.S. 218, 225 (1929). E-MAILS WILL PROVE THIS.

51. Days, Jacobs, Robertson, Pachecho, Dossett, Richadson, Williams, Grafton, Respicio-Moriarity, Chris Johnson aware that there is no medical necessity for me to eat meat refused to direct I be given a vegetarian diet that comports to my medical needs. PROVED BY G-MAILS

52. I have no alternative means to exercise my religious rights. There is no valid rational connection between the regulation that mandates I choose either to be a Hindu or have my serious medical needs treated. There is no conflict in being a Hindu who has a serious medical need requiring a special diet.

53. Defendants are burdening my religious exercise though there is no compelling government interest and this is not the least restrictive means.

54. Defendants have done so pursuant to Ryan's policy to prevent inmates from practicing their religious tenets. PROVEN By Inmate Complaints.

55. E.mails, phone calls, attachments show that Carter has directed defendants not to accommodate my medical and religious needs.

56. Brnovich refused to promulgate appropriate policies to ensure that his employees such as Carter not direct agencies to violate constitutional torts thereby causing Carter to have defendants violate the religious tenets of inmates, not violate the Free Exercise, RLUIPA and First Amendment provisions.

57. Even though Days, Jacobs, Robertson, Pachecho, Dossett, Richadson, Williams, Grafton, Respicio-Moriarity, Chris Johnson have the authority to grant me relief, they refused. E.Mails, attachments thereto, and phone calls show that I am being denied the diet as retaliation.

### INJURY

58. I am forbidden by Hinduism from eating meat and defendants refuse to accommodate my religious and medical needs. The vegetables are readily available and Jewish, Muslim inmates readily get the vegetables.

### EXHAUSTION

I exhausted my remedies by appealing to the Director.

### COUNT FOUR
### VIOLATION RETALIATION
### This Count Relates To RETALIATION
### SUPPORTING FACTS

59. E.mails, attachments, phone calls recorded by ADOC show the following:

60. The conduct of ADOC has been continuous and hence pursuant to Page v United States, 729 F.2d 81, 821 and n 21 (D.C. Cir. 1984) Selby v Caruso, No 13-1248 (6th Cir. 10/31/13) this court has jurisdiction and this is timely. These events arose in 2000 and are continuing. The attachment to the April 26, 2016 Erwin e.mail which I saw for the first time in July 2016, confirm a September 2008 Johnson memo that evidence be destroyed and I be **RETALIATED against.**

### EDUCATION

61. I have been approved and completed my LLM from London and February 23, 2015 Days approved me to complete my PhD. E.Mails with attachments from Han to Lawrence sent January 12, 2016 at 1242 show they asked Lawrence to overturn that approval at the request of Erwin and Lawrence did so. This is because the nature of the research speaks badly of ADOC. PROVEN By E. mails.

62. June 2016 Lawrence advised me that as I am not a U.S. Citizen I will not be allowed to partake in the program.

63. As I was previously approved I published my research as a e.book.

64. In 1998 ADOC allowed me to complete 18 credits from RIO Salado, 2001 18 Credits again from RIO Salado, 2006 18 credits from Central Arizona College, course from ETV, Courses in 2008 from Cochise College.

65. So the reasons that I am not a citizen that is why Lawrence was overturning the prior approvals was a bogus reason. His motivating factor in not allowing me to complete the program is my grievances, the content of the research showing the internal workings of the ADOC and Arizona Attorney General's Office. PROVEN By E-mails.

66. Dossett and Richardson though they have the apparent authority to, refused to exercise that authority and afford me the relief.

## GRIEVANCE

67. When Han refused to file my grievance Dossett directed her to file it which she did on April 21, 2016. According to e.mails and phone calls Armenta for no medical reason discharged me at the urging of Days and Han and moved me to East Unit with knowledge that East nit cannot accommodate my medical needs. Crabtree aware of this approved the transfer. Dossett and Richardson refused to exercise their authority and place me in a facility where I can receive the treatment. PROVEN By Alms.

68. Defendants engaged in the conduct in  Count One to Count Three as retaliation for my using the grievance process,  using the courts to obtain relief and for publishing my research, a portion of which was seized by orders of Erwin.

