Anant Kumar Tripati
102081 Box 5000
Florence, Az 85132




United State Court of Appeals
Ninth Circuit

| Anant Kumar Tripati vs. Verizon Inc | CIV 16-00282 DCB Notice of Appeal Doc 64 |
|---|---|

I File this notice and State:

Destruction

I have stated Defendants Destroyed my Records Hence I Am unable to give exact Dates. [Ex A]

Relitigation

I have stated clearly that April 20, 2016 e.mail attachment - that I never Previously saw - shows Res judicata and Collateral Estoppel do not apply. [Ex A]

(1) Leave to Stay and Amend should have been granted as the Documents (Page 3 lines 6-8) are Relevant, as they show

ADOC has known of these violations and continues

(2) The Court should have allowed me to file the Fifth Amended Complaint. I had to have it typed in Australia and sent in. I could have asked them to correct the point - font. I had asked and they failed (Doc 14 page 4 line 1 to 6 line 7)

(3) The Court should not have dismissed my medical Diet claim [Page 13 line 14 to 18 line 15) [Ex B]

On 8/28/14 the Diet was ordered and it is being not followed. The issue is continuous. This order was made after Judge Tashima decided CV11-0195

(3) Medication. In no uncertain terms I stated meds have been prescribed every 8 hours and East Unit cannot give this every 8 hours (Page 19 line 18 to 20 line 6)

(4) I have identified the condition for which I am denied seeing specialists. For my shakes, tremors and Related condition (Page 20 line 7-8).

(5) I clearly state ETS ~~for~~ claims that we are being forced to breathe second hand smoke (Page 20 line 17 to 22 line 28)

(6) I state that 8/28/14 after Judge Tashima's order it was ordered I can eat a Vegetarian Diet and ADOC Refuses to give this to me As it is against their policy. I state that As a Hindu I cannot eat meat. As such my Religion claims should not have been

Dismissed (Page 23 line 1 to 24 line 18)

(9) I have stated that DR. McQueen ordered I get meds every 8 hours and that my transfers have been in Retaliation for grievances and litigation. The Court said this is not enough to state a claim for Retaliation (Page 25 line 23 to 27 line 6)

The Court states Denial of access to medical Books Does not state a Retaliation claim. However, I cannot state enough medical Facts without this information (Page 27 line 5 to 28 line 8)

The Court states I did not state that any of Brnovich's subordinates directed ADOC STAFF to engage in torts. (Page 28 line 10 to 16) I state this

I state clearly that Lawrence

As Retaliation ordered I not be allowed to continue with Distance learning. [Ex D]

(8) The Court is incorrect. I state that on April 26, 2016 Erwin sent a email to Will Brennan that I had never seen and attachment to that e-mail shows Record were destroyed and forged. This was per Judge Tashima's order (Page 32 line 24 to 33 line 15)

(9) I clearly Describe the Forgery (line 16 - Page 33 to 34 line 2) I also state that All these tickets were manufactured (Page 34 line 3 to 25)

(10) I state that my property was lost and Defendants that I allege, Directed I not be paid (Page 34 line 26 to 35 line 9) [Ex A] [See Ex C on Continued Retaliation]

(11) I have clearly stated evidence was falsified and concealed and a July 2016 attachment to the e-mail supports this. I outline the scheme used by Defendants to destroy and conceal evidence (Page 35 line 10 to 38 line 5) Ex

## Conclusion

I ask for leave to appeal.

Respectfully

[signature]

1/26/18

— A —

**HOLBROOK, SARAH**

**From:** ADAMS, TIM
**Sent:** Tuesday, July 19, 2016 1:43 PM
**To:** HOLBROOK, SARAH
**Subject:** RE: question

Hi Sarah,

Central Office IT controls all that stuff, so I wouldn't know. But I do know that by default the system is configured to delete e-mails that are 90 days or older (so that must be the law), at which time it goes in the Deleted Items for 14 days, and then it's removed from there. I do know it's not required to archive e-mails, so there wouldn't be any requirement for how long to keep it if you choose to do so. Staff that have lawsuits against them have their accounts put on litigation hold where nothing is to be deleted, but other than that, 90 days+14 in Deleted and then they're gone.

Thanks,

Tim Adams
Systems/LAN administrator
IT Department
Arizona State Prison Florence Complex
(520) 868-4011 x25053
tadams1@azcorrections.gov

This email contains information that is intended only for the person(s) to whom it is addressed. If you receive this communication in error, please do not retain it or distribute it and notify the sender immediately.

---

**From:** HOLBROOK, SARAH
**Sent:** Tuesday, July 19, 2016 1:21 PM
**To:** ADAMS, TIM <TADAMS1@azcorrections.gov>
**Subject:** question

I have an inmate that is involved in all sorts of grievances and legal actions. His most recent complaint has to do with the policy/procedure of our email system.
I've scanned through the DO policies but have not found what I'm looking for. I'm trying to find if there is anything that states how long we are suppose to archive emails, etc.
He states in his resolution of policy/procedures, that DOC is not to destroy emails. He claims that they are public information.
Can you tell me where I should be looking.

Thank you,
COIII S. Holbrook
ASPC-F-East Unit
Programs / Grievance Coordinator
520-868-4011, 8, ext. 25354



ARIZONA DEPARTMENT OF CORRECTIONS
Arizona State Prison Complex-Tucson

MEMORANDUM

To: Property file

From: Armando Aguilar, Deputy Warden, ASPC-Tucson/ Cimarron

Date: December 30, 2008

Subject Tripati #102081

The following documents have been provided from inmate Tripati's personal paperwork to replace missing items in his property file. This is in resolution to grievance # 08-C11-109 and all documents shall be considered valid.