## ERWIN E.MAIL

69. April 26, 2016 Erwin sent an e.mail to CO III Brennan, DW Smith-Whitson and librarian Hernandez with a attachment. She directed I not be given the same legal access as all inmates. She attached a document completely false. That document stated as my family, friends and I have been complaining about the ADOC to the legislature and press about wrongs against me by ADOC, I should be treated differently. She Klausner, Rogers, Dossett and Daryl Johnson have sent similar e.mails with the attachment to other ADOC employees. PROVEN By e·mails·

70. The attachment to the e.mail supported every item in a memo dated September 2, 2008 written by Daryl Johnson and have been treated by ADOC employees as a request to retaliate against me, a fact, ADOC employees have told me.

## RECORDS DESTROYED

71. About 3,000 pages of original records from four locations which were evidence against  ADOC defendants disappeared. These records were reconstructed by the Deputy Warden pursuant to his authority to resolve grievances. As these records exposed ADOC defendants to liability, as special policy makers, Rogers, Klausner,  Daryl Johnson, Carter, Morrissey, Dosssett, Ryan, in violation of their own policies, directed by special policy, that the reconstructed records are not to be considered. E mails Peave This·

## LEGAL ACCESS

72. Carter, Klausner, Morrissey, Pachecho, Smith-Whitson, Daryl Johnson, Dossett,  Jacobs, Ryan, Erwin, Ullibarri made a special legal access policy, that conflicts with ADOC Policy DO 902. Pursuant to that policy they directed I be singled out and not afforded the privileges offered to all inmates by DO 902. I am the only inmate in ADOC who is not authorized to make legal copies, send legal mail, receive legal supplies in accordance with ADOC Policy DO 902. Ullibarri pursuant to the policy refused to send legal mail, give me legal supplies and make legal copies as authorized by DO 902. PROVEN By E·mails

## FORGERY

73. Martinez forged a refusal I had signed and Porter, Lyons, Burciaga, Pachecho, Days, Ryan, Jacobs, Lyons, Ryan pursuant to Corizon and Ryan's policies upheld that forgery. This document was falsified so that it may be used as evidence to defeat  litigation. Proven By E·mails

74. ADOC and Corizon have used falsified evidence in these cases amongst others:

*(a)JOHNSON DUSTIN WOMBLE, Plaintiff, v. CORIZON, INC.* formerly doing business as Correctional Medical Services, Inc., Defendant. CIV. ACT. NO. 2:13cv607-TFM UNITED STATES DISTRICT COURT FOR THE MIDDLE

DISTRICT OF ALABAMA, NORTHERN DIVISION Lawyers for Corizon conceal evidence as to other similar misconduct including e.mails as to the diagnosis and treatment of tumor, prostate cancer until it is too late.

*(B)ELVIS SOTO-MUNIZ, Plaintiff, v. CORIZON, INC.* f/k/a CORRECTIONAL MEDICAL SERVICES, INC., et al., Defendants. Civil No. 10-3617 (RBK/KMW) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, CAMDEN VICINAGE Lawyers for Corizon conceal evidence as to other similar misconduct including e.mails as to the diagnosis and treatment tachycardia (high pulse rate), rectal bleeding for an extended period of time.

(C)*Eric Kevin Pesqueira, Plaintiff, v. Charles L. Ryan, et al., Defendants.* No. CV 15-01426-PHX-DGC (ESW) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Joseph Scott Conlon the attorney concealed e.mails and other complaints that inmates are as a matter of practice delayed/denied treatment for injury until it is too late.

*(D)MICHAEL A. WILLIAMS, Plaintiff, v. CORIZON MEDICAL PROVIDER, et al., Defendants.* Case No. 15-cv-01593-JD UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA Lawyers for Corizon conceal evidence of other similar complaints for not treating nerve damage.

*(E)MICHAEL L. ARNOLD, Plaintiff, v. CORIZON, INC., et al., Defendants.* No. 1:15CV62 SNLJ UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, SOUTHEASTERN DIVISION All around the nation Corizon delays/denies treating infections through complications from kidney stones and kidney infections,until it causes permanent injury and their lawyers conceal this evidence.

*(F)Thomas Bartholomew Layden, IV, Plaintiff, v. Charles L. Ryan, Corizon Incorporated,* Michael Hegmann, Subodh Shroff, Alison Scott, Matthew Musson, Richard Pratt, Kamal Rastogi, Defendants. No. CV 14-02470 PHX DJH (DMF) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Corizon discontinues with no medical justification all around the nation. Their lawyers Joseph Scott Conlon, LEAD ATTORNEY, Renaud Cook Drury Mesaros PA, Phoenix, AZ. conceal this evidence.