Deputy Warden Aguilar

CC Captain Grewe

Lt. Johnson
COIVs'

17 years Original Records destroyed and

Reconstructed upon Request of AD's office Charles

RYAN has overturned the Reconstruction

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance Appeal

Denied to I/m 1-27-09 Em

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received by: [illegible]
Title: CO [illegible]
Badge #: 5410
Date: 12/29/08

PLEASE PRINT

| Inmate's Name (Last, First, M.I.) | ADC No | Date |
|---|---|---|
| TRIPATI ANANT K | 102081 | 12/24/08 |

| Institution | Case Number |
|---|---|
| CZ3 | 08-C11-109 |

TO: DEPUTY WARDEN ARMANDO AGUILAR

I am appealing the decision of CO IV T. BARTUCCIO for the following reasons

THE CO IV CONFIRMS MOST OF THE ORIGINAL DOCUMENTS - WHICH DOCUMENTS ARE EVIDENCE OF FALSIFICATION OF EVIDENCE - BY ADOC STAFF AT THE BEHEST OF ADC LEGAL DARYL JOHNSON AND ASSISTANT ARIZONA ATTORNEY GENERAL MICHAEL BRODSKY; PAUL CARTER; KELLEY J. MORRISSEY; SUSANNA PINEDA; MICHAEL O'TOOLE SEE PP2.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| [signature] | 12/24/08 | COIV Bartuccio | 12/29/08 |

Response To Inmate By: Deputy Warden Aguilar

Location: Cimarron Unit

In reviewing your file as noted by COIV Bartuccio you are missing documents. The only way to resolve this is to make the copies you have and replace the missing documents.

| Staff Signature | Date |
|---|---|
| [signature] | 1/22/09 |

DISTRIBUTION
INITIAL: White & Canary - Grievance Coordinator
Pink - Inmate
FINAL: White - Inmate
Canary - Grievance File

for inmate
Tripati
102081

ARIZONA DEPARTMENT OF CORRECTIONS
EYMAN COMPLEX - COOK UNIT

MEMORANDUM

To: Sam Sublett, Deputy Director

From: Regina Martinez, Associate Deputy Warden

Date: May 8, 2006

Subject: Inmate Tripati #102081

ADW Romwebber of Barchey Unit spoke to D.W. Arnold; CO IV Tucker and CO III Bullock regarding this inmate. She informed them Legal Access Monitor Johnson; Asst. Atty. Gen. Brodsky and Carter want inmate to be denied legal access and Cook Unit would be the ideal place for this.

Upon her request staff seized and destroyed inmate's property. We have also restricted inmate's legal mail, legal calls; legal copies and special visits.

Mr. Johnson and Carter spoke to CO III Bullock and upon their request she altered the property documents. We have shut the inmate out of the grievance process.

Librarian Ruboyianes did not intend to harm the inmate when he made statements to other inmates. He however should have known better.

Legal Access Monitor Johnson and Attorney General Assistants Brodsky and as well as Carter are calling unit staff to take actions against this inmate. Staff act upon requests they make. They do not make similar requests for action against other inmates.

ARIZONA DEPARTMENT OF CORRECTIONS

MEMORANDUM

Date: December 20th, 2006

TO: John Gotiveros, Warden Eyman Complex

FROM: [signature]

SUBJECT: Report and Recommendation Anant Tripati #102081

At your request, I conducted an investigation. After interviewing a number of staff members and reviewing the documentation listed, I offer the following conclusions and recommendations.

1. The Inmate Letter Responses and other documentation support the contents of the Information Reports. However, there is a gap in continuity because of undocumented oral and informal communications between staff members and the Attorney General's Office and the judicial officers who those staff members consulted. Had the Department required staff members to record such contacts (e.g., a memorandum containing date and substance of conversatio[n]) it would not have been possible for anyone to falsify or destroy official records without leaving [a] trail we could follow to the source.

2. Policy allows inmates to keep a box full of religious articles, including books. Policy also allows inmates to have an unlimited number of books for educational purposes and, as well, ready access to compact disks, computers, printers, vid[eo] [illegible] such. However, policy restricts the number of law books an inmate may have and absolute[ly] [illegible] any computer [acces]s for doing legal work. Although records show inmate Tripati was [granted] an exception to this policy for his law books, records also show Deputy Warden Arnold [refused to] honor the agreement at the Cook Unit. This disparity needs to be addressed.

3. After inmate T[ripati] [petitioned] the courts for a contempt order, CO III Bullock altered his property records. [This] was done at the direction of Daryl Johnson and Paul Carter.

4. I can see where CO IV Tucker and/or Deputy Warden Arnold were responsible for denying inmate Tripati's requests to call his attorney by telephone. However, nowhere in the documentation I reviewed could I find what their reasons were. If the Department is going to deny an inmate contact with his or her attorney, a record must be kept to show that there was a legitimate reason for infringing on the attorney-client privilege (for example, institutional security).

5. Just as detailed records must be kept with regard to legal telephone calls, records must be kept, just as meticulously, to show why an inmate's access to his stored legal materials or to the mails is being restricted. Although inmate Tripati's complaints are numerous, I cannot find any documented reason given why staff would have been legitimately restricting inmate Tripati's legal mail or denying him access to his legal materials. This is a widespread problem. I would suggest that the problem be investigated further as to all inmates at the Cook Unit.

6. It seems to me that inmate Tripati's complaints against Victor Roboyianes were dismissed out of hand, without any investigation whatsoever. Any time a staff member endangers the safety of an inmate by labeling him a "snitch", a full inquiry must be made. The incident of which inmate Tripati complains did not happen between only him and Roboyianes, but involved other inmates. The absence of any witness statements from any of these inmates tells me that the matter was not investigated – that inmate Tripati's complaint was dismissed upon Roboyianes' denial of any wrongdoing. Of relevance also would be a statement as to whether

Form: 80000000
Rev. 02/25/89



[initials]

ARIZONA DEPARTMENT OF CORRECTIONS

MEMORANDUM

Date: December 20th, 2006

TO: John Ontiveros, Warden Eyman Complex

FROM: [signature]

SUBJECT: Report and Recommendation About Tripati #102081

Rubayiones has a history of harassing or retaliating against inmates; but there was no such information provided. This lack of information suggests a cover-up.