*(G)John Kristoffer Larsgard, Plaintiff, vs. Corizon Health, Inc., Defendant.* No. CV 13-01747-PHX-SPL (JFM) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Corizon to the detriment of inmates, has placed its own profits ahead of inmate safety by deliberately refusing to treat spinal condition causing chronic, severe pain, muscle spasms, and seizures, medication is ineffective and inadequate to control seizures, muscle spasms, and neuropathic pain, and the medication that is provided is routinely out of supply or discontinued for non-medical reasons (id.). Their lawyers Joseph Scott Conlon, LEAD ATTORNEY, Renaud Cook Drury Mesaros PA, Phoenix, AZ. conceal this evidence.

*(H)James Jackson Ellsworth, Plaintiff, vs. Corizon Health, Inc.,*1 et al., Defendants. No. CV-11-8070-PCT-RCB-MEA UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Corizon to the detriment of inmates, has placed its own profits ahead of inmate safety by deliberately not treating multiple sclerosis, giving medication that is not effective. Their lawyers Joseph Scott Conlon, LEAD ATTORNEY, Renaud Cook Drury Mesaros PA, Phoenix, AZ. conceal this evidence.

 *(I) Donald Ray Palmer, Plaintiff, vs. Corizon Incorporated, et al., Defendants.* No. CV 14-8013-PCT-DGC (MHB) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Corizon to the detriment of inmates, has placed its own profits ahead of inmate safety by deliberately not providing post surgery treatment, giving medication that is not effective. Their lawyers Joseph Scott Conlon, LEAD ATTORNEY, Renaud Cook Drury Mesaros PA, Phoenix, AZ. conceal this evidence.

*(J)Douglas M. Levitski, Plaintiff, vs. Charles Ryan, et al., Defendants.* No. CV 13-1012-PHX-RCB (JFM) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA The Arizona Attorney General and Wexford concealed e.mails, internal reports and other complaints. As a matter of practice they deny requests for medical care

include requests for a total knee replacement, referrals to an orthopedic surgeon and to a rheumatologist, medical supplies and adaptive medical equipment to aid in ambulating and to reduce pain.

*(K)Robert P. Torres, Plaintiff, vs. Charles Ryan, et al., Defendants.* No. CV 12-0006-PHX-JAT (DKD) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Lawyers for Wexford and the Arizona Attorney General concealed e.mails, internal reports and other complaints showing as a matter of practice the ADOC and Wexford do everything possible to deny diagnostic testing, treatment and review of testing by independent medical specialist(s) for their serious medical needs to save money.

*(L)FRANCISCO ROBINSON, Plaintiff/Appellant, v. CHARLES RYAN, as Director, Arizona Department of Corrections;* Regina Dorsey; Anna Gonzales; David Summers; Karyn Klausner, Defendants/Appellees. No. 1 CA- CV 12-0535 The Arizona Attorney General's Office concealed e.mails and documents of other similar conduct where inmates plant contraband in other inmate areas, ADOC ignores witness request unless against the inmate, and adjudicate administrative appeals based on incomplete arguments and evidence as a matter of practice.

*(M)Andre Almond Dennison, Plaintiff, v. Charles L. Ryan, et al., Defendants.* No. CV-13-01925-PHX-SPL (ESW) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONAThe Arizona Attorney General's Office concealed e.mails and documents of other similar conduct where inmates are unable to practice their religious beliefs as a matter of practice.

*(N)Anthony Jackson, Plaintiff, vs. Charles Ryan, et al., Defendants.* No. CV 13-630-PHX-RCB (LOA) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA The Arizona Attorney General concealed e.mails, internal reports and other complaints showing as a matter of practice the ADOC is unable to protect inmates in custody, issues false disciplinary tickets and loses inmate property.

*(O)Barry Northcross Patterson, Plaintiff, vs. Charles L. Ryan, et al., Defendants.* No. CV 05-1159-PHX-RCB (SPL) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA.Paul Edward Carter concealed e.mails and other complaints that inmates are as a matter of practice prevented from practicing their religions.