7. I am also persuaded by the evidence (especially that from the handwriting expert) that Rubayiones lost inmate Tripati's legal documents. Why was the investigation terminated after Rubayiones denied losing them? Again the lack of investigation suggests a cover-up.

8. D.O. 802 says that the Inmate Grievance System is supposed to provide to the Department's inmates a timely administrative remedy to resolve complaints that "might otherwise unnecessarily burden the courts". A review of the grievances filed by inmate Tripati reveals that ~~he has consistently utilized the~~ grievance process to resolve his complaints. But a review of the responses to these grievances and appeals show a disturbing pattern of not resolving his complaints at the administrative level, almost as if no thought were being given to preventing the wave of litigation inmate Tripati is most capable of bringing. Again, this is a systemic [illegible]. I would suggest that all of inmate Tripati's Inmate Grievances be re[illegible]d and that [illegible] secondly, that the problem be investigated further as to all inmates at the Cook Unit. Cook Unit staff must not reject grievances filed by inmates [illegible] vehicle to cover up for staff.

Documents [illegible] for Report and Recommendation

Letters from Attorney, Mr. Frederick A. Romero
Letters from Dr. Aradhna Tripati
Letters from Mr. Glen Makiri
Letters from Mr. William Liebman
Letters from Mr. John Cohen
Declaration of Ms. Patricia Fisher, June 26, 2006
Information Reports, dated 10/29/99, 03/08/06
Inmate Letter dated 11/21/03 (with added note dated 11/06/04)
Inmate Letter Responses dated 11/17/03, 04/06/01, 04/25/01 and 11/19/97
File maintained by C.I.U.
File maintained by Deputy Wardens (Barchey and Cook Unit)
File maintained by Wardens (Lewis Complex and Eyman Complex)
File maintained by A.D.C.'s Legal Services
File maintained by Central Office
98 E-Mails between A.D.C. employees
145 E-Mails between A.D.C. staff and The Attorney General's Office
Grievance Records



Form: 80000000
Rev. 02/25/89

Attachment 7

# ARIZONA DEPARTMENT OF CORRECTIONS

## Office of Legal / Legislative Services

Dora Schriro, Director

PHONE: (602)542-1532
FAX: (602)542-4240



To: Lisa Sterling Wahlin / Asst. Atty Gen. Fax (602) 542-7670

From: [signature]

Date: August 3rd, 2004

Subject: Our Conversation about Trapati # 102081; CV99-20757; 01-18741; 02-14210; 02-15874

Affidavits submitted by staff do not include grievances filed on property loss by inmates as Ms. Morrissey did not want that information. Responding staff did not approve or read the discovery responses. All info. requested in the discovery has been destroyed. Staff destroyed the information as they were informed by Judge Reinstein, Martin and Schwartz that they will not be held liable. Property gets lost very often. Trapati's property was lost by staff. I believe the tape and 80 pages were intentionally destroyed. Documents presented by Trapati are Authentic. I have spoken to Judge O'melia today.

Attachment 8

# ARIZONA DEPARTMENT OF CORRECTIONS

## MEMORANDUM

CONFIDENTIAL

To: EYMAN COMPLEX WARDEN / ONTIVEROS

From: SPECIAL ASSIGNMENT / GARCIA [signature]

Date: OCTOBER 24 2006

Subject: TRIPATI 102081

HIGH PROFILE I\M, SED 2044, TRUSTED BY MOST STAFF\ INMATE REFUSED INTERVIEW

DEPT. RECOMMENDED PAYMENT FOR PROPERTY, LEGAL MATERIALS, AND EVIDENCE LOST INTENTIONALY BY STAFF. I/M FILED LAWSUITS, CV1999-20757; CV2002-14210; CV2002-15874. MARICOPA JUDGES REINSTEIN, SCHWARTS, MARTIN REQUESTED EVIDENCE BE DESTROYED. A.G. OFFICE, LEGAL SERVICES HAD STAFF CREATE/DESTROY EVIDENCE, SUBMIT FALSE AFFIDAVITS.

I/M CHALLENGING USE OF FALSE EVIDENCE AND CREATION/DESTRUCTION. MOVED FROM L06-A14 BY ADW ROMWEBER ON REQUEST OF DARYL JOHNSON. A14 ENGAGED IN MISCONDUCT IN FILED/REJECTED GRIEVANCES. I/M KNOWN TO RESOLVE ISSUES W/O GRIEVANCES.

I\R'S 5/27/99; 10/29/99; 1/20/01; 4/9/01; 3/18/06. I\M LETTER\ RESPONSE 11/21/03; 11/17/03; 4/6/01; 4/25/01; 11/19/97 WRITTEN BY STAFF. CORRECTLY OUTLINE EVENTS. SUPPORTED BY FAXES, E-MAILS, MEMOS, NOTES, AIMS.

TO AVOID BEING NAMED IN LAWSUITS STAFF SCRIBBLE I\D'S; DO NOT COMPLETE FORMS IN ANY STANDARD MANNER [SEE DECLARATION OF M. PATRICIA FISHER JUNE 26, 2006]. LEAVE MAIL IN I\M'S HOUSING AREA WHEN I\M NOT IN.

TRIPATI HAS SUBSTANTIAL ASSISTANCE FROM FAMILY, FRIENDS, AND MAINTAINS A WEBSITE.

DOCUMENTATION SHOWS COVERUP BY GROUPS OF MARICOPA JUDGES WITH ASSISTANCE FROM THE A.G. OFFICE, LEGAL SERVICES, CIU. SOMEONE WITH CLOUT BEING PROTECTED. A.G.'S OFFICE WANTS NO HEARING/DISCOVERY

ARIZONA DEPARTMENT OF CORRECTIONS

MEMORANDUM

TO: Terry L. Stewart, Director

FROM: Frank Johnson, RMI

DATE: January 12, 2000

SUBJECT: Anant Kumar Tripati v State Of Arizona (CV#99-20757)

I have concluded after further investigations into the allegations made by inmate Tripati, ADC # 102081 regarding the loss of 80 pages, a tape with two witness interviews, 9 boxes, fan, typewriter, and other materials and have made the determination that this inmate must be compensated for the loss. The Superior Court denied the Rule 32 filed by the inmate as he was unable to produce the 80 pages and tape lost by the Department.