*(P)William Mark Isbell, Plaintiff, vs. Charles Ryan, et al., Defendants.* No. CV 11-0391-PHX-JAT (JFM) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Paul Edward Carter concealed e.mails and other complaints that inmates are as a matter of practice prevented from practicing their religions.

*(Q)Stephen Frank Karban, Plaintiff, vs. Charles Ryan, et al., Defendants* No. CV 10-0406-TUC-DCB UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Paul Edward Carter concealed e.mails and other complaints that inmates are as a matter of practice prevented from receiving research materials and prison officials do all that is necessary to impede inmate legal access.

*(R)Michael Martin Sanders, Plaintiff, vs. Charles Ryan, et al., Defendants.* No. CV 03-0523-PHX-EHC-MEA UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Attorney General, Phoenix, AZ. concealed e.mails and other complaints that inmates are as a matter of practice with disability are not accommodated and mistreated; also prevented from exercising their religious beliefs.

*(S)Eliseo Solis Haro, Plaintiff, v. Charles L. Ryan, et al., Defendants.* No. CV 12-00612-TUC-CKJ UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Attorney General, Phoenix, AZ. concealed e.mails and other complaints that inmates are as a matter of practice are prevented from exhausting dministrative remedies by state authorities and there are too many such instances.

*(T)Sheldon Walker, Plaintiff, v. Charles L. Ryan, et al., Defendants.* No. CV-14-02554-PHX-DJH (JZB) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONAKelley Joan Morrissey concealed e.mails and other complaints that inmates are as a matter of practice prevented frm practicing their religions; and there are too many such instances.

*(U)Shaka, Plaintiff, v. Charles Ryan, et al., Defendants.* No. CV 10-2253-PHX-SMM (BSB) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Paul Edward Carter concealed e.mails and other complaints that inmates are as a matter of practice disregards substantial risk of harm to inmates in failing to ensure he received a timely appointment with specialists and treatment for injury until it is too late and there are too many such instances.

*(V)Jonathan Ploof, v. Charles Ryan, et al., Defendants.* No. CV 13-0946-PHX-DGC (MHB) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Kelley Joan Morrissey concealed e.mails and other complaints that inmates are as a matter of practice denied treatment ordered by specialists and substantial risk of harm to inmates disregarded.

*(W)Ammar Dean Halloum, Plaintiff, vs. Charles Ryan, et al., Defendants.* No. CV 11-0097-PHX-RCB UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA Kelley Joan Morrissey The Arizona Attorney General's Office concealed e.mails and documents of other similar conduct where inmates are unable to practice their religious beliefs, retaliated against as a matter of practice.

*(X)Domonick Deshaun McCoy, Sr., Plaintiff, vs. Charles L. Ryan, et al., Defendants.* No. CV 13-2232-PHX-DGC (SPL) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA The Arizona Attorney General's Office concealed e.mails and documents of other similar conduct where inmates are not protected from being viciously assaulted and medical care denied/ delayed until the injury is permanent as a matter of practice.

*(Y) Davis Michael Romero, Plaintiff, vs. Charles Ryan, et al., Defendants.* No. CV 13-665-PHX-GMS (MEA) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA The Arizona Attorney General concealed e.mails, internal reports and other complaints showing as a matter of practice they deny requests for medical care include effective treatment for pain and referrals to specialists.

## RETALIATORY DISCIPLINE

75. I was disciplined in retaliation for filing grievances and my litigation activities, for having a TV that was replaced by ADOC, for having a headphone my family sent me. After being found guilty these items were given back to me. A series of manufactured retaliatory tickets were written against me. Dossett and Klausner upheld these. PROVEN BY E·MAILS,

## RETALIATORY TRANSFERS

76. For filing grievances and litigation activities I was transferred from Barchey to Barchman, to Barchey, to Cook, to Meadows, to Mohave, to Cimarron, to Santa Rita, to Cimmaron, to Santa Rita, to Manzanita, to Rincon, to Manzanita, to Santa Rita, to Manzanita, to East Unit in 17 years. This just does not happen. Crabtree, Dossett, Ryan, Jacobs, Pachecho, Richardson, Days, Smith-Whitson, pursuant to ADOC Policies to transfer inmates who use the grievance and litigation processes, approved these transfers. E·mails Prove this.