The Attorney General's Office must settle inmate Tripati's claims ASAP. This case is especially serious because the evidence lost, prevents the inmate from obtaining his release from custody and there are no duplicates available.

As the State has lost the tape and 80 pages plus the other items of property, the Department must do all it can to ensure the inmate obtains the necessary hearing in his Rule 32 without the 80 pages and tape because the inmate was not at fault in this matter.

cc: Darla Elliott, Warden, ASPC-Perryville
Inmate Tripati # 102081

RECEIVED
JAN 21 2000
ARIZONA STATE PRISON
PERRYVILLE

48

ARIZONA DEPARTMENT OF CORRECT

MEMORANDUM

47

TO: Terry L. Stewart, Director

FROM: [signature] ccis

RECEIVED
NOV 29 1999
ARIZONA STATE PRISON
PERRYVILLE

SUBJECT: Tripati, Anant Kumar #102081

DATE: 24 Nov. 1999

Tripati, Anant Kumar #102081

I have reviewed the claims made by I/m Tripati reviewed documents interviewed staff and inmates in the process. The Dept. did in fact lose th 80 pages 9 boxes interview tape typewriter fan and clothes. I contacted the County Attorneys Office and also the AG's Office regarding this matter. They are concerned as they believe I/m Tripati may be released if the matter is not resolved as soon as possible.

Too many inmates are losing their property/legal materials in the Santa Cruz Unit. Inmates Palomino 120586 / Radley 137770 / Minehart 133002 / Monroe 133337 / Ekmanis 56522 have lost their legal materials/property. This is because responsible staff are not handling legal materials/property in accordance with policy. As the Dept. has lost I/m Tripatis property he should be reimbursed. When I interviewed the inmate I got the distinct impression the inmate would settle the matter if some sort of letter is mailed to the proper courts explaining the loss and replacing the lost items. I think such a letter should be sent by Warden Elliott or CO IV Gabbert as the inmate feels these two people have been very fair towards him and CO III Gilbert tried to coverup. If this is not settled soon it may prove to be very fatal for the Dept.

cc: C. J. Neese ASPC Perryville Business Office [illegible]

# ARIZONA STATE DEPARTMENT OF CORRECTIONS
## Offender Operations

## MEMORANDUM

TO: John Ontiveros, Complex Warden, Eyman

FROM: Sam Sublett, Division Director, Offender Operations

DATE: March 29, 2006

SUBJECT: Inmate Tripati # 102081

As discussed you are correct Legal Services: Monitor Legal Access Daryl Johnson and the Attorney General's Staff have personal issues with this inmate. Due to the issues the interest of the Department is compromised.

Inmate Tripati is allowed to keep his typewriter . The Department allows inmates to use typewriters if they have a medical need. Inmates are allowed use of computers for education.

Inmate is allowed to have his family purchase typewriter supplies; a replacement typewriter; ribbons and other legal supplies.

These items may be sent as legal mail.

This approval can only be overturned if the Director or I give a written directive.

The approval is valid for the duration of the inmate's confinement.

ARIZONA DEPARTMENT OF CORRECTIONS
INMATE LETTER

Rec'd 11/4/03

PRINT OR TYPE — NO ATTACHMENTS

| Name | ADC # | Date | Institution/Unit |
|---|---|---|---|
| Anant Kumar Tripati | 102081 | Nov 21, 2003 | Barchey/6F1 |

SUBJECT: Property Issues

TO INDIVIDUAL: Warden William Gaspar LOCATION: Complex

PLEASE DESCRIBE YOUR PROBLEM OR QUESTION COMPLETELY: Staff at CDU lost my property and I grievance L06-163-001 which I won. However, the State did not offer me any compensation for lost property because staff wrote the wrong unit. The AG says I was offered compensation. C you check this please. I understand that every mail and property that comes into ADC is che for contraband. The AG says that in every shakedown, you people check, by removing covers, f contraband. I have been here since 1994 and have never seen this done. Why? Can you please review these documents and tell me whether they are the same documents signed by Mr. Woolse and Stewart? If I must contact someone else, please tell me, who. Thanks.

Tripati you were denied compensation in 163-001 because staff wr the wrong unit. This happens frequently when staff work in other units, but not there assigned units. [illegible] was advised of this fact. As the issue is in [illegible] we can do nothing. Everything [illegible] mail; and prop is inspected for contraband [illegible] Do not open appliances and search them contraband during searches. [illegible] contraband is found the item is seized and forfeited to the state. My investigation leads me to conclude the document dated April 26, 2002 and notarized April 25th, 2002 in CV 2001-00[illegible] not the same document the Director signed. The documents in CV 2002-14710 sig by DW Woolsey on 15th JAN 2003 and Director Stewart on 10-30-02 [illegible] not the same documents signed by Susanna C. Pineda. [signature]

[signature]
Inmate Signature

HAVE YOU DISCUSSED THIS WITH INSTITUTION STAFF? [ ]YES [ ]NO

If yes, give the staff member's name ____________

– B –

# Arizona Department of Corrections




1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: TRIPATI, ANANT    ADC No.: 102081    Case Nos.: C14-119-014

Institution: ASPC-TUCSON/MANZANITA    Date Received: November 5, 2014

I have reviewed your Grievance Appeal in which you state that "ADOC has refused to give me my diet" that was ordered by the Chief Medical Officer of Corizon.

Your grievance appeal has been investigated including a review of your medical records. Based on our findings, your appeal is denied. The reasons for this decision are:

1. Our review shows that on 8/28/14, you met with Corizon's Medical Director (Dr. S. McQueen) concerning your diet issues. You were subsequently issued a No Gluten Diet/Allergy Diet. We have confirmed that this diet order has been implemented. As to your request for a Hindu Diet/Vegan Diet, this is a religious diet and is under the purview of the Chaplain; therefore, it will not be addressed within this response. You are advised to discuss your request for a religious diet with the Chaplain assigned at your facility.