## LOSS OF PROPERTY

77. My property and legal materials have been lost or destroyed at least 16 times and I prevailed in grievances at least 12 times. At the urging of Carter and Morrissey I was refused just compensation. Emails PROVE THIS.

## REASONS FOR THESE ACTIONS

78. These actions were taken to chill my exercising the right to use the grievance process and access to courts and serve no legitimate penal and/or governmental goals. They did this pursuant to the prevailing ADOC practices approved by RYAN, to retaliate against inmates. Emails \FATES PROVE THIS ·

79. I have had to and continue to in violation of prison rules have other inmates make legal copies, get me legal supplies and send out my legal mail under their names. I could be disciplined if caught. Otherwise I have no way of exercising my right of legal access.

80. This is atypical and substantial hardship in relation to ordinary incidents of prison life in 3 yards and no inmate is subjected to this in a 3 yard except me. This type of conduct does not happen in 3 yards.

81. Brnovich refused to promulgate appropriate policies to ensure that his employees such as Carter and Morrissey not direct agencies to violate constitutional torts thereby causing defendants to retaliate. Klausner, Erwin, Daryl Johnson, Dossett, Richardson, Jacobs, Pachecho, Smith-Whitson, Days have the apparent authority to prevent retaliation, but they refused to exercise that authority.

### INJURY

82. I have been punished for exercising my right to access to courts and legal access.

### EXHAUSTION

I exhausted my remedies by appealing to the Director.

### COUNT FIVE

### FRAUD UPON THE COURT

### This Count Relates To LEGAL ACCESS

### SUPPORTING FACTS

83. The conduct of ADOC has been continuous and hence pursuant to Page v United States, 729 F.2d 81, 821 and n 21 (D.C. Cir. 1984) Selby v Caruso, No 13-1248 (6th Cir. 10/31/13) this court has jurisdiction and this is timely. These events arose in 2000 and are continuing. The attachment to the April 26, 2016 Erwin e.mail which I saw for the first time in Jul 2016, confirm a September 2008 Johnson memo that evidence be destroyed. E.mails, attachments, phone calls recorded by ADOC show the following:

84. Kougasian v. TMSL, Inc. 359 F.3d 1136 (9th Cir. 2004). In that case, the court held that the plaintiff's assertions of extrinsic fraud in the procurement of the state-court judgment prevented RookerFeldman's application. The court explained, "At first glance, a federal suit alleging a cause of action for extrinsic fraud on a state court might appear to come within the Rooker-Feldman doctrine. It is clear that in such a case the plaintiff is seeking to set aside a state court judgment." The court went on, however, to state that "[a] plaintiff alleging extrinsic    fraud . . . is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." Thus, the court held Rooker-Feldman did not apply. In creating this exception, the Ninth Circuit relied on two sources: (1) California state law providing its courts with the equitable power to set aside judgments on grounds of fraud, mistake, or lack of jurisdiction; and (2) an 1878 Supreme Court case holding that, under Louisiana law, a judgment is a nullity if "obtained through fraud, bribery, forgery of documents, &c."

85. The fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944); Root Refin. Co. v. Universal Oil Products, 169 F.2d 514 (3d Cir. 1948); 7 J. W. Moore, Federal Practice, para. 60.33 at 510- Further, it consists of fraud by the other party to the suit which prevents the losing party either from knowing about his rights or defenses, or from having a fair opportunity to present them upon the trial. In United States v. International Telephone & Tel. Corp., 349 F. Supp. 22, 29 (D. Conn. 1972), aff'd without opinion, 410 U.S. 919, (1973).

86. Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238 (1944), overruled on other grounds by Standard Oil Co. of Cal. v. United States, 429 U.S. 17 (1976) Hazel-Atlas addressed the power of a federal court to set aside a judgment obtained by fraud despite the untimeliness of the action brought for that purpose. Hazel-Atlas, 322 U.S. at 239, 244. The time limit at issue was the term of court. Id. at 244. As the Supreme Court explained, "[f]ederal courts, both trial and appellate, long ago established the general rule that they would

not alter or set aside their judgments after the expiration of the term at which the judgments were finally entered." Id. at 244.  *E·mails And Faxes prove Paras 87 to 95.*

87. Carter and Morrissey wear two hats, one as a attorney and other as policymakers. In CV 11-0195 defendants concealed the fact I could not take RAST and argued I must take RAST. Take these away they would not have prevailed. They knew these were materially false arguments but did so pursuant to their policy in 74 above.