2. Please submit a Health Needs Request (HNR) if you have additional issues or concerns which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

Charles L. Ryan, Director    1/27/15 Date

cc: Facility Health Administrator, ASPC-Tucson
C.O. Inmate File

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Restricted Diet Order**

☐ New ☐ Change ☐ Reissue

Health Care Providers and Senior Chaplains ordering restricted diets will complete, sign and date the Restricted Diet Order Form. The HAP or Senior Chaplain will retain their portion of the form and ensure the form is placed in the inmate's records with the remaining portion of the order form forwarded to the

| Inmate Name (Last, First M.I.) TRIPATI ANANT | | ADC Number 102081 | |
|---|---|---|---|
| Institution/Facility/Unit MAN | Housing Assignment 5B 15L | Start Date 9-2-14 | Expiration Date NONE |

**MEDICAL DIETS**

- ☐ Dental/Mechanical Soft Diet (Easy to chew/swallow)
- ☐ Clear Liquid Diet
- ☐ Full Liquid Diet *(Automatically expires in 5 days)*
- ☐ Liquid Supplements
- ☐ Controlled Protein Diet
- ☐ Long-term Full Liquid Diet *(Automatically expires in 8 weeks - supplement required)*
- ☐ Wasting Syndrome
- ☐ Chemotherapy Diet
- ☑ ~~No~~ Gluten Diet
- ☐ Pregnancy
- ☐ Renal/Dialysis Diet
- ☑ ~~Allergy~~ Diet

NO DAIRY, NO WHEAT, NO NUTS (PEANUT) NO SOY, NO BEANS

ON PREDNISONE

☐ Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers

☐ am snack ☐ mid-day snack ☐ am snack

☐ Other: PATIENT DOES NOT REQUIRE RAST TESTING I have documented [illegible] from prev testing

☐ (Restricted medical diets not defined in the ADC Diet Reference Manual may be ordered only with the approval of the Medical Director of Health Services or designee with the following approving authority Signature.

Approving Authority Signature: ____________________

**RELIGIOUS DIETS**

HINDU

☐ Lacto Vegetarian Diet *(Allows milk and milk products)* ☐ Kosher Diet Plan Vegan Diet only

**NOTICE TO INMATE** - *Medical Diets take precedence over Religious Diets. If a medical condition exists that is contraindicated by the Religious Diet, the Medical Diet will supersede it. Inmate will be removed from the diet roster for non-compliance when five (5) meals are missed in seven(7) calendar days, or when the inmate requests removal in writing. Inmates are to receive only the prescribed religious/medical diet and each inmate is responsible for his/her restricted diet and compliance to their diet.*

**MEDICAL** - I understand the terms and conditions of this diet.

| Inmate's Signature [signature] | Date 9/1/14 | Comments This clinic [illegible] of Consultant review and [illegible] interviewed patient Directly |
|---|---|---|
| Approved by: [signature] Sylvia McQueen MD | Date 8.28.14 | |

**RELIGIOUS** - I understand that if I miss 5 meals in 7 days I may be removed from this diet for 6 months. Second violation will result in a 12 month suspension.

| Inmate's Signature | Date | Comments |
|---|---|---|
| Approved by: | Date | |

**DIET IS BEING DISCONTINUED DUE TO:** Date

DISTRIBUTION Initial - Originator - Top portion of form only, Food Service Liaison - Remaining form - Diet Card Only

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Restricted Diet Card**

| Inmate Name | ADC Number | Expire Date |
|---|---|---|
| | | |

- ☐ Dental/Mechanical Soft (Easy to chew/swallow
- ☐ Clear Liquid
- ☐ Full Liquid
- ☐ Liquid Supplements
- ☐ Controlled Protein
- ☐ Long Term Full Liquid
- ☐ Wasting Syndrome
- ☐ Chemotherapy
- ☐ Gluten Free
- ☐ Pregnancy
- ☐ Renal Dialysis
- ☐ Allergy Diet

☐ am Snack ☐ mid-day snack ☐ bedtime Snack

Prescribed snack consisting of: 6 saltine crackers or 3 graham crackers

☐ Other:

☐ Lacto Vegetarian Diet *(Allows milk and milk products)*

☐ Kosher Diet Plan

**Food Service Verification**

Physician's or Chaplain's Signature [signature] Date 8.28.14

912-3
5/15/08




# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|---|---|---|---|---|---|
| 458 | Tripati | 102081 | 15C14028 | Tucson | Manzanita |

In your grievance filed at Manzanita Unit, you are requesting a policy change that allows you to receive a medical and religious diet at mealtimes.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. You are currently on a medically ordered diet for food allergies. The medical diet cannot coexist with a vegan diet, as the vegan diet contains items to which you claim to be allergic. Therefore, as long as you remain on the medical diet, you cannot receive a vegan diet.

Your request for a policy change is denied.

No further action is warranted in this matter.

CC: Warden, Tucson Complex

H.R.

**Appeals Officer**

**Charles L. Ryan, Director**

8/18/15
**Date**

received 8/20/15
delivered 8/20/15

**FEDERAL PUBLIC DEFENDER**
**District of Arizona**
**850 W. Adams, Suite 201**
**Phoenix, Arizona 85007**

**JON M. SANDS**
**Federal Public Defender**

**602-382-2700**
**(Fax) 602-382-2800**
**1-800-758-7053**

May 4, 2016

Greg Fizer, Warden
ASPC-Florence
P.O. Box 629
Florence, AZ 85132

***Re: Anant K. Tripati #102081***

Dear Warden Fizer,

I represent Mr. Tripati regarding a possible international prisoner transfer. Mr. Tripati was recently transferred to your complex from ASPC Tucson. While Mr. Tripati was at the Tucson complex he was being treated by medical for various issues. He is currently taking a regiment of twelve (12) medications. One of these medications needs to be administered every eight hours.