88. In CV 99-20757 they concealed e.mails and documents showing there are too many complaints as to loss of property. They did this to show that post deprivation remedies are adequate. They knew this to be materially false. With this evidence the results would not be the same. They did so pursuant to their policy in 74 above.

89. It is ADOC policy to destroy e.mails and documents which they know from their experience is potential evidence. *Comair No-79-104 (E.D.KY. Dec. 8, 1908)*

90. There is no available post deprivation or administrative remedy in the ADOC available to me, as applied to me by way of special policies made by Carter, Klausner, Daryl Johnson, Erwin ,Ryan, Rogers, Robertson, Morrissey for me, that conflicts with ADOC written policies for all inmates. *E·mails prove This.*

91. Intentionally acting pursuant to authorized established, Dossett, Respicio-Moriarity, Smith-Whitson, Jacobs, days, Pachecho, Robertson, Richardson, Valencia, Daryl Johnson, Erwin have refused to exercise their authority pursuant to ADOC policy to afford me relief, which they have.

92. My property and legal materials have been lost or destroyed at least 16 times and I prevailed in grievances at least 12 times. At the urging of Carter and Morrissey I was refused just compensation. The post deprivation remedies are inadequate, ineffective and unavailable for me.

93. Defendants Morrissey, Klausner, , Dossett, Respicio-Moriarity, Smith-Whitson, Jacobs, Days, Pacheco, Robertson, Richardson, Valencia, Daryl Johnson, Erwin, Rogers, Carter have concealed the number of complaints of property loss during litigation so as to prevail. They concealed e.mails, grievances, other complaints. It is very common for them to falsify evidence and conceal evidence to prevail in litigation, as evident in paragraph 74 above.

94. They have done this pursuant to ADOC authorized established procedures approved by Ryan.

95. Brnovich refused to promulgate appropriate policies to ensure that his employees such as Carter and Morrissey not direct agencies to violate constitutional torts thereby causing defendants to deny me adequate post deprivation remedies. Klausner, Erwin, Daryl Johnson, Dossett, Richardson, Jacobs, Pachecho, Smith-Whitson, Days have the apparent authority to prevent such denials , but they refused to exercise that authority.

**INJURY**

96. Due to fraud by the other party to the suit I, the losing party did not know the evidence and was prevented from having a fair opportunity to present them upon the trial. My property has been repeatedly lost in retaliation and there is no available adequate post deprivation remedies. This is atypical and substantial hardship in relation to ordinary incidents of prison life in 3 yards and no inmate is subjected to this in a 3 yard except me. This type of conduct does not happen in 3 yards. *199 Ariz. 222, CV11-0195*

**EXHAUSTION**

I exhausted my remedies by appealing to the Director.

**COUNT SIX**
**VIOLATION OF SPOILATION TORT**
**This Count Relates To LEGAL ACCESS**

### SUPPORTING FACTS

97. The conduct of ADOC has been continuous and hence pursuant to Page v United States, 729 F.2d 81, 821 and n 21 (D.C. Cir. 1984) Selby v Caruso, No 13-1248 (6th Cir. 10/31/13) this court has jurisdiction and this is timely. These events arose in 2000 and are continuing. The attachment to the April 26, 2016 Erwin e.mail which I saw for the first time in Jul 2016, confirm a September 2008 Johnson memo that evidence be destroyed. E.mails, attachments, phone calls recorded by ADOC show the following for  It is ADOC policy to destroy e.mails and documents which they know from their experience is potential evidence.  *Compair  Para 89.*

98. ADOC records all  employee phone calls  and these are 801(d)(2) statements they destroy.

99. ADOC and Corizon destroy all drafts and original electronic documents pursuant to DO 102, and Corizon's electronic records policies, and these are 801(d)(2) evidence.  *E'mails  Prove  This.*

100.     Corizon and ADOC have pursuant to these policies destroyed evidence as to counts one through five. E.Mails, memos, reports as to the matters in this complaint have been destroyed.

101.     Defendant  Ryan  as ADOC Policymaker and Johnson, Flatt, Nolan, Waker, Myers, Witty, Orr, Bowers , policymakers of Corizon  are aware that these are evidence, that their employee actions are frequently under litigation, that these records are frequently requested during litigation, are likely to be used in litigation.