It is my understanding that your medical facility is only staffed twelve hours per day, and does not have the capability to give him this medication as necessary. Consequently, Mr. Tripati has been suffering seizures, high blood pressure, and is feeling ill. I recognize that his medical care is under the direction of the ASPC medical staff. I bring this to your attention because of his health issues. He did receive his medication where he was at the Tucson complex. Perhaps arrangements can be made to give him his medication here.

If you have any questions or concerns, please do not hesitate to contact me at the number listed above.

Sincerely,

JON M. SANDS
Federal Public Defender
District of Arizona

JMS:kl

cc: Anant Tripati

EPARTMENT OF CORREC IONS

evance - GF Supplement

| Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| RAPATI, ANANT | 102081 | ASPC-Tucson / Manzanita | 12-C14-051 |

This is a response to your Inmate Grievance dated 3/15/12 which was received in the Tucson Inmate Health Services office 4/10/12. Your grievance is in regard to medication adjustments being process as recommended by the outside provider and not receiving them on a consistent basis.

Your concerned has been reviewed and determined that the outside provider recommended changes to your medication. The D.O.C provider reviewed those changes and you were placed on provider line to be evaluated. You were seen by the D.O.C provider on 3/16/12 and your Gabapentin was increased to 900mg every six hours as needed, and your Senna was increased to two tablets twice a day. You have consistently been receiving your Gabapentin since 1/23/12, with your dose increase on 3/16/12. You have consistently been receiving your Senna since 1/16/12, with your dose increase on 3/16/12.

The D.O.C provider makes the final determination on the amount and what medication inmates are to be prescribed.

HV/al

YOU MAY APPEAL THIS DECISION TO THE DIRECTOR BY REQUESTING APPEAL FORM GF-2.

[13909]

RECEIVED
AUG 02 2012
ASPC - Tucson
Health Services

| Signature | Date |
|---|---|
| [signature] | 4/20/12 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

Discharge Summary

TRIPATI, ANANT K
MRN #: 897486 Account #: 9071467
DOB: 01/16/1954

DISCHARGE MEDICATIONS: We are sending the patient home on the following: He is going on pantoprazole 40 mg daily for the next 4 weeks, fluconazole 200 mg daily for a total of 2 weeks, and he is on day 2 at the hospital, finasteride 5 mg p.o. daily, lovastatin 10 mg daily, senna 8.6 mg p.o. daily, gabapentin 900 mg p.o. every 6 hours, doxazosin 1 mg p.o. daily, multivitamin, ferrous sulfate 325 mg b.i.d., Os-Cal and vitamin D 500 mg 2 tabs b.i.d., and Zofran 4 mg every 6 hours p.o. p.r.n. nausea and emesis.

DISCHARGE INSTRUCTIONS: The patient is instructed if he is not recovering as expected or develops chest pain, worsening shortness of breath or further hematemesis that he contact his health care provider. Followup is with Dr. Trowers with GI in 4 weeks for EGD at 874-2000, and with Dr. Robinson at the DOC.

Dictated by: Ashley Salomon, M.D. for Paul Hicks, M.D.

**This is not a final report until signed by the Provider.**

This job is signed electronically online.

Paul C Hicks, M.D.
I saw and evaluated the patient. Discussed with resident and agree with resident's findings and plan as documented in the resident's note. 1/12/2012 3:18:30 PM

cc: *Dr. Robertson at the DOC

ATI AS/kp D: 01/11/2012 15:42:36 T: 01/12/2012 14:19:33 J: 132513848



THE UNIVERSITY OF ARIZONA MEDICAL CENTER



PHYSICIAN ORDERS

ORDS

| DON'T USE | U or IU | Q.D. | Q.O.D. | Trailing zero (X.0 mg) | Lack of leading zero | MS, MSO4, or MgSO4 | ug | AS, AD, or AU | OS, OD or OU |
|---|---|---|---|---|---|---|---|---|---|
| USE | unit | daily, q day, or q dose | every other day or every other dose | X mg | 0.X mg | morphine sulfate or magnesium sulfate | microgram or mcg | left ear, right ear, or each ear | left eye, right eye, or each eye |

Date

Time (Military Time)

Chief Complaint (CC): (Reason for test or service, ICD-9 codable) 1. Post EGD 2. 3.

Allergies: PCN, Soy, Wheat, Peanuts, beans Wt. 142 Lbs

CC#

Attending Physician: Banerjee Copies to:

MRN 16937898
TRIPATI, ANANT K
DOB 01/16/1954 58 Y Sex M
AHCCCS-ARIZONA
Attd Phy BANERJEE BHASKAR

2/15/12 0910 — Gabapentin 900mg PO every 6 hours
— Plavix 75 mg PO every morning

(1) Can start Gabapentin today
(2) Resume Plavix on 2/18/12.

[signature]

Orders noted by Jan Morgan RN 2/15/12 0940
[signature]

[signature] 3/16/12

RECEIVED AUG 02 2017 ASPC - Tucson Health Services

Laura S. Brown, M.D.

## CONSULTANT REPORT

(TO BE COMPLETED BY CONSULTANT)

IM LAST, FIRST, # TRIPATI ANANT 102081

AUTHORIZATION # 50874 APPOINTMENT DATE 2/13/2012

APPT LOCATION & TIME Dr. Tan,Luis 10:30:00 AM REF PROVIDER Robertson

Please Fax Dictated Report to Clinical Coordinator ASAP To: 520-664-7341

REASON FOR REFFERAL

DOC TYPE CODES AND DETAILS

Medical Tests (UNSPECIFIED) Allergy Consultation and Testing

Requested Comments

2/10/2012 8:38:43 AM, Update By Dominique Ogas
Comments:

2/3/2012 11:08:54 AM, Update By Diana Kerfoot
Comments:
I/M will need through workup for changing claims of food allergies, needs evaluation and testing as needed.