102.     La Raia v Superior Court,  722 P.2d 286 (1986) requires the party that causes the injury to affirmatively aid the injured party. Defendants duty to preserve arises under the due process clause,  their knowledge of prospective  litigation  and  avoid  liability  for  constitutional  torts.  Their  conduct  is  intentional.  There  is reasonable probability the destroyed evidence would be averse to them and favorable to the plaintiff, as evidenced by the non destroyed materials.

103.     Flatt, Nolan, Walker, Myers, Witty, Orr, Bowers ,Ryan, Carter, Morrissey, Rogers, Klausner and Corizon aware that these 801(d)(2) evidence is regularly destroyed have intentionally refused to advise the courts these evidence are routinely destroyed and to enjoin the practice.  *Flayes , E'mails Prove This*

**104.**     Brnovich refused to promulgate appropriate policies to ensure that evidence is not destroyed.

### INJURY

105.     Evidence favorable to me as to counts 1 to 5 have been destroyed.

### EXHAUSTION

I exhausted my remedies by appealing to the Director grievance AO3042016

### COUNT SEVEN
### VIOLATION  OF FOURTEENTH AMENDMENT
### This Count Relates To Equal Protection
### SUPPORTING FACTS

106.     E.mails, attachments, phone calls recorded by ADOC show the following:

107.     Defendants Corizon, Williams, Burciaga, Johnson, Grafton, Armenta, Martinez, Porter, Lyons, Smith-Whitson,  Bedoya,  Days,  Jacobs,  Han,  Erwin,  Respicio-Moriarity,  Dossett,  Richardson,  Crabtree,  Valencia, Robertson, Carter,  , Morrissey, Rogers,  Klausner , Ryan, Erwin, Daryl Johnson, Pachecho  Johnson, Flatt, Nolan, Waker, Myers, Witty, Orr, Bowers , and each of them in violation of Village Of Willowbrook v Olech, 528 U.S. 562, 564-65 (2000) Aliciea v Howell, 387 F. Supp. 2d 227 (W.D.NYK 2005) intentionally singled me out causing me to be denied the same or similar treatment, as all other inmates similarly situated and without any rational basis.  *E'mails  Prove  This*

108.     They singled me out because I have filed grievances, challenged their actions and policies in court, and publicized their actions against me. They do not treat other inmates who engage in similar activities in the

same manner. Carter directed defendants not to follow their own regulations when it involves me and made special regulations. They directed them to engage in the constitutional torts in counts one to six.

109.    They concealed from the courts that Prednisone alters the immune system and prevents RAST, though the Chief Clinical Officer of Corizon advised them of this and the Arizona Medical Board initiated disciplinary proceedings against Williams.

110.    They directed employees to act contrary to prison regulations causing constitutional torts in counts one to six. It is ADOC policy to destroy e.mails and documents which they know from their experience is potential evidence.    COMPLR  PARA 89.

111.    Brnovich refused to promulgate appropriate policies to ensure that persons are not singled out.

**112.**    They acted pursuant to ADOC and Corizon's policies to single out those who challenge them and their policies.

### INJURY

113.    I have been singled out as set forth in counts one through six. This is atypical and substantial hardship in relation to ordinary incidents of prison life in 3 yards and no inmate is subjected to this in a 3 yard except me. This type of conduct does not happen in 3 yards.

### EXHAUSTION

I exhausted my remedies by appealing to the Director grievance AO3042016

### COUNT EIGHT

### DECLARATORY JUDGEMENT

114.    I ASK FOR DECLARATORY RELIEF THAT DEFENDANTS VIOLATED MY RIGHTS AS SET FORTH IN COUNTS ONE THROUGH SEVEN

### INJURY

115    I HAVE BEEN SINGLED OUT, DENIED TREATMENT FOR SERIOUS MEDICAL NEEDS, HAD MY RELIGIOUS RIGHTS VIOLATED, RETAILIATED AGAINST BEEN A VICTIM OF LITIGATION FRAUD

### EXHAUSTION

I HAVE EXHAUSTED MY REMEDIES.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

I DEMAND A JURY TRIAL, DAMAGES OF $1,000,000 PER COUNT PER DEFENDANT PROVIDE ME DIET, MEDICAL CARE, UNDO THE WRONGS THEY COMITTED, COSTS, FEES AND OTHER RELIEF

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6