SUBJECTIVE FINDINGS CONSULTANT COMMENTS

[illegible handwriting]

ASSESSMENT DIAGNOSIS

[illegible handwriting] Allergy — Food (wheat, peanuts, shrimp, gluten, [illegible]) [illegible] RAD, Arthritis, HTN, [illegible]

PROPOSED TREATMENT PLAN

[illegible handwriting] ... Diet ([illegible] peanuts, [illegible] wheat, shrimp)

FOLLOW UP RECOMMENDED? NO [ ] YES [x] IF YES WHEN [illegible]

TELEMED? NO [ ] YES [ ]

IF TREATMENT PLAN REQUIRES HOSPITALIZATION ESTIMATED LENGTH OF STAY IS ____ DAYS AND ____ # OF FOLLOW UPS RELATED TO STAY

CONSULTANT NAME Luis S. Tan, M.D. SIGNATURE [signature] DATE 2/13/12





6




October 11, 2011

RECEIVED
AUG 0 2 2012
ASPC - Tucson
Health Services

Paul Bosseler, FNP-BC
ASPC-Tucson
P.O.Box 24400
Tucson, AZ 85734-4400

Re: TRIPATI, ANANT DOB: 01/16/1954

Dear Dr. Robertson:

Your patient Mr. Tripati was seen in a follow up visit today. He had been previously evaluated in this office by Praful Reddy, MD on 4/30/2010, with a complaint of intense paresthesias and pain in both feet. He was diagnosed as an idiopathic peripheral neuropathy. After that visit, he began taking Gabapentin 1200 mg t.i.d which he states gave him excellent relief. This medication was taken in this manner from August of 2010 to May 2011. He states that it was then decreased to 900 mg t.i.d., with the last dose earlier in the evening. This resulted in him having less coverage during the night when his paresthesias/pain seems more intense. He is seen at this time, stating that since his medication at the previous level worked quite well for him, he wanted to know if he could return to that dose level.

He has a second problem of benign essential tremor. Some years ago it had been recommended that because of this problem, that he has a typewriter. He is once again requesting assess to a typewriter.

He has not had any change in his status and no additional neurological problems.

Medications: Lovastatin, Omeprazole, Finasteride and Aspirin.

Physical exam: Vital Signs - Height: 69 in; Weight: 157lbs; Blood Pressure: 137/98, Pulse: 72bpm; Resting Respirations: 14. He is alert oriented and in no distress. Cranial nerve exam is unremarkable. He stands well and walks well straightaway, although he has leg restraints. He has arm restraints but has no difficulty using his arms. The deep tendon reflexes were normal in the upper and lower extremities bilaterally. There is no muscle weakness.

Re: Tripati, Anant Date: 10/11/2011

In summary, Mr. Tripati has a peripheral neuropathy. He has responded well to Gabapentin in the past, and wants better coverage in the night. I would suggest that initially, he continue Gabapentin 900 mg t.i.d., but with the last dose being taken later in the evening. If he has continued complaint, I would have no objection to him having the higher dose that he found most effective. As far as his second request is concerned, I am sure that he would appreciate whatever can be done to fulfill his request.

I trust this information to be of some benefit in your continued care of this patient. Please feel free to contact me should any further questions arise.

Sincerely,

Frederick T. Boulware, M.D.

RECEIVED

AUG 0 2 2012

ASPC - Tucson
Health Services

5B-15






1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: TRIPATI, ANANT ADC No.: 102081 Case No.: C14-~~109~~-012 (119)

Institution: ASPC-TUCSON/MANZANITA Date Received: September 19, 2012

I have reviewed your Grievance Appeal in which you state the change in the dosage, mode, and frequency of administration of your Gabapentin leaves you: 1) without medication for 17 hours causing you substantial pain; and 2) getting sick the way it is currently administered as dissolved in water.

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, the decision of the Wexford Complex Site Manager (C. Harris) is affirmed and your appeal is denied. The reasons for this decision are:

1. Review of your medical records indicates you were previously given Gabapentin three times a day and was recently changed to every 12 hours or twice a day. Although this medication is typically administered three times a day, it has a half life of 12-18 hours; therefore, twice a day dosing should provide sufficient level of medication in your blood for efficient and continuous control of your pain symptoms.

2. On May 17, 2012, the Department's Pharmacy & Therapeutics Committee decided that Gabapentin will only be dispensed in capsule form and ordered as watch swallow with powder of capsule placed in water. This will assure the safe administration of Gabapentin to appropriate patients. Since Gabapentin is water soluble, its time release action is not impacted.

3. Please submit a Health Needs Request (HNR) if you have additional medical concerns or needs which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

[signature]
Charles L. Ryan, Director

10/23/12
Date

cc: Wexford Complex Site Manager, ASPC-Tucson
C.O. Inmate File

Rec'd 11/6/12

 AA-27

# Arizona Department of Corrections



1601 WEST JEFFERSON
PHOENIX, ARIZONA 85007
(602) 542-5497
www.azcorrections.gov



JANICE K. BREWER
GOVERNOR

CHARLES L. RYAN
DIRECTOR

## MEDICAL GRIEVANCE APPEAL: TO THE DIRECTOR

Inmate Name: PREECS, RANDALL ADC No.: 142748 Case No.: C14-117-012

Institution: ASPC-TUCSON/MAZANITA Date Received: October 1, 2012

I have reviewed your Grievance Appeal in which you state that you have not been able to see a provider regarding the change of dosage to your Gabapentin.

Your Grievance Appeal has been investigated including a review of your medical records. Based on our findings, the decision of the Wexford Complex Site Manager (C. Harris) is affirmed and your appeal is denied. The reasons for this decision are:

1. Review of your medical records indicates you were previously given Gabapentin three times a day; this was recently changed to every 12 hours or twice a day. Although this medication is typically administered three times a day, it has a half life of 12-18 hours; therefore, twice a day dosing should provide sufficient level of medication in your blood for efficient and continuous control of your symptoms.

2. As for the other issues raised in your Grievance Appeal, per Department Order 802, you need to attempt to solve them informally and follow the grievance process before filing an appeal.

3 Please submit a Health Needs Request (HNR) if you have additional medical concerns or needs which you wish to discuss with a medical provider.

This response concludes the medical grievance process per Department Order 802.11 Medical Grievance.

By [signature]
Charles L. Ryan, Director

10/23/12
Date

cc: Wexford Complex Site Manager, ASPC-Tucson
C.O. Inmate File

WILMERHALE

**Kathy Pomeroy**

+1 202 663 6952 (t)
+1 202 663 6363 (f)
kathy.pomeroy@wilmerhale.com

August 15, 2017

Warden Kevin Curran
Arizona State Prison Complex Florence
East Unit
P.O. Box 629
Florence, AZ 85132

Dear Warden Curran:

By appointment of the court, I represent Anant Tripati, ADC# 102081, in *Tripati v. Corizon Inc.*, No. 16-15598 (9th Cir.). I recently learned that clearly marked legal mail I sent to Mr. Tripati was opened by prison officials outside of his presence, in violation of Rule 902.11, part 1.4.2.1, which states that "[a]ll incoming mail, letters, memoranda, and documents, from an inmate's attorney or from a judge or court, shall be opened for inspection purposes in the presence of the inmate. Such incoming mail may be scanned in the conducting of an inspection for contraband, but shall not be read or censored by staff." For example, I sent a Federal Express envelope (tracking # 787401243853) to Mr. Tripati, with delivery accepted on August 3, 2017. Mr. Tripati informed me that he received this envelope after it had already been opened. He stated that this was not the first occasion on which he received pre-opened legal mail from me.

I ask that you respond to this letter to inform me what steps you will take to ensure that mail I send to Mr. Tripati in the future will be handled in accordance with prison rules. If violations of those rules persist, I expect to seek judicial redress.

Thank you,

Kathy Pomeroy

cc: Assistant Attorney General Paul E. Carter
Arizona Office of the Attorney General
416 West Congress St.
2nd Floor
Tucson, AZ 85701







12 Gough Square
London
EC4A3DW

Direct
44 (0)20 7665 5000 Main
44 (0)20 7665 5001 Fax



Our ref: JJC/SS

Private and Confidential

Mr Anant Kumar Tripati
In mate # 102081
PO Box 5000
Florence
Arizona
USA 85132

24 April 2017



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Mae Ackerman-Brimberg
Rana Anabtawi
Steven Fama
Alison Hardy
Sia Henry
Corene Kendrick
Rita Lomio
Margot Mendelson
Millard Murphy
Lynn Wu

# LEGAL MAIL - CONFIDENTIAL

July 31, 2017

Anant Tripati, ADC 102081
Florence - East
PO Box 5000
Florence, AZ 85132

Dear Mr. Tripati:

We saw that you filed a Notice of Retaliatory Actions with the court on 7/26/17. Among other things, you report that ADC is withholding your legal mail. We are very concerned by this report.

Have you tried to send us a letter this year? We have not received a letter from you. We sent a letter to you on 7/24/2017. Did you receive that letter? I am enclosing a prepaid envelope you can use to write us back.

I also am enclosing some general information on legal may that may be useful to you.

We wish you the best, Mr. Tripati. Take care.

Sincerely,

[signature]

Tania Amarillas
Litigation Assistant under Rita Lomio

Mr. Tripati,
We did receive a letter from you on 7/31/17. If you have filed grievances for your medication issues, please send us copies. Take care.
—PLO

to the Courts; Hayes v. Idaho Corr. Ctr., 849 F.3d 1204
ı v. Penzone, 849 F.3d 1191 (9th Cir. 2017); Nordstrom v.
2017); SASE

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE




| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|---|---|---|---|---|---|
| 883 | Tripati | 102081 | A03050017 | Florence | East |

In your grievance filed at the East Unit, you claim staff is opening your legal mail from your attorney outside your presence. You further assert that there is nothing in Department Order 902 that requires you to receive legal correspondences and/or legal material from your attorney's current law firm location in Los Angeles. Your resolution is to stop opening your legal outside your presence.

Your grievance appeal has been reviewed at Central Office and the Deputy Warden's response is affirmed. The only approved legal mail from Attorney Romero shall have his Los Angeles California address. No other address will be accepted as legal mail and will be returned to sender with a notice to you stating this fact. This office finds no negligence on behalf of the mailroom staff.

No further action is warranted in this matter.

cc: Warden, Florence Complex

cd

Appeals Officer

Charles L. Ryan, Director

09/26/2017
Date

EAST UNIT
SEP 27 2017
GRIEVANCE COORDINATOR

5

Complaint

APPROVAL OF DISTANCE LEARNING MATERIALS/ARRANGEMENTS

Inmate Name: Tajeeti, Arrat DOC#: 102081
Please Print

School/College/University Name: University of London

| Course Name | Course# | Section# | Start Date | End Date |
|---|---|---|---|---|
| ongoing | | | | OPEN |

Current Student X YES ______ NO If yes, program enrolled in ______________

Please circle all of the following that are required for your course based on the information contained in the course catalog or textbook list.

1 = Audio Cassette
2 = Teleconferencing
3 = Video Cassette
4 = Calculator
5 = Computer disk
Type ______________

6 = In Person Orientation
7 = In Person Lab
8 = Televised Lecture
9 = Lab Kit (Contents______________
______________)

If your class requires one or more of these items, indicate below the arrangements that have been made for them (i.e., location of access, person supervising access, times, etc.).

Approved to continue taking correspondence courses from Univ. of London and related books and supplies

INMATES SIGNATURE:

Name (Please Print): Arrat Tajeeti DOC #: 102081 Signature/Date: [signature]

APPROVAL OF CEPS/CEPM/EDUCATION COORDINATOR

Name (Please Print): Louise Hardy Title: CEPS Signature/Date: L Hardy 6/19/13

APPROVAL OF WARDEN/DEPUTY WARDEN (if receipt of item requires approval as per DO 909, Mail/Property and Stores)

Name (Please Print): Walter Hensley Title: ADW Signature/Date: [signature] 4/3/14

THIS FORM MUST BE FILLED OUT FOR EACH CLASS YOU ARE REGISTERING FOR.

approved New P-Nego 4/25/14